**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| Santana Bryson and Joshua Bryson, | ) | |
| as Administrators of the Estate of | ) | |
| C.Z.B., and as surviving parents of | ) | |
| C.Z.B., a deceased minor, | ) | Case No. 2:22-CV-017-RWS |
| | ) | |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| Rough Country, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT MOTION TO AMEND THE SCHEDULING ORDER

Plaintiffs and Defendant in the above-styled action, pursuant to Local Rule 26.2B, file this Consent Motion to Extend Discovery showing the Court as follows:

## INTRODUCTION

Pursuant to Local Rule 26.2B and the Court's Order on outstanding discovery disputes [Doc. 57], the parties seek an extension from this Court to allow the parties to: (1) complete discovery; and (2) prepare the case for trial.

## STATEMENT OF FACTS

This products liability lawsuit arises from a rear-end collision on March 15, 2020. Plaintiffs allege that they were traveling west on Ga-2/US-76 in Fannin County with their two-year-old son C.Z.B., who was restrained in a forward-facing

child seat behind Ms. Bryson.   At approximately 11:15 p.m., while sitting at a stoplight at a complete stop, their 2008 Ford Escape was rear-ended by Hunter Elliott in his 2016 Ford F250.  Sadly, C.Z.B. was killed in the collision.

A Rough Country suspension lift kit was installed on Elliott's Ford F250. Plaintiffs allege – and Rough Country denies – that Rough Country is strictly liable and was negligent in designing, developing, assembling, manufacturing, marketing and selling the lift kit installed on the Ford F250 driven by Elliott.  *See* Complaint. Plaintiffs further allege – and Rough Country denies – that the lift kit raised the suspension on the Ford F250 driven by Elliott to a degree that violates Georgia law and is above the factory recommendations for the Ford F250.  *Id*.  Additionally, Plaintiffs allege – and Rough Country denies - that Rough Country failed to give adequate warnings related to the lift kit.  *Id*.

On December 12, 2022, the Court entered a Consent Scheduling Order. *See* [Doc. 38].  The Court's Consent Scheduling Order provides deadlines for fact discovery, expert witness disclosures, expert witness depositions, dispositive motions, other motions, and preservation depositions.

The parties have exchanged written discovery and started completing depositions. However, after the entry of the Scheduling Order, the parties had several discovery disputes, some of which required the Court's intervention. The Court

entered an order resolving the outstanding discovery issues on April 25, 2023. [Doc. 57]. In that order, the Court indicated it was "amenable" to the parties' request to extend discovery and instructed the parties to confer and file a motion to amend the prior scheduling order.

## ARGUMENT AND CITATION OF AUTHORITY

Matters pertaining to discovery are committed to the sound discretion of the District Court. *Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) (citing *Patterson v. U.S. Postal Serv.,* 901 F.2d 927, 929 (11th Cir. 1990)). This includes broad discretion in controlling pretrial procedures. *See Nat'l Distillers & Chemical Corp.,* 666 F.2d 492, 497 (11th Cir. 1982).

The parties have diligently pursued written discovery. Given several outstanding matters in written discovery that required supplemental disclosure and judicial intervention, the discovery process has been unexpectedly delayed. For that reason, the parties jointly request that the Court extend all deadlines contained in the current Scheduling Order by four months.

## **CONCLUSION**

Based on the foregoing, Plaintiffs and Defendant respectfully request the Court enter the attached Proposed Order, which extends all discovery deadlines contained in the current Scheduling Order by four months.

This 13th day of June, 2023.

**PREPARED AND SUBMITTED BY:**

CANNELLA SNYDER LLC


*/s/ Tedra L. Cannella*
Tedra L. Cannella
Georgia Bar No. 881085
Robert H. Snyder, Jr.
Georgia Bar No. 404522
Devin L. Mashman
Georgia Bar No. 257588
315 W Ponce de Leon Ave, Suite 885
Decatur, GA 30030
tedra@cannellasnyder.com
rob@cannellasnyder.com
devin@cannelllasnyder.com
Phone: 404-800-4828
Fax: 404-393-0365
*Attorneys for Plaintiffs*

**CONSENTED TO BY:**
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL


*/s/ Aaron B. Chausmer*
Richard H. Hill
Georgia Bar No. 354425
Claire C. Murray
Georgia Bar No. 225885
Lindsay G. Ferguson
Georgia Bar No. 140970
Aaron B. Chausmer
Georgia Bar No. 119998
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
Phone:  404-876-2700
Fax:   404-875-9433
smooney@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
*Attorneys for Defendant Rough
Country, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *CONSENT MOTION TO EXTEND DISCOVERY* was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 13th day of June, 2023.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*_____
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*