# EXHIBIT "3"

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>　　Plaintiffs,<br><br>v.<br><br>Rough Country, LLC,<br><br>　　Defendant. | Case No. 2:22-CV-017-RWS<br><br>JURY TRIAL DEMANDED |

## DEFENDANT ROUGH COUNTRY, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUESTS TO ADMIT

Rough Country, LLC ("Rough Country"), named as a Defendant herein, responds to Plaintiffs' Second Requests to Admit as follows:

## REQUESTS FOR ADMISSION

1.

Please admit that Rough Country sold the lift kit to a Georgia resident.

**RESPONSE: Rough Country admits that the lift kit was sold to Will Holloway and delivered to Mr. Holloway at 1515 Ada Street, Blue Ridge, Georgia, 30513. Despite reasonable inquiry, Rough Country does not have**

**sufficient knowledge to either admit or deny whether Mr. Holloway was a Georgia resident at the time he purchased the lift kit.**

2.

Please admit that Rough Country shipped the subject lift to a Georgia address.

**RESPONSE: Admitted.**

3.

Please admit that Rough Country sells vehicle lifts to all 50 states, regardless of the applicable laws in those states.

**RESPONSE: Rough Country objects to this Request to the extent that it is vague, ambiguous, and argumentative in its use of the phrase "regardless of the applicable laws in those states." Subject to and without waiver of said objections, Rough Country admits that it sells lift kits to all 50 states and instructs owners to comply with applicable state laws, if any. Beyond that, the remaining allegations are denied.**

4.

Please admit that Rough Country sells 4.5" lifts for 2016 Ford F-250s in all 50 states, regardless of the applicable laws in those states.

**RESPONSE: Rough Country objects to this Request to the extent that it**

2

**is vague, ambiguous, and argumentative in its use of the phrase "regardless of the applicable laws in those states." Rough Country admits that it sells 4.5" lift kits for 2016 Ford F-250s to all 50 states and instructs owners to comply with applicable state laws, if any. Beyond that, the remaining allegations are denied.**

5.

Please admit that the presence or absence of "Overload Springs" on a 2016 Ford F-250 has no effect on the height of the front bumper of the vehicle.

**RESPONSE:  Admitted.  Rear overload springs would have minimal to no impact on the height of the front bumper.**

6.

Please admit that Rough Country did not conduct any crash testing when designing the subject lift.

**RESPONSE:  Rough Country admits that it did not conduct vehicle crash testing during the design of the subject lift kit, as it is not a vehicle manufacturer.**

7.

Please admit that Rough Country did not conduct any sled testing when designing the subject lift.

3

**RESPONSE:  Rough Country admits that it did not conduct vehicle sled testing during the design of the subject lift kit, as it is not a vehicle manufacturer.**

8.

Please admit that Rough Country did not conduct any dynamic testing when designing the subject lift.

**RESPONSE:  Rough Country admits that it did not conduct dynamic testing when designing the subject lift kit, as it is not a vehicle manufacturer. Suspension modifications on straight axle vehicles such as the F-250 are time tested on hundreds of thousands of vehicles on the road utilizing the design and millions of miles traveled.**

9.

Please admit that Rough Country did not rely upon any crash testing performed by third parties when designing the subject lift.

**RESPONSE:  Admitted.**

10.

Please admit that Rough Country did not rely upon any sled testing performed by third parties when designing the subject lift.

**RESPONSE:  Admitted.**

11.

Please admit that Rough Country did not rely upon any dynamic testing performed by third parties when designing the subject lift.

**RESPONSE:  Denied.**

12.

Please admit that Rough Country did not consider that increased bumper height could cause lifted vehicles to override the bumpers of other vehicles in collisions when designing the subject lift.

**RESPONSE:  Rough Country objects to this Request to the extent that it is vague, ambiguous, and confusing in its use of the word "consider". Subject to and without waiver of said objections, Rough Country denies this Request as phrased.  By way of further response, Rough Country admits that it was aware the subject lift kit would increase the height of the bumper when the subject kit was designed.  To the extent it is implied in this Request, Rough Country denies that it is feasible to consider every possible bumper height combination and configuration for every lifted vehicle make and model and every non-lifted vehicle make and model in the context of considering the impact of potential bumper heights for every collision type, collision condition, and collision circumstance.**

13.

Please admit that Rough Country did not consider that increased bumper height could cause lifted vehicles to intrude into the occupant space of other vehicles in collisions when designing the subject lift.

**RESPONSE:  Rough Country objects to this Request to the extent that it is vague, ambiguous, and confusing in its use of the word "consider". Subject to and without waiver of said objections, Rough Country denies this Request as phrased. By way of further response, Rough Country admits that it was aware that vehicle collisions could potentially involve intrusion when the subject kit was designed.  To the extent it is implied in this Request, Rough Country denies that it is feasible to consider every possible bumper height combination and configuration for every lifted vehicle make and model and every non-lifted vehicle make and model in the context of considering whether increased bumper height could cause vehicle intrusion for every collision type, collision condition, and collision circumstance.**

14.

Please admit that a risk of increasing the bumper height of a vehicle is that the lifted vehicle could override the bumpers of other vehicles in a collision.

**RESPONSE:     Rough Country denies this Request as phrased.  By**

6

**way of further explanation, Rough Country objects to this Request because it poses an improper hypothetical, is vague and confusing and calls for speculation. Further, the request is objectionable because it is based upon an unfounded and improper assumption that increasing bumper height creates a "risk" of bumper override in every circumstance, regardless of the vehicle types involved or the conditions and characteristics of the collision involved, and that if bumper override does occur, that this always creates a "risk" to the passengers of the vehicles, again, regardless of vehicle types involved or the characteristics and conditions of the collision, which Rough Country denies.**

15.

Please admit that a risk of increasing bumper height of a vehicle is that the lifted vehicle could intrude into the occupant space of other vehicles in a collision.

**RESPONSE: Rough Country denies this Request as phrased. By way of further explanation, Rough Country objects to this Request because it poses an improper hypothetical, is vague and confusing and calls for speculation. Further, the request is objectionable because it is based upon an unfounded and improper assumption that increasing bumper height creates a "risk" of intrusion into the occupant space of other vehicles in every**

**circumstance, regardless of the vehicle types involved or the conditions and characteristics of the collision involved, and that if intrusion does occur, that this creates a "risk" regardless of vehicle types involved or the characteristics and conditions of the collision, which Rough Country denies.**

This 21st day of February, 2023.

|  |  |
|---|---|
|  | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC |
|  | */s/Claire C. Murray* |
|  | Richard H. Hill |
|  | Georgia Bar No. 354425 |
|  | Lindsay G. Ferguson |
| 3344 Peachtree Road, N.E. | Georgia Bar No. 140970 |
| Suite 2400 | Claire C. Murray |
| Atlanta, Georgia 30326 | Georgia Bar No. 225885 |
| 404-876-2700 |  |
| 404-875-9433 (fax) | *Attorneys for Defendant Rough Country, LLC* |

## CERTIFICATE OF SERVICE

This is to certify that I have electronically served the foregoing DEFENDANT ROUGH COUNTRY, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUESTS TO ADMIT via email to the attorneys of record:

TEDRA L. CANNELLA
tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
rob@cannellasnyder.com
RORY A. WEEKS
rory@cannellasnyder.com
DEVIN L. MASHMAN
devin@cannellasnyder.com
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

*ATTORNEYS FOR PLAINTIFFS*

This 21st day of February, 2023.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/Claire C. Murray*
Claire C. Murray
Georgia Bar No. 225885

*Attorneys for Defendant Rough Country, LLC*