# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| Santana Bryson and Joshua Bryson, | ) | |
| as Administrators of the Estate of | ) | |
| C.Z.B., and as surviving parents of | ) | |
| C.Z.B., a deceased minor, | ) | Case No. 2:22-CV-017-RWS |
| | ) | |
|   Plaintiffs, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| Rough Country, LLC, | ) | |
| | ) | |
|   Defendant. | ) | |

## DEFENDANT ROUGH COUNTRY, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS TO ADMIT

Rough Country, LLC ("Rough Country"), named as a Defendant herein, responds to Plaintiffs' Requests to Admit as follows:

## REQUESTS FOR ADMISSION

### 1.

Please admit that this Defendant has been properly served with process in this action.

**RESPONSE:  Admitted.**

2.

Please admit that this Defendant raises no defenses as to insufficiency of process in this action.

**RESPONSE: Admitted.**

3.

Please admit that Santana Bryson did nothing to cause this wreck.

**RESPONSE: Admitted.**

4.

Please admit that Joshua Bryson did nothing to cause this wreck.

**RESPONSE: Admitted.**

5.

Please admit that rear impact collisions are foreseeable.

**RESPONSE: Rough Country objects to Request 5 as it calls for a legal conclusion and is inconsistent with the purpose of Rule 36 to limit issues for trial. Subject to and without waiving its objections, Rough Country admits that it has knowledge of a possibility that any vehicle on the road might be involved in a rear impact collision with another vehicle. Answering further, Rough Country states that, upon information and belief, it is highly unusual to have a circumstance where a drunk driver travelling roughly 50 mph rearends a**

**stationary vehicle, like what happened in this case.**

6.

Please admit that rear impact collisions at speeds in excess of 55 miles per hour are foreseeable.

**RESPONSE:  Rough Country objects to Request 6 as it calls for a legal conclusion and is inconsistent with the purpose of Rule 36 to limit issues for trial. Subject to and without waiving its objections, Rough Country admits that it has knowledge of a possibility that any vehicle on the road might be involved in a rear impact collision with another vehicle at speeds in excess of 55 miles per hour.  Answering further, Rough Country states that, upon information and belief, it is highly unusual to have a circumstance where a drunk driver travelling roughly 50 mph rearends a stationary vehicle, like what happened in this case.**

7.

Please admit that Rough Country designed the subject lift kit.

**RESPONSE:  Admitted.**

8.

Please admit that Rough Country manufactured the subject lift kit.

**RESPONSE:  Rough Country admits that the subject lift kit is a Rough**

**Country lift kit.  Answering further, Rough Country states that it does not manufacture all of the component parts of its lift kits as many of these components, or potentially all of the components, are fabricated by third party suppliers.**

9.

Please admit that Rough Country marketed the subject lift kit.

**RESPONSE:  Admitted.**

10.

Please admit that Rough Country sold the subject lift kit.

**RESPONSE:  Admitted.**

11.

Please admit that Rough Country designed the subject lift kit to raise the height of a Ford F250's suspension by six inches.

**RESPONSE: Denied.  Based on Rough Country's single visual inspection of Hunter Elliott's vehicle (during which Rough Country was not allowed to disassemble or uninstall the components of the lift kit), Rough Country believes that the subject lift kit was a 4.5" lift kit.**

12.

Please admit that it was foreseeable to Rough Country that a vehicle, such as Hunter Elliot's Ford F250, would strike the back of an unlifted car, such as the Brysons' Ford Escape.

**RESPONSE:  Rough Country objects to Request 12 as it calls for a legal conclusion and is inconsistent with the purpose of Rule 36 to limit issues for trial. Subject to and without waiving its objections, Rough Country admits that it has knowledge of a possibility that any vehicle on the road, including Hunter Elliott's Ford F250, might be involved in a rear impact collision with another unlifted vehicle such as the Brysons' Ford Escape.  Answering further, Rough Country states that, upon information and belief, it is highly unusual to have a circumstance where a drunk driver travelling roughly 50 mph rearends a stationary vehicle, like what happened in this case.**

13.

Please admit that Rough Country performed no tests of any kind on the subject lift kit before selling it.

