# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| **NATALIE BACHO and** ) | |
| **STEPHEN BACHO, as Surviving** ) | |
| **Parents of A.B., a deceased minor,** ) | |
| ) | *Jury Trial Demanded* |
| **Plaintiffs,** ) | 3:14-cv-40-TCB |
| **v.** ) | **Case No.:**_____ |
| ) | |
| **ROUGH COUNTRY, LLC f/k/a** ) | |
| **HECKETHORN PRODUCTS, INC.** ) | |
| **d/b/a ROUGH COUNTRY** ) | |
| **SUSPENSION SYSTEMS and/or** ) | |
| **ROUGH COUNTRY,** ) | |
| ) | |
| **Defendant.** ) | |

### COMPLAINT

COMES NOW the Plaintiffs, Natalie and Stephen Bacho, as surviving parents of A.B., a deceased minor, by and through their undersigned counsel of record and show unto the Court the following:

### PARTIES JURISDICTION AND VENUE

1.     The Plaintiff, Natalie Bacho, is a resident of Coweta County, Georgia, and is the surviving mother of A.B., a deceased minor, who was fatally injured as a result of the occurrence complained of herein on December 22, 2012.  Plaintiff

RC-BRYSON 000472

Natalie Bacho is a proper party to bring this action pursuant to O.C.G.A. §§ 51-4-4 and 19-7-1(c)(2).

2.    The Plaintiff, Stephen Bacho, is a resident of Coweta County, Georgia, and is the surviving father of A.B., a deceased minor, who was fatally injured as a result of the occurrence complained of herein on December 22, 2012. Plaintiff Stephen Bacho is a proper party to bring this action pursuant to O.C.G.A. §§ 51-4-4 and 19-7-1(c)(2).

3.    Defendant Rough Country, LLC f/k/a Heckethorn Products, Inc. d/b/a Rough Country Suspension Systems and/or Rough Country ("Rough Country") is a Delaware corporation with its principal place of business in Tennessee, and does business throughout the United States, including the State of Georgia, for profit. At the time of the occurrence that is the basis of this action and for sometime prior thereto, defendant Rough Country solicited for sale and sold and installed its products, including lift kits, in the State of Georgia, including the Northern District of Georgia, and did business in the State of Georgia, including the Northern District of Georgia.   Rough Country does substantial and continuing business in the State of Georgia.   According to the website of the Georgia Secretary of State, despite conducting business in this state, Rough Country is not registered to do business in Georgia.   Rough Country's principal place of business is 1400 Morgan Road, Dyersburg, Tennessee, 38204, and it may be served at the same address.

2

RC-BRYSON 000473

4.      This Court has diversity jurisdiction over the claims in this complaint because the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states.  28 U.S.C. §1332(a)(1).

5.      Venue is proper in this Court pursuant to LR 3.1, N.D. Ga. and 28 U.S.C. §1391.

## STATEMENT OF FACTS

6.      On or about December 22, 2012, Plaintiff Natalie Bacho was operating her mini-van eastbound on Lower Fayetteville Road in Coweta County, Georgia.  At said time and place, Plaintiffs' decedent was seated in the third row of the Plaintiffs' vehicle on the driver's side.    As the Plaintiff Natalie Bacho proceeded through the intersection of Lower Fayetteville Road and Newnan Crossing Bypass, the vehicle she was operating was struck on the driver's side by a pick-up truck (the "subject truck") that was unable to stop at its red light.   The subject truck was unable to stop before entering the intersection because it was equipped with a Rough Country lift kit (the "subject lift kit") and oversized tires. The combination of the lift kit and oversized tires adversely affected the subject truck's braking capacity; therefore, it could not properly decelerate and stop before striking the Plaintiff's vehicle.  Due to the fact that the subject lift kit raised the height of the subject truck's front bumper, when the subject truck impacted the Plaintiff's vehicle, the side impact protection on the Plaintiff's vehicle was

3

overridden, causing the front bumper to intrude into the occupant compartment of the Plaintiffs' vehicle and strike the Plaintiffs' decedent, A.B., resulting in her fatal injuries.

7.     The subject lift kit was designed, developed, manufactured, marketed, distributed, and sold by Rough Country.  At the time of the occurrence made the basis of this lawsuit, the subject lift kit was in substantially the same condition as it was when manufactured and sold by Rough Country.

