# EXHIBIT 6

# Citation



THE STATE OF TEXAS

To: Heckethorn Products, Inc. d/b/a Rough Country Suspension Systems
Registered Agent: Beth A. Dunn
1560 Pennell Lane
Dyersburg, TN 38024

Defendant, in the hereafter and styled and numbered cause 2010-CV-0172-A

YOU ARE HEARBY COMMANDED to appear before the 197th District Court of Willacy County, Texas to be held at the courthouse of said county in the City of Raymondville, Willacy County, Texas, by filing a written answer to the petition of plaintiff ____ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 2010-CV-0172-A styled, Javier and Martha Mendoza, et al vs. Martin Nieto, et al filed in said court on this the 26th day of April, 2010.

Plaintiff is represented by Aizar J. Karam, Jr. whose address is 820 South Main, McAllen, Texas 78501.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the
26th day of April, 2010.

Gilbert Lozano
District Clerk
of Willacy County Texas
546 West Hidalgo Ave.
Raymondville, Texas 78580

By _____
Deputy

NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Defendant's Copy

RC-BRYSON 005360

## Return of Citation

Came to hand on the _____ day of _____ 2010, at _____ o'clock _____.M.
*Executed at _____, within the County of _____,
at _____ o'clock ____.M. on the _____ day of _____ 2010, by delivering to the within
named _____, in person, a true copy of this
such petition to such copy of citation and endorsed on such copy of citation the date of
delivery.
*Not executed, the diligence used to execute being
_____;
for the following reason
_____, the
defendant may be found
_____.
fee for serving this citation $_____

**TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.**

_____
Signature of person serving citation
_____County Texas
By_____Deputy

**VERIFICATION**

State of Texas
County of _____
Before me, on this day personally appeared
_____, who being duly
sworn on his oath deposed and said that he is of sound mind, and in no matter interested in
the within styled and numbered cause, and competent to make the oath of the facts here in
stated, and that he has read the foregoing Return of Citation and that ever statement contained
therein is within his personal knowledge true and correct.


_____
Signature of authorized person serving citation

Subscribed and sworn to before me on _____, 2010 to certify which witness my hand and
official seal.


_____
Notary Public in and for

_____County, Texas

My commission expires: _____.

RC-BRYSON 005361

CAUSE NO. ~~CV-2010-0001~~ 2010-CV-0172-A

| | | |
|---|---|---|
| JAVIER AND MARTHA MENDOZA, INDIVIDUALLY AND AS NEXT FRIENDS OF DESIREE MENDOZA, AN INCAPACITATED ADULT AND JUSTIN MENDOZA, MINOR | § § § § § | IN THE DISTRICT COURT |
| VS. | § § | 197th JUDICIAL DISTRICT |
| MARTIN NIETO, INDIVIDUALLY AND D/B/A MNT, KATHY NIETO, MINOR, HECKETHORN PRODUCTS, INC. D/B/A ROUGH COUNTRY SUSPENSION SYSTEMS AND XTREME OFFROAD SUSPENSIONS BY PRECISION AUTOMOTIVE | § § § § § § § | WILLACY COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, JAVIER AND MARTHA MENDOZA, INDIVIDUALLY AND AS NEXT FRIENDS OF DESIREE MENDOZA, AN INCAPACITATED ADULT AND JUSTIN MENDOZA, MINOR, hereinafter Plaintiffs, and file this their Original Petition against MARTIN NIETO, INDIVIDUALLY AND D/B/A MNT AND KATHY NIETO, MINOR, HECKETHORN PRODUCTS, INC. D/B/A ROUGH COUNTRY SUSPENSION SYSTEMS AND XTREME OFFROAD SUSPENSIONS BY PRECISION AUTOMOTIVE, hereinafter Defendants, and would respectfully show unto this Honorable Court the following:

### I.
### PARTIES

Plaintiffs are residents of Willacy, Hidalgo County, Texas.

