# EXHIBIT 19

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| NATALIE BACHO and § <br> STEPHEN BACHO, as Surviving § <br> Parents of A.B., a deceased minor, § <br> § <br> Plaintiffs, § <br> vs. § <br> § <br> ROUGH COUNTRY, LLC f/k/a § <br> HECKETHORN PRODUCTS, INC. § <br> d/b/a ROUGH COUNTRY § <br> SUSPENSION SYSTEMS and/or § <br> ROUGH COUNTRY, § <br> § <br> Defendant. § | CIVIL ACTION FILE <br> NO: 3:14-CV-40-TCB |

## DEFENDANT ROUGH COUNTRY LLC'S INITIAL DISCLOSURES

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Georgia, Defendant submits these initial disclosures:

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Response: Defendant's correct name is Rough Country LLC; no formalities are required and Defendant will agree for the style simply to be changed to reflect this.

1

RC-BRYSON 000552

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Response: The Complaint was Defendant's first notice of this matter. Defendant does not so contend at this time.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Response: The Complaint was Defendant's first notice of this matter. Defendant has asserted no counterclaims or crossclaims. Defendant contends that the alleged subject product, a truck lift kit, is a legal product under Georgia law, and is manufactured and designed properly without legal defect and accompanied by appropriate warnings. Defendant does not manufacture the oversized tires that the Complaint alleges equipped the other vehicle. It appears that the cause of the accident and injuries was a 19 year young driver who failed to stop at a red light while he was distracted by a cell phone conversation with his girlfriend. This caused a very severe collision, the forces of which injured all of the occupants of the Plaintiffs' vehicle. The 19 year old was charged, pleaded guilty and was

RC-BRYSON 000553

convicted for the wreck and part of his sentence was to work with the Bachos on a video public service message concerning obeying the rules of the road.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Response: The Complaint was Defendant's first notice of this matter. Defendant expects that Georgia product liability law will control the issues in this matter, i.e., whether a product that increases the height of a passenger vehicle which becomes involved in an accident can be considered defective as a matter of product liability. See, e.g., O.C.G.A. § 51-1-11. Georgia law places limits on how much owners can raise their vehicles' suspension and frames, O.C.G.A. § 40-8-6 and 40-8-6.1 (Trucks).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Response: The Complaint was Defendant's first notice of this matter. Ken Dunn, CEO, Patrick Just, CFO, and Danny Whittle who is V.P. of Product Development, at this time are considered persons with knowledge of Defendant's

3

RC-BRYSON 000554

business and product lines. Defendant will supplement this response as to other persons including those who were involved with the accident that is the subject matter of this case, as investigation and discovery commences.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Response: The Complaint was Defendant's first notice of this matter. Defendant has not decided whether to call such expert witnesses, but will supplement this response and provide reports as required by the Court and applicable Rules.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Response: The Complaint was Defendant's first notice of this matter. See Attachment C.

RC-BRYSON 000555

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Response: Not applicable.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Response: Yes, it appears the accident and injuries were caused by the 19 year old driver who ran the red light while distracted by a cell phone conversation with his girlfriend, causing his pickup truck to collide violently with the side of Plaintiff's minivan and injure the Bachos, including fatal injuries to Abigail Bacho which are the subject of the Complaint. Defendant is entitled by Georgia law to have a jury apportion damages to the 19 year old as a non-party. The Complaint

RC-BRYSON 000556

was Defendant's first notice of this matter. Defendant reserves the right to supplement this disclosure as further information becomes available.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Response: See Exhibit E.

This 21st day of May, 2014.

               DODSON & ASSOCIATES

               /s/Charles R. Beans_____
               Charles R. Beans
               Georgia State Bar No. 006720
               Attorney for Defendant,
               Rough Country LLC

Mailing Address
Caller Service #1808
Alpharetta GA 30023-1808
T: 678-317-7104
F: 678-317-8917
cbeans@travelers.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing, **Initial Disclosures of Defendant Rough Country LLC**, upon all counsel through the Court's CM/ECF system, and via U.S. mail, proper postage attached, as follows:

C. Neal Pope, Esq.
Michael L. McGlamry, Esq.
R. Timothy Morrison, Esq.
Pope McGlamry Kilpatrick
Morrison & Norwood, PC
3455 Peachtree Road, NE
Atlanta, GA 30326-3243

David C. Rayfield, Esq.
Pope McGlamry Kilpatrick
Morrison & Norwood, PC
111 Bay Avenue, Suite 450
Columbus, GA 31901-2412

Thomas P. Willingham, Esq.
3800 Colonnade Parkway, Suite 330
Birmingham, AL 35243

This 21st day of May, 2014.

DODSON & ASSOCIATES

/s/Charles R. Beans
Charles R. Beans
Georgia State Bar No. 006720
Attorney for Defendant,
Rough Country LLC

Mailing Address
Caller Service #1808
Alpharetta GA 30023-1808
T: 678-317-7104
F: 678-317-8917
cbeans@travelers.com

## Exhibit C

The Complaint was Defendant's first notice of this matter, and no discovery or vehicle inspection has yet taken place. On information and belief, Defendant believes that a 6" lift kit was installed by Southside Liners on Taylor Long's K1500 pickup truck, and that the product is the one called 276.n2 at one point in time, later the name was changed to 276.20.  Assuming this is the correct product, Defendant possesses design drawings, purchase and sales records, promotional materials, and other related categories of documents about that product.

RC-BRYSON 000559

Exhibit E – Insurance

On April 17, 2014, counsel for Defendant provided counsel for Plaintiff with copies of two policies of insurance from Travelers, primary $1 million per occurrence, 2 million aggregate (page 60), and excess (page 3) $8 million per occurrence and aggregate. Travelers, Rough Country, and Rough Country's agent indicate that these are the only policies under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

RC-BRYSON 000560