UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>      Plaintiffs,<br><br>v.<br><br>Rough Country, LLC<br><br>      Defendant. | *<br>*<br>*<br>*<br>*       Civil Action File<br>*<br>*       No. 2:22-cv-17-RWS<br>*<br>*<br>*<br>*<br>* |

**PLAINTIFFS' MOTION TO STRIKE THE UNTIMELY AND IMPROPER SUR-REBUTTAL REPORT OF WESLEY GRIMES**

**I.      INTRODUCTION**

Plaintiffs move to exclude the November 26, 2024 sur-rebuttal report of Wesley Grimes, which Rough Country disclosed six months late, on December 2, 2024. Because Rough Country's disclosure violates the Court's Scheduling Order, the Federal Rules, and the Local Rules, the Court should strike Mr. Grimes's sur-rebuttal report and prevent him from offering the opinions contained therein.

Over a year ago, the Court entered a Scheduling Order that required both parties to disclose all rebuttal expert witnesses "no later than June 17, 2024." *See* Doc. 76, at ¶ 3. The Order required all rebuttal expert depositions to be completed

before July 15, 2024, thereby ending expert discovery. *Id.* Plaintiffs' experts all disclosed their rebuttal reports and attended their rebuttal depositions within the Court's deadlines.

Plaintiffs' timely-disclosed rebuttal reports confirmed what Rough Country ("RC") already knew—the made-for-litigation crash test by Exponent had severe flaws that warranted exclusion.[1] The flaws in Exponent's crash test are discussed in more detail in Plaintiffs' contemporaneously filed Motion to Exclude Rough Country's Crash Test.[2]

Mr. Grimes' sur-rebuttal report is 26 pages long and contains 12 conclusions—more conclusions than Mr. Grimes reached in his March 27, 2024 initial report. Rough Country must have decided Plaintiffs' experts' criticisms of the Exponent crash test were persuasive, because Mr. Grimes' untimely report discloses additional work he did to address the problems in the Exponent crash test that they identified. Mr. Grimes' report is *filled* with references to new tests and

---

[1] *See* Ex. 1, Roche Rebuttal Report, at BRYSON009384; Ex. 2, Buchner Rebuttal Report, at 4.
[2] *See* Doc. 115. As explained in that motion, Mr. Grimes' sur-rebuttal opinions come nowhere near carrying Rough Country's burden of establishing the "substantial similarity" of its crash test to the subject collision. The sur-rebuttal does not even *address* most of the flaws with Rough Country's crash test. Even if the Court considered the sur-rebuttal report, the Exponent crash test would have to be excluded.

opinions—including four new crash test simulations, a new exemplar test, a new photogrammetry analysis, and new "measurements" of the Exponent crash test he participated in.[3]

Even though the sur-rebuttal report references new expert work, RC produced *none* of the supporting materials. There are no run files for the computer simulations, no photographs aside from the handful in the report, no invoices or receipts, and no emails or communications about the work. Notably, when Plaintiff's expert produced a report with computer simulations, RC demanded (and Plaintiff produced) the "entire HVE 'case file,'" including "Accident History, Damage Data, Damage Studio, Driver Controls, Environment Data, Event Data, Messages, Program Data, References, Variable Output, and Vehicle Data," in addition to "geometry files and environmental images."[4] RC produced none of that. Its disclosure is therefore *both* untimely *and* incomplete.

Rough Country's belated disclosure of Mr. Grimes' sur-rebuttal opinions was knowing and intentional. Rough Country has known since at least July 11, 2024 that it intended to disclose an expert report past the Court's deadline.[5] Once Plaintiffs' counsel learned that Rough Country might introduce an untimely expert

---

[3] *See* Ex. 3, 11/26/24 Grimes Rep.
[4] *See* Ex. 4, January 19, 2024 R. Hill Email to T. Cannella.
[5] *See* Ex. 5, Email string, at 8-9 (July 17, 2024 T. Cannella Email to R. Hill).

3

report with new opinions, Plaintiffs *repeatedly* requested that Rough Country provide the report, tried to work with Rough Country to create a new and fair timeline, and informed Rough Country that report would violate the Court's Orders unless Rough Country sought Court approval of an extension of its deadline.[6] Rough Country did not seek Court approval—instead it waited an additional five months and then disclosed the report just before the deadline for the pre-trial order.

