

March 15, 2024

Tedra Cannella
Cannella Synder
315 W Ponce De Leon Avenue
Suite 885
Decatur, Georgia 30030

Case Name: *Bryson v. Rough Country et al*
Case No. 22-541, Supplemental report

Dear Ms. Canella,

I rendered a report setting forth my opinions in this case on October 16, 2023. My opinions have not changed since that report. The purpose of this report is to address two similar cases and testing that has been provided to me since my report.

I have served as an expert in two other cases in addition to *Bryson* involving pickup trucks equipped with Rough County lift-kits.

*Natalie Bacho and Stephen Bacho, as Surviving Parents of A.B., a deceased minor, Plaintiffs, v. Rough Country, LLC f/k/a Heckthorn Products, Inc. d/b/a Rough Country Suspension Systems and/or Rough Country, Defendant*, In the United States District Court, Northern District of Georgia, Newnan Division, Civil Action File No: 3:14-CV-40-TCB:

> *Bacho* involved an accident that occurred on December 22, 2012 in Newnan Georgia. Abigail Bacho, 9-year-old female, was seated in the third row left outboard seat (#7) of a 2012 Toyota Sienna that was impacted in the area of Abigail's seated position by a 1999 Chevrolet K-1500 pickup truck that was equipped with an after-market lift kit manufactured by Rough Country, LLC.
>
> Abigail was the only occupant in the vehicle that sustained fatal injuries despite being properly seatbelted and having a side curtain airbag that properly deployed. Abigail's fatal head injuries were caused by her head being impacted by the front of the Chevrolet

**BRYSON 009132**

> due to the Rough Country lift-kit elevating it high enough to impact it through her window and side curtain airbag.
>
> The other five occupants of the minivan did not sustain any life-threatening or permanently disabling injuries because they were not seated in the area of the vehicle impacted by the Chevrolet equipped with the Rough Country lift-kit.

*Javier Mendoza, Martha Mendoza, Desiree Mendoza, and Justin Mendoza, each individually vs Martin Neito, Individually and d/b/a MNT, Kathy Neito, a Minor, Heckethorn Products, Inc., d/b/a Rough Country Suspension Systems; and Xtreme Offroad Suspensions by Precision Automotive,* In the District Court 197th Judicial District Willacy County, Texas. No. 2010-CV-0172-A.

> *Mendoza* involved an incident that occurred on August 8, 2009 in Texas. Desiree Mendoza was the driver of a 1999 Ford Mustang two-door vehicle that was struck by a 2006 Dodge Ram 2500 Mega-Cab pickup truck equipped with a Rough Country lift-kit. Desiree received severe and permanently debilitating head/brain injuries.
>
> The Dodge struck the front of the Mustang, causing catastrophic deformation to the structures of it. Due to the Rough Country lift-kit significantly elevated the structures of the vehicle, it essentially ran over the Mustang and struck Mrs. Mendoza's head with the right front corner of its front bumper. As a result she sustained multiple skull fractures and permanently debilitating brain injuries.

While the details of these cases are different from *Bryson*, the underlying premise is the same, and they are similar cases. Each striking vehicle was equipped with a Rough Country lift-kit. The lift-kits elevated the striking vehicles such that when they impacted the struck vehicle, due to the elevation and resultant size differentiation, the structural intrusion they caused was catastrophic.

Every vehicle is designed with safety features, both structurally (such as crumple zones and strengthening beams) and inside the vehicle (airbags and seatbelts) designed to protect an occupant. The size differential created by the Rough Country lift kits causes the striking vehicle to completely override all of the vehicle's structural and component safety features rending them ineffective leaving the occupant unprotected and vulnerable to receive fatal and permanently debilitating injuries.

In all three of these cases had the striking vehicles not been equipped with a Rough Country lift kit, the intrusion would have been significantly lessened, the safety features of the struck vehicles would have been allowed to function as designed, and these occupants would not have received fatal or permanently debilitating injuries.

*Bacho* and *Mendoza* also serve to show that despite the testimony of Rough Country's corporate representative in this case that this company is not aware of any other cases involving lawsuits against their company, that they are aware and have been for years. *Mendoza* involves an incident that occurred in 2009, 15 years ago, and *Bacho* involves an incident that occurred in 2011, 13 years ago.

**BRYSON 009133**

Page 3
22-541
Bryson Supplemental Report

I am attaching my reports and photographs from my vehicle exams for *Bacho* and *Mendoza* to this supplemental report.

Since my opinion report in this case I have received testing data for two sets of testing that support my opinions in this case. One of them is a 59 mph rear impact of a 1999 Chevrolet Astro van versus a 2014 Mercedez Benz E350 dated April 1, 2019. The second one is testing conducted by Wichita State University with a 2010 Toyota Corolla entitled "Rear Impact Child in High Back Booster Seat- Headrest to Lowest Position".

Generally, both of these sets of tests were performed at similar Delta Vs (velocity changes) to the subject incident and resulted in similar G forces. These tests serve to show that when the intrusion is tempered due to the vehicles' safety features being allowed to function as designed, that the Delta V and G forces involved in the Bryson case are survivable without injury.

I reserve the right to continue to supplement my opinions as discovery is ongoing.

Sincerely,

*[signature]*

Paul R. Lewis, Jr.

**BRYSON 009134**