UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

Santana Bryson and Joshua Bryson,      *
as Administrators of the               *
Estate of C.Z.B., and as surviving     *
parents of C.Z.B., a deceased minor,   *
                                       *      Civil Action File
        Plaintiffs,                    *
                                       *      No. 2:22-cv-17-RWS
v.                                     *
                                       *
Rough Country, LLC                     *
                                       *
        Defendant.                     *

## <u>**CONSOLIDATED PRETRIAL ORDER**</u>

### **1.**

**There are no motions or other matters pending for consideration by the court except as noted:**

<u>Plaintiffs' Response:</u>  On January 15, 2025, Plaintiffs filed their Motion to Strike the Untimely and Improper Sur-Rebuttal Report of Wesley Grimes and Motion to Exclude Rough Country's Crash Test.  On January 20, 2025, Defendant filed a Motion to Strike Untimely Disclosure by G. Bryant Buchner and Motion to Strike Untimely Disclosures by Paul Lewis.  Plaintiffs also anticipate filing motions in limine and Rule 702 motions at the time outlined in the Court's Scheduling Order.

Defendant's Response:

1. Defendant's Motion to Strike Untimely Amended Report and Related Simulations By G. Bryant Buchner, (Doc. 119);

2. Defendant's Motion to Strike Untimely and Improper Expert Disclosures By Paul Lewis, (Doc. 118); and

3. Defendant anticipates filing Motions in Limine and Rule 702 motions in accordance with the Court's Standing Order Regarding Civil Litigation (Doc. 4).

**2.**

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.lB).  Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

Plaintiffs' Response:  Plaintiffs have noticed the trial depositions of Ken Dunn and Patrick Just for use at trial.  They are currently scheduled for March 10-20, 2025.

Plaintiffs also note that Rough Country produced an untimely rebuttal report for its expert Wesley Grimes.  That report contained references to supporting

materials that have not been excluded.  If the Court denies Plaintiff's motion to strike that report, then Plaintiffs request permission to file a motion to compel the missing file material and communications, if necessary.

Defendant's Response: Defendant consents to additional discovery by Plaintiffs related to Mr. Grimes's Supplemental Report.

**3.**

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

Plaintiffs' Response: Agreed.

Defendant's Response:  To perfect the record, Defendant contends that Hunter Elliott should have been joined as a party for the reasons set forth in Defendant's Motion for Leave to File Third-Party Complaint for Contribution and its Reply in Support [Docs. 17 and 22, which are incorporated herein by reference] without being severed from this case.

4.

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

Plaintiffs' Response:

1. Strict Liability – 28 U.S.C. § 1332(a)(1).

2. Negligence – 28 U.S.C. § 1332(a)(1).

3. Punitive Damages – 28 U.S.C. § 1332(a)(2).

Defendant's Response: None.

5.

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiffs:**
Tedra L. Cannella
Cannella Snyder LLC
315 W. Ponce de Leon Ave., Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (Fax)

**Defendant:**
Richard H. Hill II
Aaron B. Chausmer
Weinberg Wheeler Hudgins Gunn & Dial, LLC

3344 Peachtree Road, NE
Suite 2400
(404) 876-2700 telephone
(404) 875-9433 facsimile
rhill@wwhgd.com
achausmer@wwhgd.com

**6.**

**Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

Plaintiffs' Response: None.

Defendant's Response: None.

**7.**

**The captioned case shall be tried (X) to a jury or () to the court without a jury or (__) the right to trial by jury is disputed.**

Plaintiffs' Response:  Plaintiffs consent to a bench trial in this matter.

Defendant's Response:  Defendant first learned of Plaintiffs' consent to a bench trial in this matter on January 20, 2025, the day the parties first consolidated their portions of this pretrial order. Defendant requires additional time to consider this development and to discuss the same with its counsel, and it therefore requests the opportunity to potentially consent to a bench trial in this matter at a later date.

