# ATTACHMENT D
# DEFENDANT'S OUTLINE OF THE CASE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., <br><br> Plaintiffs, <br><br> v. <br><br> ROUGH COUNTRY, LLC, <br><br> Defendant. | Civil Action No. <br><br> 2:22-CV-17-RWS |

## ATTACHMENT "D"

## DEFENDANT'S OUTLINE OF THE CASE

Defendant Rough Country, LLC's outline of the case is being written for the benefit of the Court. Rough Country objects to the parties' outlines of the case and contentions being read to the jury, as facts other than those contained within the outlines may become important during the trial of the case, depending on the evidence presented during Plaintiffs' case-in-chief. Rough Country further objects to Plaintiffs' outline of the case being read to the jury because their outline is argumentative and contains irrelevant and immaterial information.

*Rought Country's Outline of the Case:*

This case arises out of a tragic collision on March 15, 2020. The collision occurred when Hunter Elliott drove drunk on a suspended license, and he sped at 51 miles per hour into the rear of Plaintiffs' care while it idled at a stop light. It is undisputed that Mr. Elliott caused the collision to occur. Mr. Elliott was driving a 2016 Ford F-250 Super Duty truck. The Plaintiffs were driving a much smaller 2008 Ford Escape. As a result of this collision, Plaintiffs' two-year old son, C.Z.B., was killed.

This case is based on Plaintiffs' allegation that C.Z.B. was killed because a lift kit was installed on Mr. Elliott's Ford F-250 Super Duty truck at the time of the collision.

Rough County designs and sells lift kits for a range of vehicles, including trucks. Lift kits are a product that has been on the market for over 40 years. Rough Country has been placing its products into commerce for over 30 years.

Rough Country sold the lift kit at issue to Will Holloway on or about June 21, 2016. Rough Country mailed the lift kit to Mr. Holloway at his home address in Blue Ridge, Georgia. The lift kit at issue was a 4.5-inch lift kit.

Mr. Holloway then took the lift kit to Ronnie Thompson Ford, where a technician installed the lift kit onto his 2016 Ford F-250 Super Duty truck.

Mr. Elliott then subsequently obtained the Ford F-250 Super Duty truck with the lift kit already installed.

On March 15, 2020, almost four years after Rough Country sold the lift kit to Mr. Holloway, Mr. Elliott drove into the rear of Plaintiffs' Ford Escape while it was stopped at a red light. At the time of the collision, Mr. Elliott was driving with a suspended license, had a blood alcohol content greater than 0.252, or three times the legal limit, and was on his cell phone, "FaceTiming" with his girlfriend.

The accident killed Plaintiffs' two-year old son, C.Z.B.

Plaintiffs assert an "enhanced injury" claim, and they contend that the accident would not have killed C.Z.B. but for the lift kit that was installed on Mr. Elliott's truck. Thus, Plaintiffs seek to hold Rough Country liable for C.Z.B.'s death.

Rough Country regrets C.Z.B.'s death, but it believes that C.Z.B. would have died regardless of the lift kit. In other words, the accident would have killed C.Z.B. even if Mr. Elliott's F-250 truck was unlifted.

Plaintiffs assert a strict liability claim based on their contention that Rough Country's lift kit was defectively designed.

Plaintiffs further allege that Rough Country was negligent in its design, assembly, testing, manufacture, inspect, market, and distribution of the lift kit.

Finally, Plaintiff seeks to recover punitive damages from Rough Country. Rough Country has asserted affirmative defenses to this punitive damages claim

based on its constitutional concerns, as outlined in its Answer, which is hereby incorporated herein by reference.

Rough Country denies any and all liability to Plaintiffs.

*Statement of Relevant Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law Relied Upon as Creating a Defense:*

Rough Country refers to its Motion for Summary Judgment [Doc. 95] and its Reply in support thereof [Doc. 107], its Motion for Leave to File Third-Party Complaint for Contribution and its Reply in support thereof [Docs. 17 and 22], and any <u>Daubert</u> motions or motions *in limine* that it may file, and it incorporates all legal authorities and statutes, including case law cited therein, by reference.

O.C.G.A. § 40-8-6 (new) (subject to related motions and argument)

O.C.G.A. § 490-8-6 (old) (subject to related motions and argument)

O.C.G.A. § 40-8-6.1 (old) (subject to related motions and argument)

O.C.G.A. § 51-1-11

*Banks v. ICI Americas, Inc.*, 264 Ga. 732, 735, 450 S.E.2d 671, 674 (1994) ("[W]e conclude that the better approach is to evaluate design defectiveness under a test balancing the risks inherent in a product design against the utility of the product so designed. Hence, we hereby adopt the risk-utility analysis.")

*Banks v. ICI Americas, Inc.*, 264 Ga. 732, 737, 450 S.E.2d 671 (1994) ("[U]nder Georgia law a manufacturer is not an insurer that its product is, from a design viewpoint, incapable of producing injury.")

*Maynard v. Snapchat, Inc.*, 313 Ga. 533, 870 S.E.2d 739 (2022).