# ATTACHMENT F-1
# PLAINTIFFS' WITNESS LIST

# **PLAINTIFF'S WITNESS LIST**

**Plaintiffs will have present at trial:**

Santana Bryson
425 Chubbtown Road
Cedartown, GA 30125

Joshua Bryson
425 Chubbtown Road
Cedartown, GA 30125

G. Bryant Buchner, P.E.
Quest Engineering & Failure Analysis, Inc.
1937 Raymond Diehl Road
Tallahassee, FL 32308

Christopher D. Roche
Mechanical/Automotive Engineer
Robson Forensic, Inc.
354 North Prince Street
Lancaster, PA 17603

Paul R. Lewis, Jr., M.S. BME
Bioforensic Consulting, Inc.
867 Mimosa Boulevard
Roswell, GA 30075

Jonathan Eisenstat, M.D.
3121 Panthersville Road
Decatur, GA 30034

**Plaintiff may have present at trial:**

Rough Country's 30(b)(6) Representative (Rad Hunsley)

Ken Dunn, CEO
Rough Country, LLC

Patrick Just, CFO
Rough Country, LLC

Rad Hunsley
Rough Country, LLC

Carissa J. Kelley
1195 Doyle Road
Cedartown, GA 30125
(Cohen's grandmother)

Cheri Jannette Meaders
1461 Old Hwy 2
Blue Ridge, GA 30513
762-210-8053
(Scene witness)

Trenton Cole Rhodes
151 Sunrise Rd.
Blue Ridge, GA 30513
706-455-2056
(Scene witness)

Thomas Richard Barker
761 Boardtown Rd.
Ellijay, GA 30540
706-502-6582
(Scene witness)

Connie Sue Nix
35 High Country Cir.
Morganton, GA 30560
706-455-5171
(Scene witness)

Tommy Nelson
2059 Dundee Way
Grovetown, GA 30813
706-851-4239
(Scene witness)

Trooper First Class Shane Matheson
Trooper First Class Andrew Phillips
Corporal J. Allison
Trooper A. Church
Georgia State Patrol
SCRT Team
2000 A Cleveland Highway
Gainesville, GA 30506
404-430-8214

Kevin Dills, Coroner
Fannin County Coroner's Office
205 Church St, Blue Ridge, GA 30513
(706) 946-6749

Tracy Padgett
Michael Cornelius
Fannin County EMS
20 Station Ridge
Blue Ridge, GA 30513

Greta Young
77 Blossom Valley
Blairsville, GA 30512
(Friend of the family)

Alana Carroll
5 Cordle Drive
Rome, GA 30165
(Friend of the family)

Heaven Mask
2575 Kingston Highway
Rome, GA 30161
(Friend of the family)

# EXHIBIT 1

4

Plaintiffs' summary of expert testimony is below:

**G. Bryant Buchner, P.E.**
**Quest Engineering & Failure Analysis, Inc.**
**1937 Raymond Diehl Road**
**Tallahassee, FL 32308**

Mr. Buchner is a professional engineer and an expert in the fields of accident reconstruction, engineering, and vehicle dynamics. Mr. Buchner is expected to testify as to the accident reconstruction of the collision in this case, including the speed, forces, movements, and interactions of the vehicles. Mr. Buchner will explain the dynamics of the vehicles during the crash, including the extent to which the F-250 intruded into the Escape during the crash. Mr. Buchner will explain the effect that the lift had on the crash dynamics, and testify about how the crash would have been different if the bumper structures of the vehicle had engaged. Mr. Buchner will testify about the lift, how it works, how far it lifted the F-250, how the occupant space inside the vehicle changed as a result of the subject crash and the effect the lift had on it. He will testify about the effect the lift had on the F250's approach angle as it impacts the utility of the lift. Mr. Buchner bases his testimony on his inspection of the subject vehicles and car seat; his inspection and scans of exemplar vehicles, lift kits, and car seat; his inspection of the wreck scene; the download of the F-250's black box; photographs of the vehicles and of the scene; witness statements; police reports and investigation file; computer simulations; mathematical analyses; depositions taken in this case; vehicle

5

specifications; documents produced in this case; the laws of physics; and his education, experience and training.

Pending the Court's ruling on Plaintiffs' Motion to Exclude the Exponent crash tests, Mr. Buchner may also provide a critique and rebuttal to the Exponent crash test, its methodology, the data they extracted from it, and the conclusions Rough Country's experts purport to reach about it.

Plaintiffs refer Defendant to Mr. Buchner's expert reports and the testimony from his two depositions, which provide further detail regarding his opinions and qualifications.

