# ATTACHMENT H-2
# DEFENDANT'S TRIAL BRIEF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., <br><br> Plaintiffs, <br><br> v. <br><br> ROUGH COUNTRY, LLC, <br><br> Defendant. | Civil Action No. <br><br> 2:22-CV-17-RWS |

## ATTACHMENT "H-2"
## DEFENDANT'S TRIAL BRIEF

Defendant Rough County, LLC submits this Trial Brief in response to Plaintiffs' "assert[ion] that Rough Country's lifts violate Georgia law," as recognized by the Court. [Doc. 109, at 15.] As explained herein, Plaintiffs' assertion is wrong. Further, even if Rough Country's lift kit may have violated Georgia law, the applicable law, O.C.G.A. § 40-8-6, as it was in effect at the time of the underlying accident, is unconstitutional.[1] Although Rough Country raised these issues in

---

[1] The old O.C.G.A. § 40-8-6 and § 40-8-6.1, which related to lifted vehicles at the at the time of the accident, were subsequently amended and consolidated into a new and current version of O.C.G.A. § 40-8-6 that was modeled on the old O.C.G.A. § 40-8-6.1.

connection with its Motion for Summary Judgment [Doc. 95; *see also* Doc. 107 (Reply in support)], the Court declined to address the issue on the grounds of mootness, but specifically stated that Rough Country could "raise this issue at a later date." [Doc. 109, at 15]. Because this issue may become relevant or material at trial, Rough Country shows the Court as follows:[2]

Plaintiffs "have asserted that Rough Country's lifts violate Georgia law" throughout this case. [Doc. 109, at 15.] For the reasons set forth herein, this assertion is factually wrong based on the language of the old O.C.G.A. § 40-8-6 and -6.1, and the Court should find as such. Alternatively, if the Court either does not make that determination or otherwise finds that Rough Country's lift kit violated the old O.C.G.A. § 40-8-6, that would not change this conclusion because the old O.C.G.A. § 40-8-6 is unconstitutionally vague and cannot be enforced as a matter of law.

## I. ROUGH COUNTRY'S LIFT KIT IN THIS CASE DID NOT VIOLATE GEORGIA LAW

Rough Country's lift kit in this case did not violate Georgia law and it does not currently violate Georgia law. At the time of Plaintiffs' accident in 2020 ("the

---

[2] Rough Country intends to file a motion *in limine* to exclude any mention or argument that Rough Country's lift kit may have violated Georgia law, including the old O.C.G.A. § 40-8-6, based on the legal arguments raised herein. Rough Country submits this Trial Brief out of an abundance of caution to the extent that the underlying issues are legal and not evidentiary in nature.

Accident"), older versions of O.C.G.A. §§ 40-8-6 and 40-8-6.1 were in effect. These statutes were subsequently amended, effective July 1, 2024. As a result of this amendment, the text of the old O.C.G.A. § 40-8-6 was stricken in its entirety, and it is no longer the law in Georgia. O.C.G.A. § 40-8-6.1 was re-numbered as O.C.G.A. § 40-8-6 (*i.e.*, the new statute). There are two critical revisions of these statutes under the current law. *First,* the calculation of the permissible height of a motor vehicle's suspension system is no longer based on "the factory recommendation for such vehicle;" it is based on the height of the vehicle from "the surface of the street." *Compare* O.C.G.A. § 40-8-6 (old) and § 40-8-6 (new). *Second,* whereas the old statutes distinguished between "private passenger motor vehicles" and "trucks," the new O.C.G.A. § 40-8-6 applies to "any motor vehicle." *Compare* O.C.G.A. § 40-8-6 (old), § 40-8-6.1 (old), and § 40-8-6 (new).

The old O.C.G.A. § 40-8-6.1 governed the allowable height of "trucks" in Georgia at the time of the Accident. Although the permissible height of a truck is based on weight, the lowest weight's limit is "27 inches as measured from the surface of the street to the lowest point on the frame of the truck." O.C.G.A. § 40-8-6.1(b). It is undisputed that Mr. Elliott's F-250 truck did not exceed the maximum allowable 27-inch height. (*See* Doc. 95-6, at ¶ 11.) As such, the only issue is whether Mr. Elliott's F-250 truck is a "truck" within the meaning of this statute or a "passenger motor vehicle" within the scope of the old O.C.G.A. § 40-8-6.

