UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>Plaintiffs,<br><br>v.<br><br>Rough Country, LLC<br><br>Defendant. | Civil Action File<br><br>No. 2:22-cv-17-RWS |

**PLAINTIFFS' RESPONSE TO ROUGH COUNTRY'S EMERGENCY MOTION FOR CLARIFICATION OF COURT'S STANDING ORDER REGARDING CIVIL LITIGATION**

Plaintiffs respectfully request that the Court require Rough Country to respond to Plaintiffs' two threshold motions—i.e., the motion to exclude crash testing and motion to exclude one untimely rebuttal report—within the standard 14 day deadline provided under the Local Rules.[1] Allowing Defendant to delay ruling on these issues (1) could cause a chaotic course of discovery and *Daubert* motions against Rough Country expert Wesley Grimes under the Court's deadline, and (2) will increase the burden on the Court when it considers future *Daubert* motions

---

[1] Plaintiffs do not object to the 14 days running from the date of the Court's Order on Rough Country's "Emergency Motion."

that Plaintiffs are likely to file against Rough Country's experts. Conversely, requiring responses now would make the Court's job simpler and would impose no prejudice or additional burden on Defendant.

*First*, Plaintiffs' Motion to Strike the Untimely and Improper Sur-Rebuttal Report of Wesley Grimes [Doc. 116] must be addressed before the Court's deadline on *Daubert* motions.[2] If the Court denies Plaintiffs' motion, then Plaintiffs must conduct substantial additional discovery on Rough Country's new expert opinions, which were disclosed in December 2024. That guidance is needed long before Plaintiffs must file their *Daubert* Motion against Wesley Grimes.

Alternatively, if the Court grants that motion, then much of the arguments Plaintiffs would make on *Daubert* will be mooted. That would greatly increase the efficient resolution of the future *Daubert* motion on Mr. Grimes and decrease the burden on the Court.

*Second*, the outcome of Plaintiffs Motion to Exclude Defendant's Unrepresentative Crash Test [Doc. 115] will inform several *Daubert* briefs Plaintiffs intend to submit to the Court. Rough Country's experts rely on that crash test. Understanding the admissibility of Rough Country's crash test before the

---

[2] *Daubert* motions are due 14 days before the pretrial conference, which has not yet been set. *See* Doc. 4 at 21.

*Daubert* deadline would allow both parties to streamline the *Daubert* briefing and avoid unnecessary arguments "in the alternative" that hinge on whether the crash test will be excluded. This will reduce the burden on the Court.

Determining whether Rough Country's crash test meets the "substantial similarity" requirement *before* the parties file Daubert motions would promote the interests of the efficient and logical resolution of cases. It would also promote judicial economy by preventing the Court from having to review extensive inapplicable arguments in *Daubert* submissions by the parties.

Additionally, early resolution of these motions will be helpful for an entirely practical reason: guidance from the Court regarding the exclusion of Rough Country's crash test would have the added benefit of facilitating potential settlement discussions by allowing both parties to negotiate with a full understanding of their litigation positions.

This Court has "unquestionable authority to control [its] own docket[]." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citation omitted). That authority includes "broad discretion in deciding how best to manage the cases before [it]," including the "authority to set a filing deadline." *Id*. The Court can set or modify deadlines to ensure the logical and efficient resolution of cases.

Rough Country has also filed two motions against Plaintiffs' experts to exclude supplemental reports. *See* Docs. 118, 119. Rough Country did not include them in its request for "clarification." But Plaintiffs will respond to those motions on the same timeline they propose for Rough Country, as reflected in their Proposed Order, which is attached as Exhibit 1 for the Court's consideration.

Respectfully submitted on January 23, 2025.

        CANNELLA SNYDER LLC

        */s/ Tedra L. Cannella*
        TEDRA L. CANNELLA
          Georgia Bar No. 881085
          tedra@cannellasnyder.com
        ROBERT H. SNYDER, JR.
          Georgia Bar No. 404522
          rob@cannellasnyder.com
        DEVIN L. MASHMAN
          Georgia Bar No. 257588
          devin@cannellasnyder.com

        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030
        (404) 800-4828
        (404) 393-0365 (fax)

        **Attorneys for Plaintiffs**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

                              CANNELLA SNYDER LLC

                              */s/ Tedra L. Cannella*
                              TEDRA L. CANNELLA
                                Georgia Bar No. 881085
                                tedra@cannellasnyder.com
                              ROBERT H. SNYDER, JR.
                                Georgia Bar No. 404522
                                rob@cannellasnyder.com
                              DEVIN L. MASHMAN
                                Georgia Bar No. 257588
                                devin@cannellasnyder.com

                              315 W. Ponce de Leon Ave.
                              Suite 885
                              Decatur, GA 30030
                              (404) 800-4828
                              (404) 393-0365 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *PLAINTIFFS' RESPONSE TO ROUGH COUNTRY'S EMERGENCY MOTION FOR CLARIFICATION OF COURT'S STANDING ORDER REGARDING CIVIL LITIGATION* was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

> Richard H. Hill
> Claire C. Murray
> Lindsay G. Ferguson
> Aaron B. Chausmer
> 3344 Peachtree Road, N.E.
> Suite 2400
> Atlanta, GA 30326
> rhill@wwhgd.com
> cmurray@wwhgd.com
> lferguson@wwhgd.com
> achausmer@wwhgd.com

This 23rd day of January, 2025.

>
> CANNELLA SNYDER LLC
>
> */s/ Tedra L. Cannella*
> Tedra L. Cannella
> Georgia Bar No. 881085
> *Attorney for Plaintiffs*