**RESPONSE:   Responding to Request 13, Rough Country denies the Request on the grounds that it performed testing on lift kits and components of products of the same model prior to placing the subject lift kit on the market**

**for sale.**

14.

Please admit that from Rough Country's experience, Rough Country had notice that car occupants can be injured in a collision with a lifted vehicle.

**RESPONSE:  Rough Country admits that it has general knowledge that occupants of a vehicle can be injured in a collision with another vehicle, including lifted or unlifted vehicles, and depending on numerous variables such as driving conditions, traffic environment, driver characteristics, speed, load, and vehicle types.  Answering further, Rough Country states that it is only aware of one other incident occurring in the last ten years where an occupant of another vehicle *claimed* to be injured because a Rough Country lift kit had been installed on a separate vehicle.  Except as thus stated, any remaining assertions contained in Request 14 are denied.**

15.

Please admit that that from Rough Country's experience, Rough Country had notice that lifted vehicles can bypass (i.e., strike above) the frame rails and crash protection features of an unlifted car.

**RESPONSE:  Rough Country objects to Request 15 as argumentative and vague in its use of the terms "bypass" and "crash protection features."**

Subject to and without waiving its objections, Rough Country denies that lifted vehicles "bypass" "crash protection features" of unlifted vehicles. Rough Country admits that it has general knowledge of the possibility that any vehicle on the road – whether lifted or unlifted – has the potential to strike above the frame rails of an unlifted car, depending on numerous variables such as such as driving conditions, traffic environment, driver characteristics, speed, load, and vehicle types or height.  Answering further, Rough Country states that it is only aware of one other incident occurring in the last ten years where an occupant of another vehicle *claimed* to be injured because a Rough Country lift kit had been installed on a separate vehicle.   Except as thus stated, the remaining assertions contained in Request 15 are denied.

16.

Please admit that from Rough Country's own field examinations of auto wrecks, Rough Country had notice that a back seat occupant could be injured in a rear end collision with a lifted vehicle.

**RESPONSE:  Rough Country admits that it had general knowledge that a back seat occupant of a vehicle could be injured in a rear end collision with another vehicle, including lifted or unlifted vehicles, depending on numerous variables such as driving conditions, traffic environment, driver**

**characteristics, speed, load, and vehicle types. Answering further, Rough Country states that it is not aware of any incidents which occurred in the last ten years where it was alleged that a back seat occupant was injured in a rearend collision with a vehicle lifted by a Rough Country lift kit. Except as thus stated, the remaining assertions contained in Request 16 are denied.**

17.

Please admit that Rough Country has studied the problem of injuries caused to car occupants involved in collisions with lifted vehicles.

**RESPONSE: Denied. Answering further, Rough Country denies that there is a "problem of injuries caused in car accidents involved in collisions with lifted vehicles."**

18.

Please admit that Rough Country has been sued by a person alleging that he or she was injured when a lifted vehicle collided with their car.

**RESPONSE: Rough Country admits that there has been one accident in the last ten years resulting in a lawsuit against Rough Country in which a person claimed to have been injured by a vehicle that was lifted which collided with her vehicle.**

19.

Please admit that Rough Country has paid money to settle claims brought by a person alleging that he or she was injured when a lifted vehicle collided with their car.

**RESPONSE:  Rough Country objects to Request 19 on the grounds that it is not relevant to the issues in this case and is inconsistent with the purpose of Rule 36 to limit issues for trial.  Answering further, Rough Country states that there are many reasons why a company, or its insurance company, may decide to settle a claim.  It is not appropriate to draw an inference of culpability from the mere presence of a settlement.**

20.

Please admit that Rough Country has a special responsibility to people injured because of a safety defect in a Rough Country lift kit.

**RESPONSE: Responding to Request 20, Rough Country denies that there was a safety defect in the subject Rough Country lift kit. To the extent that this Request seeks further response, Rough Country objects as this Request is argumentative, misstates the requirements of Georgia law, and seeks a response to a hypothetical request.**

21.

Please admit that Rough Country agrees that its customers have a right to know when Rough Country has identified safety concerns with its lift kits.