8.     At all material times, the subject lift kit was being used for the purpose and in the manner for which it was designed and sold.  The said lift kit was not reasonably safe when being so used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous when being so used.  The Defendant knew, or in the exercise of reasonable care should have known, that said lift kit was unreasonably dangerous to the human body when being so used in a foreseeable manner.

9.     As a direct and proximate result of the wrongful conduct of Defendant, Plaintiffs' decedent suffered fatal injuries. Plaintiffs' Natalie and Stephen Bacho, as surviving parents of A.B., a deceased minor, sue for the full value of the life of A.B. as disclosed by the evidence, all of which were proximately caused by the acts and omissions of the Defendant as herein described. Further, Plaintiffs seek punitive damages as set forth herein.

4

RC-BRYSON 000475

From:bradshaw ins.                17312855777           04/02/2014 11:29      #185 P.010/023

## COUNT ONE
## STRICT LIABILITY

10.    Plaintiffs adopt and reallege each and every factual allegation previously set forth in paragraphs 1 through 9 of this Complaint as if fully set out herein.

11.    Defendant Rough Country is the manufacturer of the subject lift kit, which is unreasonably and dangerously defective in its design and manufacture as marketed.  Rough Country is liable to the Plaintiffs on the basis of strict liability because it designed, manufactured, advertised, marketed, tested, inspected, furnished, sold and distributed the subject lift kit by placing it into the stream of commerce when it was neither merchantable nor reasonably suited for the use for which it was intended and was otherwise defective and unreasonably dangerous. In particular, the subject lift kit was defective and unreasonably dangerous because it not only requires the use of oversized tires, which adversely affects a vehicle's braking capacity and increases a vehicle's ride-height, causing the vehicle's bumper to override the side impact protection of a target vehicle, which causes intrusion into the target vehicle's occupant compartment during foreseeable side impact collisions.  In addition, the subject lift kit was in substantially the same condition as when manufactured, furnished, sold and/or distributed, and the

5

RC-BRYSON 000476

defective nature of the subject lift kit was the proximate cause of the fatal injuries

sustained by the Plaintiffs' decedent, A.B.

      12.    The subject lift kit and its component parts were in a defective and

unreasonably dangerous condition at the time of the aforesaid occurrence in that:

      A. The subject lift kit was improperly designed from a handling standpoint by requiring oversized tires which substantially increase pedal forces to achieve equivalent levels of deceleration in foreseeable collisions, and otherwise adversely affect the braking capacity of the vehicle on which it was installed;

      B. The subject lift kit was improperly and defectively designed due to the fact that it raised the ride-height of the vehicles on which it was mounted, making them incompatible with other vehicles, which causes the lifted vehicle to override the side impact protection of target vehicles and intrude into their occupant compartments, thereby substantially increasing the severity of injuries sustained by their occupants in foreseeable collisions;

      C. The subject lift kit and its component parts were defective due to the Defendant's failure to test or adequately test the subject lift kit and its component parts to ensure they were reasonably safe and suitable for their intended purpose and use, provide adequate stability and control, and not substantially increase the severity of injuries during foreseeable collisions with other vehicles by overriding their side impact protection;

      D. The subject lift kit and its component parts were defective due to inadequate or absent warnings and/or proper notice to alert suppliers and users regarding the hazardous conditions of the subject lift kit, as herein described, involving their use and operation;

      E. The subject lift kit was generally defective in its design, manufacture, testing, marketing, assemble and warnings.

6

RC-BRYSON 000477

13.   The unreasonably dangerous nature of the defects herein described created a high probability that the subject lift kit would cause or contribute to causing foreseeable collisions by decreasing a vehicle's braking capacity; thus, increasing a vehicle's stopping distance, making it unable to stop before colliding with other vehicles. Further, during said foreseeable collisions, the lifted vehicle would override the side impact protection of other vehicles, resulting in the loss of human life and/or severe and permanent personal injuries.  Rough Country knew of this risk prior to production and marketing of the subject lift kit and prior to the date of the occurrence that is the basis of this action and, in conscious disregard of the consequences, willfully, wantonly, and recklessly manufactured and sold the subject lift kit which caused the fatal injuries sustained by the Plaintiffs' decedent complained of herein.