Defendant, Martin Nieto, is an individual residing at RR 2, Box 820, Raymondville, Willacy County, Texas 78580-9636 and may be served with process by serving his attorney, Osiris A. Gonzalez, 2100 S. Shary Road, Ste. 4, Mission, Texas 78572.



FILED
APR 26 2010

RC-BRYSON 005362

Defendant, Kathy Nieto, a minor child, is an individual residing at RR2, Box 820, Raymondville, Willacy County, Texas 78580-9636 and may be served with process by serving her attorney, Ryan Solis, 312 S. Closner, Edinburg, Texas 78539.

Defendant HECKETHORN PRODUCTS, INC. D/B/A ROUGH COUNTRY SUSPENSION SYSTEMS is a Tennessee Corporation doing business in Texas and may be served with process by serving its registered agent, Beth A. Dunn, 1560 Pennell Lane, Dyersburg, TN 38024.

XTREME OFFROAD SUSPENSIONS BY PRECISION AUTOMOTIVE is a business located in Harlingen, Cameron County, Texas and may be served with process by serving its owner, Mr. Joe Cantu, 1314 N 77 Sunshine Strip, Harlingen, TX 78550.

## II.
## DISCOVERY CONTROL PLAN

Plaintiffs hereby intend to conduct discovery under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure.

## III.
## VENUE

Plaintiffs would show the Court that venue over this proceeding is proper in Willacy County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code Ann. Section 15.002 because all or a substantial part of the events giving rise to the claim occurred in Willacy County, Texas and Defendants Martin Nieto and Kathy Nieto both reside in Willacy County, Texas. Thus, venue is proper in Willacy County, Texas.

## IV.
## BACKGROUND FACTS

On or about August 18, 2009, Desiree Mendoza was traveling west on Wood County Road approaching FM 1834 in Raymondville, Willacy County Texas. Plaintiff proceeded through the intersection when suddenly and without warning her vehicle was struck on the driver side door area by a 2006 Dodge Ram 2500 that was equipped with a lift kit manufactured by Defendant Heckethorn Products, Inc. d/b/a Rough Country Suspension Systems (hereinafter "Rough Country") and installed by Defendant Xtreme Offroad Suspensions by Precision Automotive (hereinafter "Xtreme"). The 2006 Dodge Ram was being driven by Defendant Kathy Nieto, an unlicensed driver. Plaintiff Desiree Mendoza was driving in a reasonable and prudent manner, exercising ordinary care for her safety, and the safety of Justin Mendoza, who was a passenger at the time. The collision and resulting injuries to Plaintiffs was proximately caused by the negligence of Defendants.

## V.

## CAUSE OF ACTION AGAINST DEFENDANT KATHY NIETO, A MINOR

The collision and Plaintiffs' injuries were proximately caused by Defendants' negligent, careless and reckless disregard of various duties, which consisted of, but are not limited to, the following acts and omissions:

1. Defendant Kathy Nieto failed to keep a proper lookout for the Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

2. Defendant Kathy Nieto failed to yield the right-of-way at a stop sign in order to avoid the collision in question;

3. Defendant Kathy Nieto failed to apply the brakes to her motor vehicle in order to avoid the collision in question; and

4. Defendant Kathy Nieto failed to control her speed in order to avoid the accident in question.

Each of the aforementioned negligent acts and/or omissions of Defendant constituted a proximate cause of the collision and of the resulting injuries to Plaintiffs.

## VI.

### CAUSE OF ACTION AGAINST DEFENDANT MARTIN NIETO

At the time of collision in question, Defendant, Martin Nieto, Individually and d/b/a MNT was the owner of the Dodge Ram 2500 driven by Kathy Nieto. On or about August 18, 2009, Defendant, Martin Nieto, allowed Defendant, Kathy Nieto the use of the vehicle in question, for the purpose of operating it on public streets and highways. Defendant Kathy Nieto operated it with the knowledge, consent, and permission of said Defendant Martin Nieto. At such time, Defendant, Martin Nieto, knew or should have known that Defendant, Kathy Nieto was an unlicensed and incompetent driver and unfit to safely operate a motor vehicle on the public streets and highways in that she was reckless, irresponsible, and inexperienced and would create an unreasonable risk of danger to persons and property on public streets and highways. Therefore, Defendant Martin Nieto is liable to Plaintiffs for the Negligent Entrustment of his motor vehicle to his unlicensed daughter as detailed above.