Rough Country violated the deadline to disclose rebuttal witnesses by six months—an amount equivalent to an entire discovery period for a complex case. The Federal Rules provide the remedy for Rough Country's violation—"the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial[.]" Fed. R. Civ. P. 37(c)(1). Plaintiffs respectfully request that the Court strike Mr. Grimes' sur-rebuttal report and prevent him from testifying to the conclusions contained in that report.

If the Court permits Mr. Grimes to testify regarding the work and opinions in the sur-rebuttal report, Plaintiffs ask the Court to allow them time to: obtain discovery on the new materials, depose Mr. Grimes on his new work (and if necessary, Mr. Crosby—the Exponent expert who actually performed the test that Mr. Grimes' rebuttal report analyzes), and permit their own experts time to

---

[6] *Id.*

4

disclose opinions regarding the new material if necessary. Plaintiffs also request additional time to re-file their motion to exclude the Exponent Crash tests if necessary to address Mr. Grimes new opinions and any newly discovered facts that they find. Plaintiffs may also need to file a motion to compel, because RC admitted it should disclose certain communications with its experts if the experts produced supplemental reports, but RC has not provided those communications— nor any other file materials related to the new work and opinions.[7]

## II. ROUGH COUNTRY CHOSE TO IGNORE PLAINTIFFS AND WAIT SIX MONTHS TO PRODUCE EXTENSIVE NEW EXPERT WORK AND OPINIONS.

Plaintiffs tried to work with Rough Country to avoid having to come to the Court with this precise problem. On July 11, 2024, Plaintiffs' counsel asked Rough Country if it intended to provide any additional reports from experts.[8] Rough Country said it did plan to provide supplemental reports.[9] On July 14, Plaintiffs asked RC to explain how much time it needed and why.[10] On August 12,

---

[7] *See* Ex. 5, Email string at 7-8 (July 23, 2024 R. Hill Email to T. Cannella) ("If those experts decide to issue supplemental opinions based upon this newly received information and rely upon that information, the materials they rely upon will be produced. Until that time, the experts' work product [communications] in connection with assisting counsel with your expert's depositions is not discoverable.").
[8] *Id.* at 11 (July 11, 2024 T. Cannella Email to R. Hill).
[9] *Id.* at 8-10 (July 17, 2024 T. Cannella Email to R. Hill).
[10] *Id.*

Plaintiff requested a meet and confer to discuss whether RC's experts were going to offer new opinions.[11] RC did not respond. On September 12, Plaintiffs asked again.[12] RC subsequently agreed that by September 27, RC would give Plaintiff a date certain regarding when it would "provide supplemental reports detailing [its experts'] disagreements with your experts' supplemental opinions."[13] On October 1, RC advised that it would provide this information by October 5.[14] On October 7, Plaintiffs followed up to get the promised information.[15] On October 9, RC admitted it was not going to commit to a date certain by which the supplemental report would be finished.[16]

By October 9, Plaintiffs had already waited three months *just to get a date* by which they would receive the supplemental report. Thus, Plaintiffs advised RC that they reserved the right to oppose the report as untimely.[17]

---

[11] *Id*. at 6-7 (August 12, 2024 T. Cannella Email to R. Hill).
[12] *Id*. at 6 (September 12, 2024 T. Cannella Email to R. Hill).
[13] *Id*. at 4-5 (September 20, 2024 Email exchange between T. Cannella and R. Hill).
[14] *Id*. at 2-4 (October 1, 2024 R. Hill Email to T. Cannella). One of RC's lawyers was impacted by Hurricane Helene, which made landfall in Florida on September 26.
[15] *Id*. at 1 (October 7, 2024 T. Cannella Email to R. Hill).
[16] *Id*. at 1 (October 9, 2024 R. Hill Email to T. Cannella).
[17] *Id*. at 1 (October 9, 2024 T. Cannella Email to R. Hill).

RC did not move the Court for additional time. Instead, it waited nearly two more months—after the Court ruled on its summary judgment motion—before providing the report to Plaintiffs. The inadmissibility of its experts' work and opinions is therefore a problem of RC's own making.