**8.**

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

<u>Plaintiffs' Response:</u>  This case includes a claim for punitive damages.  O.C.G.A. § 51-12-5.1 sets forth the proper trial procedure for cases that involve the issue of punitive damages.  Under this code section, a trial involving punitive damages is bifurcated.  O.C.G.A. § 51-12-5.1(d).  In Phase I of the trial, a jury must decide liability, compensatory damages, and return an answer of "yes" or "no" on punitive damages (*i.e.*, whether the evidence presented clearly and convincingly proves that Rough Country's actions showed wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences).  *See* O.C.G.A. § 51-12-5.1(b)-(d).  Once a jury has determined that the evidence warrants the imposition of punitive damages against Rough Country, Phase II of the trial begins with its sole purpose being to calculate the amount of punitive damages necessary to punish, deter, or penalize the defendant in light of the circumstances of the case.  O.C.G.A. § 51-12-5.1(d)(2).

Plaintiffs object to the bifurcation of the damages and liability.  Bifurcation of liability from compensatory damages is not required under Fed. R. Civ. P. 42(b).  Instead, it is allowable at the discretion of the Court "for convenience, to avoid

prejudice." *Id.* But bifurcation is "the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." *Svege v. Mercedes-Benz Credit Corp.*, 329 F.Supp.2d 283, 284 (D. Conn. 2004).

As one Georgia federal court noted, "in considering [whether to bifurcate], the court should remain mindful of the traditional role of the factfinder; *i.e.*, to make an ultimate determination on the basis of a case presented in its entirety." *Kimberly-Clark Corp. v. James River Corp.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989) (denying bifurcation of inquiry into defendant's state of mind at the time it infringed plaintiff's patent). Bifurcation should also be limited because it can "deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which they have brought into the court, replacing it with a sterile or laboratory atmosphere in which causation is parted from the reality of injury." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 217 (6th Cir. 1982). Because "bifurcation works an infringement on … an important aspect of the judicial process, courts are cautioned that [it] is not the usual course that should be followed" and should not "be routinely ordered." *See Kimberly-Clark Corp.*, 131 F.R.D. at 608; Fed. R. Civ. P. 42(b) adv. comm. notes ("separation of issues for trial is not to be routinely ordered").

Trifurcation of trials is even more disfavored than bifurcation. As the Georgia Supreme Court held in *Webster v. Boyett,* "it is the ***rare case*** where, due to the complexity of the issues or evidence, the trial court should divide the trial into three separate phases." 269 Ga. 191, 193 (1998). The Supreme Court reached that conclusion for three reasons applicable here:

> First, although not completely devoid of purpose, a third phase expends limited judicial resources by requiring the judge and jury to hear evidence and render a verdict in three separate proceedings. Second, the liability issues, witnesses, and evidence on both compensatory and punitive damages often may not differ substantially, thus eliminating the desire for two separate phases on liability. Third, in routine cases where there is less likelihood of confusion, a limiting instruction may adequately protect the defendant from the prejudicial effect of the … evidence.

*Id.* This is far from the exceptionally complicated case that would require trifurcation. Defendant has not met its burden to show otherwise.

Defendant's Response: The trial should be bifurcated as to Plaintiffs' claim for punitive damages in accordance with Georgia law. Defendant also requests bifurcation of the liability and damages phases of trial due to the overwhelming risk that sympathy for Plaintiffs will prevent the jury from reaching an unbiased and impartial finding regarding liability.

8

**9.**

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

Plaintiffs' Response: See Attachment "A-1".

Defendant's Response: Defendant objects to Plaintiffs' proposed Qualifying Questions to the extent that they improperly reference insurance companies and therefore improperly injects Defendant's insurance coverage into the case.

**10.**

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.**

**The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The**

**determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge**.

See attached.

11.

**State any objections to plaintiffs voir dire questions:**

Defendants object to the following:

16.    The question is contrary to the Court's Order granting summary judgment as to the Plaintiff's failure to warn claim.

32.    The question improperly implies that there is an industry requirement related to the heights of vehicles on the road.