**Christopher D. Roche**
**Mechanical/Automotive Engineer**
**Robson Forensic**
**354 North Prince Street**
**Lancaster, PA 17603**

Mr. Roche is an expert in the fields of automotive engineering, vehicle structural design, and crashworthiness. Mr. Roche is expected to testify about the principles of crashworthiness and occupant protection, primary and secondary energy absorption systems, and the standard of care for engineers when altering vehicle ride height. He will discuss the Enhancing Vehicle-to-Vehicle Crash Compatibility Agreement (EVC). Mr. Roche will discuss the structure of the 2008 Ford Escape and how it performed in the collision. He is expected to testify that Rough Country's lift kit caused the Ford F-250 to be non-compliant with the EVC,

6

and it created an unreasonable risk of injury and/or death in foreseeable collisions by causing excessive override and intrusion. Mr. Roche will testify about the Owner's Manual for the F-250, specifically, that Ford does not recommend the fitment of lift kits to their trucks. Mr. Roche is further expected to testify that this unreasonable danger was known or should have been known to Rough Country; that Rough Country's design process was inadequate; that this was a foreseeable hazard for a lift kit manufacturer; and that safer, feasible, alternative designs existed at the time the subject lift kit was manufactured that would have preserved the utility of the design and resulted in significantly less risk of injury and/or death due in foreseeable collisions.

    Pending the Court's ruling on Plaintiffs' Motion to Exclude the Exponent crash tests, Mr. Roche may also provide a critique and rebuttal to the Exponent crash test, its methodology, the data they extracted from it, and the conclusions Rough Country's experts purport to reach about it.

    Mr. Roche's testimony is based on inspections of the subject vehicles; his inspection of exemplar vehicles and parts; his review of documents produced in discovery and discovery responses; photographs of the vehicles and of the scene; alternative feasible design options for the subject lift kit; police reports and investigation file; his previous experience in crash protection; depositions taken in this case; specifications; the opinions of other experts in this case; his education,

experience, and training; scientific and other literature; and methods generally accepted in the field of automotive safety, automotive design, and crash protection.

As additional information becomes available in this case, Mr. Roche will review that information and update his opinions if necessary. Mr. Roche will provide his file at his deposition scheduled for November 15, 2023. Plaintiffs refer Defendant to Mr. Roche's expert reports and two depositions, which contain additional detail regarding his opinions and how he arrived at them.

**Paul Lewis, Jr., M.S., BME**
**Bioforensic Consulting, Inc.**
**867 Mimosa Blvd.**
**Roswell, GA 30075**

Mr. Lewis is an expert in the fields of biomechanics, injury causation, prevention and control, and occupant kinematics in motor vehicle collisions. Mr. Lewis is expected to testify about the biomechanics and occupant kinematics in this case. Specifically, Mr. Lewis will discuss the biomechanics of the occupants inside the Escape, with a primary focus on Cohen. He will discuss their movements, the forces on their bodies, the types of injuries that those forces cause, and the relationship of those injuries to the crash intrusion into the occupant compartment. Mr. Lewis will also testify that the forces Cohen would have experienced—if the bumper structures would have engaged—were survivable. Mr. Lewis will testify that the *Mendoza v. Rough Country* and *Bacho v. Rough Country* cases, which he personally investigated, involved death and injury arising

8

from a Rough Country lift that caused the striking vehicle to override the crash protections of the struck vehicles. He will testify that this similar failure mechanism notified Rough County of a problem with its design.

Mr. Lewis's testimony is based on an inspection of the subject vehicles; his inspection of an exemplar Escape and car seat; surrogate testing; his review of documents produced in discovery and discovery responses; photographs of the vehicles and of the scene; police reports and investigations; his previous experience in studying biomechanics in real-world wrecks; depositions taken in this case; the opinions of other experts in this case; his education, experience, and training; scientific and other literature; and methods generally accepted in the field of biomechanics.

Plaintiffs also refer to Mr. Lewis's report and his deposition, which contain more detailed explanations of his opinions and how he arrived at them.

**Jonathan Eisenstat, M.D.**
**3121 Panthersville Road**
**Decatur, GA 30034**

Dr. Eisenstat is a medical doctor, and he was the chief medical examiner for the Georgia Bureau of Investigations (GBI). He is an expert in fields of medicine and forensic pathology. Dr. Eisenstat is expected to testify about C.Z.B.'s injuries and cause of death. Dr. Eisenstat is also expected to testify about the facts and opinions identified in the autopsy he performed. Dr. Eisenstat's testimony is based

on his review of the investigator's report and his personal examination of C.Z.B.'s body, and his education, training, knowledge, and experience as a medical doctor and medical examiner.

Dr. Eisenstat's opinions and the grounds for them are detailed in his autopsy report and his deposition testimony. Dr. Eisenstat is not a retained expert in this case; he is a fact witness with expert opinions as a result of performing C.Z.B.'s autopsy in his capacity as Chief Medical Examiner for the GBI.

**Trooper First Class Shane Matheson**
**Trooper First Class Andrew Phillips**

Trooper Matheson and Trooper Phillips are members of Georgia's Specialized Collision and Reconstruction Team (SCRT), and they investigated this collision. They may testify regarding their investigation and reconstruction of the collision. Based on their training, education, experience, and investigation, these police officers may be called to give expert opinion testimony related to this case. No expert reports under Rule 26 are produced because these experts are fact witnesses who may have expert opinions as a result of their involvement in the crash investigation. They are not experts Plaintiffs have retained in the case. Trooper Matheson's opinions and the ground for them is set out in additional detail in his deposition.