-3-

The interpretation of statutes is a question of law for the court. *Montgomery Cnty. v. Hamilton,* 337 Ga. App. 500, 503 (2016). "When presented with a question of statutory interpretation, [the court] begin[s] by examining the statute's plain language, reading the text in its most natural and reasonable way, as an ordinary speaker of the English language would." *Sosebee v. State,* 317 Ga. 424, 427 n. 2 (2023) (quoting *Green v. State,* 311 Ga. 238, 242 (1) (2021)). Statutory terms are given "their plain and ordinary meaning," *Ferguson v. Spraggins,* 371 Ga. App. 727, 902 S.E.2d 708, 714 (2024).

The terms used in O.C.G.A § 40-8-6.1 were defined in O.C.G.A. § 40-1-1, which was also amended, effective July 1, 2024. The old O.C.G.A. § 40-1-1(70) defined "truck" to "mean[] every motor vehicle *designed,* used, or maintained primarily for the transportation of property." (Italics added.) In contrast, O.C.G.A. § 40-8-6's term, "passenger motor vehicle," was (and is) not defined in O.C.G.A. § 40-1-1. The closest term, "passenger car," is defined in subsection (41) to refer to "every motor vehicle . . . designed for carrying ten passengers or less and used for the transportation of persons."

Here, the terms "truck" and "car" are well-known and understood. Sedans, coupes, and sport utility vehicles (SUVs) are designed to carry passengers; they do not have a space designed for the transportation of property like trucks do. These vehicles are "passenger cars" or "passenger motor vehicles," whereas Mr. Elliott's

F-250 truck is unambiguously a "truck." It was designed to carry property in its "bed," a lower walled area specifically designed for that task. The fact that Mr. Elliott's F-250 truck is a "truck" cannot be disputed, as such vehicles are plainly and ordinarily referred to as "trucks" by the manufacturers, dealers, and the public.[3] Further, as described on the Ford Motor Company's website, the F-250 Super Duty is a "truck," has won numerous awards as a "Heavy-Duty Truck," including "North American Truck of the Year™," "America's Most Dependable Heavy-Duty Truck," and its "F-Series® is the best-selling truck in America for the 47th consecutive year."[4] As such, Mr. Elliott's F-250 truck is governed by the old O.C.G.A. § 40-8-6.1 ("trucks"), and not the old O.C.G.A. § 40-8-6 ("passenger vehicles"). And since Plaintiffs admit that Mr. Elliott's F-250 truck did not exceed a height of 27 inches from street level, notwithstanding the installation of Rough Country's 4.5-inch lift, it was not in violation of Georgia law and Plaintiffs' assertion is wrong.

---

[3] *See* Merriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/pickup%20truck (last visited August 8, 2024) (defining "pickup truck" as "a light truck having an enclosed cab and an open body with low sides and tailgate").

[4] *See* Ford Motor Company, *2024 Super Duty,* http://ford.com/trucks/super-duty (last visited August 8, 2024).

## II. TO THE EXTENT THAT MR. ELLIOTT'S TRUCK IS GOVERNED BY O.C.G.A. § 40-8-6, IT IS UNCONSTITUTIONALLY VAGUE.

Based on their pleadings and filings with the Court, it appears that Plaintiffs' assertion is based on the old O.C.G.A. § 40-8-6, which as shown previously is inapplicable to the present case. But to the extent that the Court is inclined to consider Plaintiffs' assertion that Rough Country's lift kit violates Georgia law, it does not matter because the old O.C.G.A. § 40-8-6 is unconstitutionally vague.

O.C.G.A. § 40-8-6(b) reads, in pertinent part, that:

> [i]t shall be unlawful to operate any private passenger motor vehicle upon any highway, roadway, or street if the suspension system of such vehicle has been altered more than two inches above or below *the factory recommendation* for any such vehicle.