**RESPONSE: Responding to Request 21, Rough Country denies that it has any safety concerns regarding the subject Rough Country lift kit. To the extent that this Request seeks further response, Rough Country objects as this Request is argumentative, misstates the requirements of Georgia law, and seeks a response to a hypothetical request.**

22.

Please admit that Rough Country agrees that United States citizens have a right to know when Rough Country has identified safety concerns with its lift kits.

**RESPONSE: Responding to Request 22, Rough Country denies that it has any safety concerns regarding the subject Rough Country lift kit. To the extent that this Request seeks further response, Rough Country objects as this Request is argumentative, misstates the requirements of Georgia law, and seeks a response to a hypothetical request.**

23.

Please admit that Rough Country should never put profits over the safety of people.

**RESPONSE:  Rough Country objects to this Request as it is inconsistent with the requirements of Rule 36 that requests for admissions relate to facts, the application of law to fact, or opinions about either and further is inconsistent with the purpose of Rule 36 to limit issues for trial.  Rough Country also objects on the grounds that this Request is argumentative and is an effort to advance improper Reptile Theory arguments in this case.  Rough Country further objects to this Request on the grounds that it is an improper characterization of Georgia product liability law.**

**Subject to these objections and without waiver of same, Rough Country admits that it is does not put profits over the safety of people.**

24.

Please admit that every human life is worth protecting from preventable injuries caused by design and manufacturing defects.

**RESPONSE:  Rough Country objects to this Request as it is inconsistent with the requirements of Rule 36 that requests for admissions relate to facts, the application of law to fact, or opinions about either and further is inconsistent with the purpose of Rule 36 to limit issues for trial.  Rough Country also objects on the grounds that this Request is argumentative and is an effort to advance improper Reptile Theory arguments in this case.   Rough Country**

**further objects to this Request on the grounds that it is a misstatement of Georgia product liability law concerning the standard applicable to design defect and manufacturing defect cases and is an improper hypothetical.**

25.

Please admit that if Rough Country knew it can take action to save a person from a preventable injury, it had a legal duty to do that.

**RESPONSE:  Rough Country objects to this Request as it is inconsistent with the requirements of Rule 36 that requests for admissions relate to facts, the application of law to fact, or opinions about either and further is inconsistent with the purpose of Rule 36 to limit issues for trial.  Rough Country also objects on the grounds that this Request is argumentative and is an effort to advance improper Reptile Theory arguments in this case.  Rough Country further objects to this Request on the grounds that it is a misstatement of Georgia product liability law concerning the duties applicable a product manufacturer and seeks a legal conclusion. Rough Country further objects to this Request as an improper hypothetical.**

26.

Please admit that if Rough Country knew it can take action to save a person from a preventable injury, it had a moral duty to do that.

**RESPONSE:  Rough Country objects to this Request as it is inconsistent with the requirements of Rule 36 that requests for admissions relate to facts, the application of law to fact, or opinions about either and further is inconsistent with the purpose of Rule 36 to limit issues for trial.  Rough Country also objects on the grounds that this Request is argumentative and is an effort to advance improper Reptile Theory arguments in this case.  Rough Country further objects to this Request on the grounds that it is a misstatement of Georgia product liability law concerning the standard applicable to design defect and manufacturing defect cases and is an improper hypothetical.**

This 26th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC

/s/Claire C. Murray
Richard H. Hill
Georgia Bar No. 354425
Lindsay G. Ferguson
Georgia Bar No. 140970
Claire C. Murray
Georgia Bar No. 225885

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
404-876-2700
404-875-9433 (fax)

*Attorneys for Defendant Rough Country, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have electronically served the foregoing DEFENDANT

ROUGH COUNTRY, LLC'S RESPONSES AND OBJECTIONS TO

PLAINTIFFS' REQUESTS TO ADMIT via email to the attorneys of record:

TEDRA L. CANNELLA
tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
rob@cannellasnyder.com
RORY A. WEEKS
rory@cannellasnyder.com
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

***ATTORNEYS FOR PLAINTIFFS***

This 26th day of September, 2022.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/Claire C. Murray*
Claire C. Murray
Georgia Bar No. 225885

*Attorneys for Defendant Rough Country, LLC*