14.   In the crash made the basis of this lawsuit, the subject truck failed to properly decelerate due to the subject lift kit. The subject lift kit incorporated the use of oversized tires, which increased the stopping distance for the truck, resulting in it crashing into the van in which Plaintiff's decedent was a passenger. The altered height of the subject truck, due to the Defendant's lift kit, made it incompatible with the van driven by Plaintiff Natalie Bacho at the time of the incident made the basis of this lawsuit, and caused the subject truck to override the side impact protection of the van in which Plaintiffs' decedent was a passenger. In

7

RC-BRYSON 000478

so doing, the truck's bumper was able to enter the occupant compartment of the van resulting in the fatal injuries to Plaintiffs' decedent.

15.    The risks of the subject lift kit inherent in its design greatly outweigh the utility of the subject lift kit's design.

16.    At the time and place of the occurrence made the basis of this lawsuit, the subject lift kit was being used for its ordinary intended and foreseeable purpose and in an ordinary, intended, and foreseeable manner, and it was foreseeable that Plaintiffs' decedent would be injured or killed while the subject lift kit was being used in such a foreseeable manner.

17.    The above described defects in the subject lift kit proximately caused the aforesaid incident and the fatal injuries suffered by A.B., and further caused A.B. to suffer pre-impact fright and shock.

### COUNT TWO
### NEGLIGENCE

18.    By this reference, Plaintiffs incorporate each and every factual allegation and averment set forth in paragraphs 1 through 9 of this Complaint as if they were fully set forth herein.

19.    Defendant Rough Country was negligent in the following respects in the design, manufacture, distribution, sale, advertising, and/or warning regarding the subject lift kit installed on the subject truck:

8

RC-BRYSON 000479

Case 3:14-cv-00040-TCB   Document 1   Filed 03/26/14   Page 9 of 15

A. Improper design of the subject lift kit from a handling standpoint by requiring oversized tires which substantially increase pedal forces to achieve equivalent levels of deceleration in foreseeable collisions, and otherwise adversely affect the braking capacity of the vehicle on which it was installed;

B. The subject lift kit was improperly and defectively designed due to the fact that it raised the ride-height of the vehicles on which it was mounted, making them incompatible with other vehicles, which causes the lifted vehicle to override the side impact protection of target vehicles and intrude into their occupant compartments, thereby substantially increasing the severity of injuries sustained by their occupants in foreseeable collisions;

C. Failure to test or adequately test the subject lift kit and its component parts to ensure they were reasonably safe and suitable for their intended purpose and use, provide adequate stability and control, and not substantially increase the severity of injuries during foreseeable collisions with other vehicles by overriding their side impact protection;

D. Failure to provide reasonable and adequate warnings and/or proper notice to alert suppliers and users regarding the hazardous conditions of the subject lift kit, as herein described, involving their use and operation;

E. The subject lift kit was generally defective in its design, manufacture, testing, marketing, assemble and warnings.

20.    At the time it manufactured the subject lift kit, Rough Country had a duty to exercise reasonable care in order to provide a safe product, and to manufacture the subject lift kit in such a condition that it would not create an unreasonable risk of injury, harm or death.

9

RC-BRYSON 000480

21.    Rough Country breached its duties, and its negligent conduct was a substantial contributing factor and proximate cause of the fatal injuries sustained by Plaintiffs' decedent.

22.    In the crash made the basis of this lawsuit, the subject truck failed to properly decelerate due to the subject lift kit. The subject lift kit incorporated the use of oversized tires, which increased the stopping distance for the truck, resulting in it crashing into the van in which Plaintiff's decedent was a passenger. The altered height of the subject truck, due to the Defendant's lift kit, made it incompatible with the van driven by Plaintiff Natalie Bacho at the time of the incident made the basis of this lawsuit, and caused the subject truck to override the side impact protection of the van in which Plaintiffs' decedent was a passenger. In so doing, the truck's bumper was able to enter the occupant compartment of the van resulting in the fatal injuries to Plaintiffs' decedent.

23.    As a direct and proximate result of Rough Country's negligent conduct was a proximate cause of the injuries and death of A.B., as well as the pre-impact fright and shock suffered by A.B.