## VII.

### CAUSES OF ACTION AGAINST HACKETHORN PRODUCTS, INC. D/B/A ROUGH COUNTRY SUSPENSION SYSTEMS

The "lift kit" installed on the subject 2006 Dodge Ram 2500 pickup truck was designed, manufactured, marketed and sold by Defendant Hackethorn Products, Inc. d/b/a Rough Country Suspension Systems and was defective, unreasonably dangerous

RC-BRYSON 005365

and a producing cause of the injuries in question for, among others, the following reasons:

    a.    The lift kit was defectively designed because, once installed, results in an unreasonably dangerous bumper height on the subject vehicle;

    b.    The lift kit was defective and unreasonably dangerous because, once installed, results in an unreasonably dangerous bumper height that bypasses most, if not all, safety protections afforded by passenger vehicles in foreseeable accidents.

A lift kit design that does not result in an unreasonably high vehicle bumper height is one of several possible safer alternative designs. The safer alternative designs would have prevented or significantly reduced the risk of the Plaintiffs' injuries or the Plaintiffs' damages, without substantially impairing the product's utility. Furthermore, the safer alternative designs were economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

Additionally, Defendant Hackethorn Products, Inc. d/b/a Rough Country Suspension Systems failed to warn consumers of the dangers of lifting a vehicle beyond the bumper heights standards imposed on all vehicle manufacturers of passenger cars. Thus, Defendant is liable to Plaintiffs for their failure to warn which constitutes a marketing defect and was a producing cause of the injuries suffered by Plaintiffs.

RC-BRYSON 005366

VIII.

Defendant Hackethorn Products, Inc. d/b/a Rough Country Suspension Systems committed acts of negligence including, but not limited to, the following:

a. Negligently designing, manufacturing and marketing the lift kit installed on the subject vehicle made the basis of this lawsuit;

b. And for such other acts of negligence that may be shown at the time of trial.

Each of the foregoing acts of negligence were a proximate cause of the injuries in question.

IX.

## CAUSES OF ACTION AGAINST XTREME OFFROAD SUSPENSIONS BY PRECISION AUTOMOTIVE

Defendant Xtreme committed acts of negligence including, but not limited to, the following:

a. Negligently marketing the lift kit installed on the subject vehicle made the basis of this lawsuit;

b. Negligently failing to warn of the dangers of installing a lift kit such as the one installed on the subject vehicle;

c. And for such other acts of negligence that may be shown at the time of trial.

Each of the foregoing acts of negligence were a proximate cause of the injuries in question.

RC-BRYSON 005367

## X.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer personal injuries and damages. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering in the future;

5. Mental anguish in the past;

6. Mental anguish in the future;

7. Physical impairment in the past.

8. Physical impairment in the future.

9. All other elements of damages that may be shown at the trial of this cause.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and answer herein and that upon a final trial of this cause, Plaintiffs recover judgment against Defendants for Plaintiffs' injuries and damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court; interest on said judgment at the highest legal rate from date of judgment; pre-judgment interest on Plaintiffs' damages at the highest legal rate; and, such other and further relief,

RC-BRYSON 005368

whether at law or in equity, to which Plaintiffs may show themselves justly entitled to receive.

          Respectfully submitted,

          **GARCIA & KARAM, L.L.P.**

          BY: _____
              AIZAR J. KARAM, JR.
              State Bar No. 00796860
              RICARDO A. GARCIA
              State Bar No. 07643200
              LINO H. OCHOA
              State Bar No.00797168
              820 South Main
              McAllen, Texas  78501
              956/630-2882 - Telephone
              956/630-5393 – Facsimile

RC-BRYSON 005369