### III. THE RULES PROHIBIT THE CONDUCT RC HAS ENGAGED IN.

This Court imposed "reasonable, but firm" deadlines for expert discovery. *See* Doc. 4, at 15. Those deadlines are not optional—the Court's Scheduling Order requires that all rebuttal expert witnesses "**must** be disclosed no later than June 17, 2024" and that they "**must** be deposed no later than July 15, 2024." Doc. 76, at 2 (emphasis added). The Court made it clear that extensions of its deadlines "will not be granted as a matter of course." Doc. 4, at 15. Perhaps that is why Rough Country did not bother to ask for an extension. Its delayed disclosure attempts to unilaterally re-open expert discovery, without the required Court approval, a full *six months* after the deadline passed.

The Federal Rules state that if a party fails to properly "*provide information* . . . as required by Rule 26(a) or (e)" then that party "is not allowed to use *that information* . . . to supply evidence at a hearing, or at trial, unless the failure was

substantially justified or is harmless."[18]  Fed. R. Civ. P. 37(c)(1) (emphasis added). Rough Country's failure to timely provide Mr. Grimes' new opinions was clearly not "substantially justified."  Plaintiffs began asking for its supplemental report on July 11, 2024.  RC intended to offer a supplemental report since then.  There has been no new information in the case in the intervening months.  Nor was it "harmless."  This case is far beyond the discovery period; summary judgment has been denied; the parties are preparing for trial; and de-constructing the new opinions and work that Mr. Grimes did would be time intensive.  Given these facts, the Court's authority to exclude Mr. Grimes' report is clear:  "a supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed."  *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007).

If the Federal Rules and this Court's Order were not enough to warn RC against the late disclosure of expert opinions, the Local Rules also impose straightforward requirements on the timing of expert disclosures and articulate the sanctions for noncompliance in clear and unambiguous terms.

---

[18] The information "required by Rule 26(a)" includes "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them[.]" Fed. R. Civ. P. 26(a)(2)(B).

> Any party who desires to use the testimony of an expert witness shall designate the expert ***sufficiently early in the discovery period*** to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> ***Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert***, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

LR 26.2(C) (emphasis added); *see also Fox v. Gen. Motors, LLC*, No. 1:17-CV-209-MHC, 2019 WL 3483171, at *15 (N.D. Ga. Feb. 4, 2019) (excluding supplemental expert reports disclosed on the last day of discovery as "clearly prohibited under the Local Rules of this Court and the Federal Rules of Civil Procedure").

The Court has "broad discretion to exclude untimely expert testimony," including testimony designated as rebuttal or supplemental opinions. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019). Because compliance with the Federal rules governing expert disclosures "is not merely aspirational[,]" Rough Country's violation of those rules warrants exclusion. *See Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008).

9

## IV. ARGUMENT

The Federal rules *require* excluding Mr. Grimes' sur-rebuttal report unless Rough Country can demonstrate that its violation of the Court's deadlines was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). It was neither.

There was no "substantial justification" for Rough Country's late disclosure—it *willfully* violated the Court's Scheduling Order. Plaintiffs' counsel has informed Rough Country repeatedly since **July 17, 2024** that it would need to seek Court permission for any sur-rebuttal report.[19] Despite knowing for five months that it intended to produce a sur-rebuttal report, Rough Country never sought Court approval.

Mr. Grimes' sur-rebuttal opinions are not based on new or unforeseeable circumstances—they are additional opinions about a crash test that took place on **May 15, 2023,** which **he personally helped design and orchestrate**.[20] They include things like "comparing the overhead video of the crash test and photographs of the lineup of exemplar materials"; examining logo scuffs on the subject and test vehicles; comparing scans of the subject and test vehicles; measuring the displacement of the seatback in the test vehicle; and opining about

---

[19] *See* Ex. 5, Email string, at 8-10 (July 17, 2024 T. Cannella Email to R. Hill.
[20] *See* Ex. 6, Grimes Dep., at 65:15-23.

10

the dynamics and ballasting of the test vehicle.[21] This is all evidence that Mr. Grimes helped create more than two and a half years ago when he and Exponent ran the crash test. He had plenty of time to reach his opinions within the Court's deadlines—his unawareness of the crash test's flaws because he did not measure the results does not constitute the "substantial justification" needed to avoid striking the report. Fed. R. Civ. P. 37(c)(1).