46.    The question is unduly argumentative.

47.    The question is unduly argumentative.

48.    The question's narrative assumes facts not in evidence, and it misstates the relevant facts.

60.    The question misstates the facts of this case.

61.    The question misstates the facts of this case.

66.    The question misstates the facts of this case.

83 – 86.    These questions improperly inject liability insurance.

102.    The question is unduly argumentative.

112.    The question is a misstatement of Georgia law which does not include "joy and life experiences . . . missed" in the applicable standard.

119.    The question is argumentative in its use of the phrase "we are here for justice."

**State any objections to defendant's voir dire questions:**

Plaintiffs object to the following:

27.    Plaintiffs object to the introduction of evidence regarding drunk driving as unduly prejudicial and not relevant to the issues the jury must decide.

46-51.    These questions are unduly argumentative and grossly mischaracterize the issues in the case.

54.    Incorrect statement of the law as it pertains to punitive damages.

75.    This question is unclear, as it does not specify which type of limit it refers to (i.e., monetary, or limits on requirements of proof, etc.).

76.    This question is argumentative.  The Georgia Supreme Court has held that there are no "reasonable caps" on non-compensatory damages.

**State any objections to the voir dire questions of the other parties, if any:**

Not applicable.

### 12.

**All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.  The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.  *See* Fed. R. Civ. P. 47(b).**

Plaintiffs' Response:  Plaintiffs respectfully request that if the case is tried to a jury, at least three alternate jurors be selected, so loss of jurors does not cause a mistrial.

Defendant's Response: Defendant consents to Plaintiffs' request.

### 13.

**State whether there is any pending related litigation.  Describe briefly, including style and civil action number.**

None.

**14.**

Attached hereto as Attachment "C" is plaintiffs outline of the case which includes a succinct factual summary of plaintiffs cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**15.**

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall

**separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

Attached.

### 16.

**Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.**

Attached.

### 17.

**The legal issues to be tried are as follows:**

Plaintiffs' Response:

1. Whether the Rough Country lift kit was defective;

2.  Whether Rough Country was negligent in the design, testing, or sale of the lift kit;

3.  Whether the defect in the Rough Country lift kit proximately caused C.Z.B.'s death;

4.  The amount of damages to be paid for the full value of C.Z.B.'s life;

5.  Whether punitive damages should be assessed against Rough Country;

6.  The amount of punitive damages necessary to punish, deter, or penalize Rough Country.

Defendant's Response: (1) whether Defendant is strictly liable due to a design defect in the 4.5-inch lift kit installed on Mr. Elliott's truck; (2) whether Defendant was negligent in the design, assembly, manufacture, or sale of the 4.5-inch lift kit installed on Mr. Elliott's truck; (3) whether Defendant's lift kit caused an enhanced injury to C.Z.B., *i.e.*, his death; (4) the amount, if any, of compensatory damages; *(5)* whether Defendant is liable for punitive damages; and (6) if Defendant is found liable for punitive damages, the amount, if any, of same.

**18.**

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list**

**of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.**

**All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.**

See Attachments "F-1" and "F-2".  Because no other party will be present at trial, there is no Attachment "F-3".

*Defendant objects to Plaintiffs' Witness List to the extent that it contains persons who were not identified during discovery.*

16

**19.**

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3 ", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial.   Learned treatises which are expected to be used at trial shall not be admitted as exhibits.   Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.   A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiffs exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.   When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against

whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.   Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.   Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

*Attached*.