(Italics added.) This term – "factory recommendation" – is neither defined in the specific statute, in Title 40, nor the Georgia Code in general. O.C.G.A. § 40-8-6 is a criminal statute because "[a]ny person violating [it] shall be guilty of a misdemeanor." O.C.G.A. § 40-8-6(d).

As a criminal statute, the old O.C.G.A. § 40-8-6 was held to a higher standard. It must give "fair warning of what constitutes criminal conduct." *McNair v. State,* 285 Ga. 514, 517, 678 S.E.2d 69, 71 (2009).

O.C.G.A. § 40-8-6 is unconstitutionally vague because "it fails to convey [a] 'sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices'," *Franklin v. State,* 279 Ga. 150, 151, 611

-6-

S.E.2d 21, 22 (2005). "A statute is impermissibly vague when people of common intelligence are left to guess at its precise meaning or when the standard of conduct is not specified." *Martin v. Wrigley,* 540 F.Supp.3d 1220, 1232 (N.D. Ga. May 21, 2021). Here, O.C.G.A. § 40-8-6's inclusion of the term "factory recommendations" makes the statute impermissibly vague because it "may leave a reasonable individual to speculate as to what conduct is prohibited." *Martin,* 540 F.Supp.3d at 1232. Specifically, because the phrase "factory recommendation" is neither defined nor explained, a person does not know from which height the 2-inch limit begins. There is no evidence in this case establishing the "factory recommended" height for Mr. Elliott's F-250 truck. Indeed, Trooper Phillips, of the Georgia State Patrol, testified that he "would not know how to measure . . . whether it was factory stock or if it was illegal per the statute." (Doc. 95-9, at 64:4-7.)

When examining O.C.G.A. § 40-8-6, it must be read "in its most natural and reasonable way," *Domingue v. Ford Motor Co.,* 314 Ga. 59, 61, 875 S.E.2d 720, 724 (2022). The first step is to "begin with the ordinary meaning of that phrase," unless the term is one of art or technical in nature. *Harris v. State,* 286 Ga. 245, 246, 686 S.E.2d 777, 778-79 (citing O.C.G.A. § 1-3-1(b)). The analysis therefore begins with its ordinary meaning, provided that "persons of common intelligence need not necessarily guess at its meaning nor differ as to its application," *Franklin,* 279 Ga. at 22-23. The fundamental flaw in O.C.G.A. § 40-6-8 is that there is no such thing

as a "factory recommendation" and the statute does not provide a meaning or definition. This is where the vagueness and unconstitutionality arises. *See, e.g., Cotton States Mut. Ins. Co. v. Anderson,* 749 F.2d 663, 669 (11th Cir. 1984) (commercial statutes, despite being subject to lesser scrutiny than criminal ones, are "impermissibly vague . . . if they provide no rule or standard at all," such that they are "substantially incomprehensible"). Because there is no commonly understood meaning to the "factory recommendation," the term is unconstitutionally vague. *Franklin,* 279 Ga. at 23 (examining whether "persons of average intelligence can readily ascertain" the meaning of the term); *see McNair,* 285 Ga. 517, 678 S.E.2d at 71 (driving statute was unconstitutionally vague where material term was left to multiple interpretations). Unlike the old O.C.G.A. § 40-8-6.1, a person "must necessarily guess" at what O.C.G.A. § 40-8-6 means when it references "factory recommendations," and this renders it "too vague to be enforced . . . and [it] is therefore unconstitutional under the due process clauses of the Georgia and United States Constitutions." *McNair,* 285 Ga. at 517, 678 S.E.2d at 71.

Accordingly, O.C.G.A. § 40-8-6 is unconstitutionally vague, and Plaintiffs' assertion that Rough Country's lift kit violated Georgia law is erroneous.

[Signature page follows.]

This 20th day of January, 2025.

        WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

        <u>/s/ Richard H. Hill. II</u>
        Richard H. Hill, II
        Georgia Bar No. 354425
        Aaron B. Chausmer
        Georgia Bar No. 119998

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326        *Attorneys for Defendant Rough Country, LLC*
(404) 876-2700
(404) 875-9433 facsimile
rhill@wwhgd.com
achausmer@wwhgd.com