## COUNT THREE
## PUNITIVE DAMAGES

10

RC-BRYSON 000481

24.    Plaintiffs adopt and reallege each and every factual allegation as previously set forth in paragraphs 1 through 9 of this Complaint as if fully set out herein.

25.    At the time Rough Country designed, tested or failed to test, and/or manufactured the subject lift kit, and at the time Rough Country placed the subject lift kit on the market and into the stream of commerce, it knew the subject lift kit was not reasonably safe when being used in a foreseeable manner. Specifically, it knew that the design of the subject lift kit required oversized tires, which substantially increase the pedal forces needed to achieve equivalent levels of deceleration in foreseeable collisions, and otherwise adversely affect the braking capacity of a vehicle. Further, the subject lift kit raises the ride-height of vehicles, making them incompatible with other vehicles in collisions, and causing them to override the side impact protection of target vehicles and increasing the severity of injury to those in the target vehicles.

26.    Rough Country's actions and conduct in the design, manufacture, assembly and sale of the subject lift kit were willful, wanton, malicious and/or reckless, and evidenced an entire want of care indicative of a conscious indifference to the consequences to the members of the general public, and to A.B., in particular, who would reasonably be expected to be affected by such actions and conduct of the Defendant.

11

RC-BRYSON 000482

27.   In the crash made the basis of this lawsuit, the subject truck failed to properly decelerate due to the subject lift kit. The subject lift kit incorporated the use of oversized tires, which increased the stopping distance for the truck, resulting in it crashing into the van in which Plaintiff's decedent was a passenger. The altered height of the subject truck, due to the Defendant's lift kit, made it incompatible with the van driven by Plaintiff Natalie Bacho at the time of the incident made the basis of this lawsuit, and caused the subject truck to override the side impact protection of the van in which Plaintiffs' decedent was a passenger. In so doing, the truck's bumper was able to enter the occupant compartment of the van resulting in the fatal injuries to Plaintiffs' decedent.

28.   As a result of the above, Rough Country is liable to the Plaintiffs for punitive damages in an amount to be determined by the jury at the trial of this case to punish and penalize such conduct and deter future similar conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, Natalie and Stephen Bacho, as the surviving parents of A.B., a deceased minor, pray and respectfully demand the following:

A. That summons issue and service be perfected upon the Defendant requiring defendant to be and appear in this Court within the time required by law and to answer this Complaint;

12

RC-BRYSON 000483

B. That the Plaintiffs, Natalie and Stephen Bacho, be awarded compensatory damages from the Defendant for the full value of the life of their daughter, A.B., in such an amount as may be shown by the evidence and determined by the jury;

C. That Plaintiffs, Natalie and Stephen Bacho, as the surviving parents of A.B., a deceased minor, be awarded punitive damages from the Defendant, in such amounts as may be shown by the evidence and determined by the jury in their enlightened conscience;

D. That the Defendant be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

E. That the Plaintiffs be granted a trial by jury of this cause; and

F. That the Plaintiffs be granted such other and further relief as this Court deems just and proper.

Respectfully submitted, this 26th day of March, 2014.

/s/C. Neal Pope
**C. Neal Pope**
Georgia Bar No. 583769
Attorney for Plaintiff
**POPE, McGLAMRY, KILPATRICK,
MORRISON & NORWOOD, PC**
The Pinnacle, Suite 925
3455 Peachtree, Road, N.E.
P.O. Box 191625 (31119-1625)

13

RC-BRYSON 000484

Atlanta, Georgia 30326-3243
(404) 523-7706
Fax: (404) 524-1648
E-mail: efile@pmkm.com

/s/Michael L. McGlamry
**Michael L. McGlamry**
Georgia Bar No. 492500
Attorney for Plaintiff
**POPE, McGLAMRY, KILPATRICK,
MORRISON & NORWOOD, PC**
The Pinnacle, Suite 925
3455 Peachtree Road, N.E.
P.O. Box 191625 (31119-1625)
Atlanta, Georgia 30326-3243
(404) 523-7706
Fax: (404) 524-1648
E-mail: efile@pmkm.com