Mr. Grimes also criticizes Plaintiffs' reconstructionist, Bryant Buchner, for using a software called "SIMON" to support some of his opinions.[22] He claims that "the SIMON tool is not accurately modeling the crush on the Ford Escape in this case, at these speeds and impact configurations. Mr. Buchner's usage of the HVE/SIMON tool is invalid."[23] But Plaintiffs disclosed Mr. Buchner's use of SIMON on October 16, 2023.[24] Mr. Buchner's second (and final) deposition about his work using that software was on July 11, 2024. There is no substantial justification for RC's subsequent five-month delay.

---

[21] *See* Ex. 3, 11/26/24 Grimes Sur-Rebuttal Rep. at 24-25.
[22] *Id.* at 24.
[23] *Id.*
[24] *See* Ex. 7, Oct. 12, 2023 Buchner Rep. at 10 ("The collision was simulated in HVE (Human Vehicle Environment), a physics-based 3D computer simulation program used in accident reconstruction, using SIMON (Simulation Model Non-Linear). SIMON is a 3D vehicle dynamic simulation model that is used to simulate vehicle-to-vehicle collisions.").

If the Court permits Mr. Grimes to offer the new opinions contained in his sur-rebuttal report, Plaintiffs "will suffer harm . . . as [they] must expend resources responding to the new opinions in the report[.]" *Fox*, 2019 WL 3483171, at *14 (quoting *Coward*, 282 F.Supp.3d at 1330). The harm is even more significant here—the Court has already ruled on summary judgment and the pre-trial order is due in days. Plaintiffs have *already shown*—as the result of significant expert and lawyer hours—that Exponent's crash test suffers from gaping holes in the scientific method. Allowing RC to wait to see which holes Plaintiffs could find and then allow it to try to patch those holes up with post hoc justifications at the eleventh hour is prejudicial. Plaintiffs are faced with an impossible choice: allow RC to inject unscrutinized "evidence" to muddy the waters surrounding its flawed crash test; or spend months trying to uncover what flaws exist in this most recent expert work. Rough Country cannot come anywhere near meeting its burden to establish that its violation was "harmless."

The Eleventh Circuit has repeatedly affirmed striking an expert's untimely report for far less fragrant violations than Rough Country's. In *Reese*, the Court affirmed the exclusion of a plaintiff's expert report that was filed only seven weeks after the close of discovery. 527 F.3d at 1253. The Court reasoned that the disclosing party failed to request an extension, and the late disclosure "foreclosed

12

the defendants' opportunity to depose [the expert]." *Id.* at 1265.  The *Reese* Court is far from alone; multiple appellate decisions have affirmed striking "supplemental" reports disclosed far closer to the deadline than Rough Country's. *See, e.g.*, *Guevara*, 920 F.3d at 719 (affirming exclusion of two untimely supplemental reports disclosed less than five weeks after discovery closed); *Corwin*, 475 F.3d at 1239 (affirming exclusion of a supplemental financial report disclosed four days after the court's deadline for financial reports).  Rough Country's violation was even more severe.  Mr. Grimes' report did not violate the Court's deadline by a few days or weeks; it violated it by *six months*.

RC has signaled it will argue that its report is merely "supplemental" and therefore not subject to the rebuttal deadlines in the Court's scheduling order.  RC is wrong for two reasons.  *First*, the report does not meet the definition of a supplemental report under the plain language of the Federal Rules or the caselaw.  *Second*, even if it were a "supplemental report," it would still be untimely and therefore must be struck.

The Federal Rules require a "supplemental" report when a party learns that an earlier report or deposition was "incomplete or inaccurate." Fed. R. Civ. P. 26(e)(1)(A).  Mr. Grimes does not identify anything "incomplete or inaccurate" about his initial report or deposition.  Instead, Mr. Grimes' new report rebuts

13

Plaintiffs' expert's rebuttal report, which offered critiques of the Exponent crash test. Late-disclosed critiques and responses to Plaintiffs' experts "are rebuttal statements and untimely." *Fox*, 2019 WL 3483171, at *15 (citing *Coward*, 282 F. Supp. 3d at 1331). Mr. Grimes' November 26 report is the definition of a sur-rebuttal report—that fact alone warrants excluding the report <u>even if it had been timely disclosed.</u> *See Coward*, 282 F.Supp.3d at 1331 ("Generally, sur-rebuttal reports are prohibited or require prior permission from the court.").