**20.**

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Plaintiffs' Response:**

1. Rough Country's 30(b)(6) Representative (Rad Hunsley):

| Plaintiffs' Designations | | Defendants' Counter-Designations | |
|---|---|---|---|
| Beginning Page:Line | Ending Page:Line | Beginning Page:Line | Ending Page:Line |
| 5:4 | 5:5 | | |
| 5:23 | 8:25 | | |
| 9:1 ("So…") | 9:12 | | |
| 9:17 | 9:25 | | |
| 10:12 ("Mr. …") | 11:3 | | |
| 11:4 ("Mr. …") | 13:9 | | |
| 13:15 ("Mr. …") | 14:20 | | |
| 14:24 | 16:3 | | |
| 16:9 ("Has . . . ") | 16:14 | 16:16 | 16:23 |
| 17:2 | 17:6 ("No") | 17:6 | 17:7 |
| 17:11 | 18:3 | | |
| 18:7 | 18:25 | | |
| 19:4 | 19:11 | | |
| 19:21 | 22:17 | | |
| 22:21 | 22:23 | | |
| 23:2 | 25:18 | 25:20 | 26:1 |
| 26:3 | 27:11 | | |
| 27:24 ("Isn't …") | 34:25 | | |
| 35:16 | 37:6 | | |
| 37:9 ("And …") | 39:4 | | |
| 39:23 ("part…") | 44:16 | | |
| 45:4 | 45:13 | | |
| 45:14 ("You…") | 52:6 | | |
| 52:10 | 52:18 | | |
| 52:20 ("And…") | 56:6 | | |
| 56:13 | 58:13 | | |
| 58:20 | 59:15 | | |
| 59:16 ("Where…") | 60:1 | | |
| 60:5 | 62:16 | | |
| 62:20 ("I'm…") | 63:2 | | |

| | | | |
|---|---|---|---|
| 63:3 ("And…") | 66:4 | | |
| 66:10 | 70:8 | 70:10 | 70:18 |
| 71:2 | 71:11 | | |
| 71:13 ("I'm…") | 71:17 | | |
| 71:18 ("I'm…") | 71:21 | | |
| 71:22 ("And…") | 71:25 | | |
| 72:1 ("And…") | 72:16 | | |
| 72:17 ("And…") | 72:25 | | |
| 73:2 ("And…") | 73:8 | | |
| 73:9 ("And…") | 73:20 | | |
| 73:21 ("Well…") | 73:25 | | |
| 74:1 ("And…") | 74:25 | | |
| 75:1 ("And…") | 75:4 | | |
| 75:5 ("Well…") | 75:19 | | |
| 86:12 | 87:25 ("sales") | | |
| 88:1 ("for…") | 89:3 | | |
| 92:22 | 93:6 | | |
| 94:17 | 94:24 | 95:1 | 95:3 |
| 95:4 | 95:9 | | |
| 95:23 | 97:3 | | |
| 100:15 | 102:1 | | |
| | | | |

By Defendant:

Trooper Andrew Phillips, 04/26/23

Page 8:8-10;
Pages 10:22-11:1;
Pages 11:7-13:1
Pages 14:2-20:9
Pages 20:16-21:14
Pages 22:3-23:11
Pages 23:21-24:17

Pages 24:19-26:05
Pages 26:10-27:21
Page 28:12-23
Pages 30:19-34:12
Pages 34:18-37:20
Pages 38:01-39:17
Pages 40:6-48:2
Page 48:6-22
Pages 49:23-51:8
Pages 54:8-55:1
Pages 59:18-60:22
Page 61:1-20
Pages 62:5-63:11
Pages 63:19-64:23
Pages 84:11-85:15

Plaintiffs' Counter-Designations to Trooper Andrew Phillips, 04/26/23

Page 6:9-11
Page 22:2
Page 23:15 ("We're…")-20
Page 24:18
Pages 29:1 – 30:18
Page 37:21-23
Pages 61:21 – 62:1
Page 62:4
Pages 65:12 – 66:11
Pages 66:20 – 67:6
Pages 67:20 – 68:8
Page 68:13-14
Pages 68:16 – 71:10
Page 71:18-21
Page 72:3-6
Page 73:10 ("I'm…")-14
Pages 72:18 – 77:10
Pages 78:5 ("Do…") – 79:1
Page 79:6-16