/s/R. Timothy Morrison
**R. Timothy Morrison**
Georgia Bar No. 525130
Attorney for Plaintiff
**POPE, McGLAMRY, KILPATRICK,
MORRISON & NORWOOD, PC**
The Pinnacle, Suite 925
3455 Peachtree Road, N.E.
P.O. Box 191625 (31119-1625)
Atlanta, Georgia 30326-3243
(404) 523-7706
Fax (404) 524-1648
E-mail: efile@pmkm.com

/s/David C. Rayfield
**David C. Rayfield**
Georgia Bar No. 596706
Attorney for Plaintiff
**POPE, McGLAMRY, KILPATRICK,
MORRISON & NORWOOD, PC**

14

RC-BRYSON 000485

111 Bay Avenue, Suite 450
P.O. Box 2128 (31902-2128)
Columbus, Georgia 31901-2412
(706) 324-0050
Fax (706) 327-1536
E-mail: efile@pmkm.com

/s/Thomas P. Willingham
**Thomas P. Willingham**
Georgia Bar No. 235049
Attorney for Plaintiff
**LAW OFFICES OF THOMAS P.
WILLINGHAM, P.C.**
3800 Colonnade Parkway, Suite 330
Birmingham, Alabama 35243
Phone: (205) 298-1011
Facsimile: (205) 298-1012
E-mail: tom@tpwpc.com

## JURY DEMAND

Plaintiff hereby demands a trial by a struck jury for all issues involved in

this cause.

/s/Thomas P. Willingham
Thomas P. Willingham
Georgia Bar No. 235049
One of the Attorneys for Plaintiff

15

RC-BRYSON 000486

From:bradshaw ins.            17312855777            04/02/2014 11:28      #185 P.004/023

JS44 (Rev. 1/08 NDGA)                      **CIVIL COVER SHEET**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Natalie Bacho and Stephen Bacho, as Surviving Parents of A.B.,
a deceased minor

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF Coweta
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANT(S)

ROUGH COUNTRY, LLC f/k/a )
HECKETHORN PRODUCTS, INC. )
d/b/a ROUGH COUNTRY    )
SUSPENSION SYSTEMS and/or )
ROUGH COUNTRY,
COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND
E-MAIL ADDRESS)

C. Neal Pope
Pope McGlamry, Kilpatrick, Morrison & Norwood, P.C.
The Pinnacle, Suite 925
3455 Peachtree Road N.E.
Atlanta, GA 30326-3243
(404) 523-7706
efile@pmkm.com

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1. U.S. GOVERNMENT       ☐ 3 FEDERAL QUESTION
PLAINTIFF                     (U.S. GOVERNMENT NOT A PARTY)

☐ 2. U.S. GOVERNMENT       ☑ 4 DIVERSITY
DEFENDANT                     (INDICATE CITIZENSHIP OF PARTIES
                             IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| ☑ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ☐ 2 | ☐ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☑ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 ORIGINAL       ☐ 2 REMOVED FROM    ☐ 3 REMANDED FROM     ☐ 4 REINSTATED OR    ☐ 5 TRANSFERRED FROM    ☐ 6 MULTIDISTRICT    ☐ 7 APPEAL TO DISTRICT JUDGE
PROCEEDING            STATE COURT         APPELLATE COURT        REOPENED              ANOTHER DISTRICT        LITIGATION            FROM MAGISTRATE JUDGE
                                                                                       (Specify District)                              JUDGMENT

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. § 1332 (a) (1), The claims in the Complaint exceeds $75,000.00 and is between citizens of different states.

(IF COMPLEX, CHECK REASON BELOW)

☐ 1. Unusually large number of parties.                    ☐ 6. Problems locating or preserving evidence

☐ 2. Unusually large number of claims or defenses.         ☐ 7. Pending parallel investigations or actions by government.

☐ 3. Factual issues are exceptionally complex              ☑ 8. Multiple use of experts.

☐ 4. Greater than normal volume of evidence.               ☐ 9. Need for discovery outside United States boundaries.

☐ 5. Extended discovery period is needed.                  ☐ 10. Existence of highly technical issues and proof.