Rough Country may not add new opinions from an expert under the guise of a so-called "supplemental disclosure." "Rule 26 imposes a *duty* on [the parties]; it grants them no *right* to produce information in a belated fashion." *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (Forrester, J.). "**Rule 26(e) … is not a device to allow a party's expert to engage in additional work, or to annul opinions or to offer new ones to perfect a litigating strategy**." *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1329 (N.D. Ga. 2017) (Murphy, J.) (internal citation omitted) (emphasis added). Parties cannot do what Rough Country has done here and use so-called "supplemental" reports to improperly "circumvent the deadlines imposed by the Court." *Goshawk Dedicated Ltd. v. Am. Viatical Servs., LLC*, No. 1:05-CV-2343-RWS, 2013 WL 424891, at *4 (N.D. Ga. Feb. 4, 2013) (Story, J.).

14

Rough Country's tactic of referring to new rebuttal opinions as "supplemental" to bypass the Court's Scheduling Order "is a tortured and self-serving interpretation of what the Rule allows in an attempt to justify [its] strategy to introduce opinions and evidence foreclosed by the orders of this Court." *Cochran v. Brinkmann Corp.*, No. 1:08-CV-1790-WSD, 2009 WL 4823858, at *6 (N.D. Ga. Dec. 9, 2009), *aff'd sub nom.*, *Cochran v. The Brinkmann Corp.*, 381 F. App'x 968 (11th Cir. 2010).  Rough Country's "twisted attempt to use Rule 26(e) to justify [its] untimely disclosures" should be rejected as both "unprecedented, and unfair." *Id.*; *see also Coward*, 282 F. Supp. 3d at 1329.

Rough Country's violation of the Court's Scheduling Order "defeats the purpose of the report requirement and the order of this Court, which was to end discovery and fix for the parties the evidence and opinions with which they would have to contend at trial." *Cochran*, 2009 WL 4823858, at *5.  The parties cannot exchange rebuttal opinions and unilaterally extend expert discovery to gain an advantage.  Rough Country's belated disclosure of new, substantive expert opinions violates the law, this Court's Order, and basic fairness.

V.   **CONCLUSION**

As one district court noted when granting a motion to strike a late expert report in similar circumstances: "Discovery in this case has closed.  If this Court

15

were to permit Plaintiff to rely upon its untimely supplemental expert report, then it would have to let Defendant engage in further work and discovery to allow its expert to respond, thereby stalling and delaying this case. This case has been pending for almost two years. It is time for the discovery and expert disclosure stage of this case to be closed so the Court can focus on substantive motions and trial." *All-Tag Corp. v. Checkpoint Sys., Inc.*, No. 9:17-CV-81261, 2019 WL 5073499, at *4 (S.D. Fla. Oct. 9, 2019).

Plaintiffs respectfully request that the Court strike Mr. Grimes' sur-rebuttal report and prohibit Mr. Grimes from testifying regarding its contents. If the Court declines to do so, Plaintiff asks for an additional two months to complete discovery on the new opinions and expert work, to file any motions to compel arising out of this matter, and to assess whether they need time for additional expert reports or opinions.

Respectfully submitted on January 15, 2025.

                                               CANNELLA SNYDER LLC

                                               */s/ Tedra L. Cannella*

                                               TEDRA L. CANNELLA
                                                 Georgia Bar No. 881085
                                                 tedra@cannellasnyder.com
                                               ROBERT H. SNYDER, JR.
                                                 Georgia Bar No. 404522
                                                 rob@cannellasnyder.com

        DEVIN L. MASHMAN
          Georgia Bar No. 257588
          devin@cannellasnyder.com

        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030
        (404) 800-4828
        (404) 393-0365 (fax)
        ***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

                CANNELLA SNYDER LLC

                */s/ Tedra L. Cannella*
                TEDRA L. CANNELLA
                  Georgia Bar No. 881085
                  tedra@cannellasnyder.com
                ROBERT H. SNYDER, JR.
                  Georgia Bar No. 404522
                  rob@cannellasnyder.com
                DEVIN L. MASHMAN
                  Georgia Bar No. 257588
                  devin@cannellasnyder.com

                315 W. Ponce de Leon Ave.
                Suite 885
                Decatur, GA 30030
                (404) 800-4828
                (404) 393-0365 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *MOTION TO STRIKE THE UNTIMELY AND IMPROPER SUR-REBUTTAL REPORT OF WESLEY GRIMES* was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 15th day of January, 2025.

CANNELLA SNYDER LLC

/s/ Tedra L. Cannella
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*