<u>Pages 79:20 – 81:11</u>
<u>Pages 82:15 – 83:20</u>


<u>Jonathan Eisenstsat, 01/15/2024</u>

Page 6:22-7:7
Page 11:3-13
Page 15:8-10
Pages 15:25-16:3
Pages 17:25-18:13
Pages 18:17-19:3
Pages 19:24-21:3
Pages 23:19-24:12
Pages 24:24-25:4
Page 25:6-24
Page 26:5-15
Pages 28:18-29:7
Page 30:4-7
Page 30:19-24
Page 34:14-17
Pages 36:12-37:2
Page 37:4-25
Pages 38:3-39:6
Pages 40:25-42:9
Pages 42:18-44:25
Page 45:6-10
Page 45:12-16
Pages 54:23-55:2

Plaintiffs' Counter-Designations to <u>Jonathan Eisenstsat, 01/15/2024</u>

Page 6:2-3
Page 6:19-21
Page 16:4-9
Page 18:14-15

Page 19:13-15
Page 30:8-18
Page 34:18-24
Pages 35:1 ("You…") – 36:11
Pages 39:7 – 40:22
Page 40:24
Pages 45:17 – 48:22
Pages 53:18 – 54:21
Page 58:8-11

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

**21.**

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.  Limitations, if any, regarding the format and length of

**trial briefs is a matter of individual practice which shall be established by each judge.**

Plaintiffs' Response: See attached.

Defendant's Response: See Attachment H-2 hereto. Additionally, Defendant intends to submit motions in limine and Daubert motions in accordance with the Court's Standing Order Regarding Civil Litigation (Doc. 4).

**22.**

**In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the Jury.**

**Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt**

**and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.**

**23.**

**If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.**

<u>Plaintiffs' Response</u>:  See Attachment "I-1".

<u>Defendant's Response</u>:  Attached.

**24.**

**Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.**

<u>Plaintiffs' Response</u>:  Plaintiffs request 60 minutes for argument, but Plaintiffs' counsel assures the Court that they will make every effort to be more brief than that, for the obvious understood reason that jurors typically appreciate brevity.  In lead counsel's experience, it would likely be impossible to argue any products liability case in thirty minutes.  Despite the simplicity of this case and the

defect at issue, there are still some technical and medical concepts that will not be immediately familiar to the jury.  In addition to arguing liability and causation, Plaintiffs will need time to discuss the value of C.Z.B.'s life, which alone deserves considerable time.

Defendant's Response:  Defendant requests one hour for each side and notes that this case involves a significant number of expert witnesses and technical issues that will be addressed during argument.

## 25.

**If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.**

## 26.

**Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties discussed settlement on January 21, 2025, to discuss in good faith the possibility of settlement of this case.  The court (  ) has or (x) has not discussed settlement of this case with counsel.  It appears at this time that there is:**

**(  )   A good possibility of settlement.**

**(  )   Some possibility of settlement.**

**(X)    Little possibility of settlement.**

**( _ )    No possibility of settlement.**

**27.**

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

Joint Response:  The parties requests that this case be set for a special setting because there are a significant number of expert witnesses, the majority of which reside outside of the District.

**28.**

The plaintiff estimates that it will require 5 days to present its evidence. The defendant estimates that it will require four days to present its evidence. It is estimated that the total trial time is nine days.

**29.**

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( ) submitted by stipulation of the parties or ( x ) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and

**that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.**

IT IS SO ORDERED this _____ day of _____, 2025.


_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

**Counsel for Plaintiffs**

CANNELLA SNYDER LLC
TEDRA L. CANNELLA
  Georgia Bar No. 881085
  Tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
  Georgia Bar No. 404522
  Rob@cannellasnyder.com
DEVIN L. MASHMAN
  Georgia Bar No. 257588
  Devin@cannellasnyder.com
315 W Ponce de Leon Ave, Suite 885
Decatur, GA 30030
404-800-4828
Fax: 404-393-0365

**Counsel for Defendant**

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL
RICHARD H. HILL
  Georgia Bar No. 354425
  RHill@wwhgd.com
LINDSAY G. FERGUSON
  Georgia Bar No. 140970
  LFerguson@wwhgd.com
AARON B. CHAUSMER
  Georgia Bar No. 119998
  AChausmer@wwhgd.com
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
404-876-2700
Fax: 404-875-9433