**CONTINUED ON REVERSE**

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT $_____ APPLYING IFP_____ MAG. JUDGE (IFP)_____

JUDGE_____ MAG. JUDGE_____ NATURE OF SUIT_____ CAUSE OF ACTION_____
                            (Referral)

RC-BRYSON 000487

Case 3:14-cv-00040-TCB   Document 1-1   Filed 03/26/14   Page 2 of 2

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK'**
- 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- 151 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- 110 INSURANCE
- 120 MARINE
- 130 MILLER ACT
- 140 NEGOTIABLE INSTRUMENT
- 151 MEDICARE ACT
- 160 STOCKHOLDERS' SUITS
- 190 OTHER CONTRACT
- 195 CONTRACT PRODUCT LIABILITY
- 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- 210 LAND CONDEMNATION
- 220 FORECLOSURE
- 230 RENT LEASE & EJECTMENT
- 240 TORTS TO LAND
- 245 TORT PRODUCT LIABILITY
- 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- 310 AIRPLANE
- 315 AIRPLANE PRODUCT LIABILITY
- 320 ASSAULT, LIBEL & SLANDER
- 330 FEDERAL EMPLOYERS' LIABILITY
- 340 MARINE
- 345 MARINE PRODUCT LIABILITY
- 350 MOTOR VEHICLE
- 355 MOTOR VEHICLE PRODUCT LIABILITY
- 360 OTHER PERSONAL INJURY
- 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- 365 PERSONAL INJURY - PRODUCT LIABILITY
- 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- 370 OTHER FRAUD
- 371 TRUTH IN LENDING
- 380 OTHER PERSONAL PROPERTY DAMAGE
- 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- 422 APPEAL 28 USC 158
- 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- 441 VOTING
- 442 EMPLOYMENT
- 443 HOUSING/ ACCOMMODATIONS
- 444 WELFARE
- 440 OTHER CIVIL RIGHTS
- 445 AMERICANS with DISABILITIES - Employment
- 446 AMERICANS with DISABILITIES- Other

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- 462 NATURALIZATION APPLICATION
- 463 HABEAS CORPUS- Alien Detainee
- 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- 510 MOTIONS TO VACATE SENTENCE
- 530 HABEAS CORPUS
- 535 HABEAS CORPUS DEATH PENALTY
- 540 MANDAMUS & OTHER
- 550 CIVIL RIGHTS - Filed Pro se
- 555 PRISON CONDITION(S) - Filed Pro se

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- 550 CIVIL RIGHTS - Filed by Counsel
- 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- 610 AGRICULTURE
- 620 FOOD & DRUG
- 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- 630 LIQUOR LAWS
- 640 R.R. & TRUCK
- 650 AIRLINE REGS.
- 660 OCCUPATIONAL SAFETY / HEALTH
- 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- 710 FAIR LABOR STANDARDS ACT
- 720 LABOR/MGMT. RELATIONS
- 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT
- 740 RAILWAY LABOR ACT
- 790 OTHER LABOR LITIGATION
- 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- 820 COPYRIGHTS
- 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- 830 PATENT

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- 861 HIA (1395ff)
- 862 BLACK LUNG (923)
- 863 DIWC (405(g))
- 863 DIWW (405(g))
- 864 SSID TITLE XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- 870 TAXES (U.S. Plaintiff or Defendant)
- 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- 400 STATE REAPPORTIONMENT
- 430 BANKS AND BANKING
- 450 COMMERCE/ICC RATES/ETC.
- 460 DEPORTATION
- 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- 480 CONSUMER CREDIT
- 490 CABLE/SATELLITE TV
- 810 SELECTIVE SERVICE
- 875 CUSTOMER CHALLENGE 12 USC 3410
- 891 AGRICULTURAL ACTS
- 892 ECONOMIC STABILIZATION ACT
- 893 ENVIRONMENTAL MATTERS
- 894 ENERGY ALLOCATION ACT
- 895 FREEDOM OF INFORMATION ACT
- 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- 950 CONSTITUTIONALITY OF STATE STATUTES
- 890 OTHER STATUTORY ACTIONS

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- 410 ANTITRUST
- 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ARBITRATION (Confirm / Vacate / Order / Modify)

(Note: Mark underlying Nature of Suit as well)

\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF CLASS ACTION UNDER F.R.Clv.P. 23   DEMAND S _____
- JURY DEMAND ☑ YES ☐ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY
JUDGE _____        DOCKET NO. _____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- ☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED. This case ☐ IS ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_____          3/26/14
SIGNATURE OF ATTORNEY OF RECORD                DATE

RC-BRYSON 000488