UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| Santana Bryson and Joshua Bryson, | * | |
| as Administrators of the | * | |
| Estate of C.Z.B., and as surviving | * | |
| parents of C.Z.B., a deceased minor, | * | |
| | * | Civil Action File |
| Plaintiffs, | * | |
| | * | No. 2:22-cv-17-RWS |
| v. | * | |
| | * | |
| Rough Country, LLC | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE
THE UNTIMELY AND IMPROPER SUR-REBUTTAL
REPORT OF WESLEY GRIMES**

## I.    INTRODUCTION

Rough Country ("RC") made the choice to disclose Mr. Grimes' sur-rebuttal report six months after expert discovery closed.  When RC made that untimely disclosure, it violated the Court's Scheduling Order, the Federal Rules, and the Local Rules.  The Court should strike Mr. Grimes' sur-rebuttal report, and the opinions contained therein.

RC's "Notice of Correction" filed February 18, 2025, makes clear that RC's excuse for the late report is simply made up.  RC's response brief claimed that "[t]he Grimes Report was prompted by Plaintiffs' own misconduct and delays."[1]

---

[1] *See* Doc. 129 at 2.

RC complained it could not respond to Mr. Buchner's report within the Court's deadline because it did not receive Mr. Buchner's file materials until more than a month after his supplemental report was produced.[2]  RC alleged that June 19, 2024 was "the first time" that "Plaintiffs' experts expressed their opinions and criticisms of the Crash Test."[3]  Unfortunately for RC, this is flat wrong: as its "Note of Correction" concedes, Plaintiff produced Mr. Buchner's raw data files on May 8, 2024, more than a month before Mr. Grimes' rebuttal opinions were due.

RC urges the Court to blame *RC's* violation of the Scheduling Order on both the *Court* and on *Plaintiffs*.  Those claims fail for several reasons.  *First*, RC's claim that the Court's order did not apply to it ignores the plain language of the order, which applies to "any" rebuttal expert witnesses.[4]  *Second*, most of Mr.

---

[2] The Response claims that it did not receive the files "until eight months" after Plaintiffs' expert disclosure was due.  That is highly disingenuous—the missing files were discovered at the time of Mr. Buchner's deposition, and that deposition was delayed almost two months *due to an extension in expert discovery that RC's counsel asked Plaintiffs to consent to* because of his family emergencies.  *See* Doc. 75 at 2-3.  Plaintiffs agreed and filed the extension for defense counsel to assist him.  They did not benefit from that extension—they had already disclosed Mr. Buchner and his report.  Defendant, however, had an additional three months with the report beyond what was anticipated by the Court's original scheduling Order.

[3] *See* Doc. 129 at 5; *id.* ("Mr. Buchner disclosed [HVE simulations] in his May 8, 2024 amended report, but [they] were not actually produced to Rough Country until after June 19, 2024."); *id.* ("June 19, 2024 . . . was Mr. Grimes' first full opportunity to respond to Mr. Buchner's HVE simulations because, as noted in Mr. Grimes's initial report, in order for Rough Country "[t]o make a full evaluation of [Mr. Buchner's initial] simulation [in his initial report], the HVE file, vehicle geometries, and any site images and geometries [would] be required.").

[4] *See* Doc. 76 at 2.

Grimes' sur-rebuttal opinions concern a crash test he worked on in May ***2023***.[5]
RC had over a year to prepare his tests, measurements, and opinions related to the
crash test within the Court's deadlines.  *Third*, as RC now acknowledges, Plaintiffs
disclosed Mr. Buchner's Amended Report *and* HVE file materials on May 8, 2024.
RC had over a month to prepare and disclose the sur-rebuttal opinions that criticize
Mr. Buchner's simulation or seek more time from Plaintiffs or the Court.

*Fourth*—and most disturbingly—RC's claim that Mr. Grimes could not
create his new sur-rebuttal simulations until it had the transcript from Mr.
Buchner's second deposition on July 11 is patently false, and its falsity is proven in
the record.  During Mr. Buchner's July 11 deposition, RC's counsel flashed one of
Mr. Grimes' simulations on the Zoom screen.[6]  *That same simulation appears in
Mr. Grimes November 26 Report*.[7]   That means Mr. Grimes not only could have
conducted the simulations with the materials he received before Mr. Buchner's
deposition, but that *he actually did conduct* at least one of them before that
deposition.  In other words, RC had what it needed to conduct simulations before
the deadline, but it simply failed to do so.  It then falsely claimed to the Court that

---

[5] *See* Doc. 116-4, Grimes Sur-Rebuttal Report.
[6] Ex. 1, (Exhibit from Mr. Buchner's July 11, 2024 deposition).
[7] Ex. 2, (excerpt of Grimes' Sur-Rebuttal Report at 6).

Mr. Grimes was not "able to begin working" on his rebuttal opinion until after he had the transcript from Mr. Buchner's deposition.[8]

Mr. Grimes' untimely sur-rebuttal report severely prejudices Plaintiffs. Plaintiffs have and will continue to "suffer harm . . . as [they] must expend resources responding to the new opinions in the report[.]" *Fox v. Gen. Motors LLC*, 2019 WL 3483171, at *14 (quotation omitted). RC has already used Mr. Grimes' sur-rebuttal opinions to inject unscientific, post-hoc "measurements" into the Court's consideration of its flawed crash test. Allowing more discovery will put the parties back in expert discovery after the Court has ruled on summary judgment, the proposed pretrial order has been completed and filed, and Plaintiffs are preparing for trial.[9]

The Federal Rules provide the proper remedy for RC's violation—"the party is not allowed to use that information or witness to supply evidence on a motion, at

---

[8] "In short, it was not until after August 2, 2024 (after Mr. Buchner issued his amended report, produced a complete batch of his digital HVE files and reports, and Rough Country received Mr. Buchner's sworn testimony regarding the amended report) that Mr. Grimes was able to begin working on his full and complete opinion in response to Mr. Buchner's HVE simulations." Doc. 126 at 6.
[9] RC claims Plaintiffs should have begun spending the enormous amount of time and money engaging in that discovery after the report was produced on November 28—the same time that Plaintiffs were working on their exhibit list and other components of the pretrial order—which begs the question whether RC's delay was strategic. Plaintiffs express no opinion on that matter, except to note that the prejudice RC's delay caused is real and significant.

a hearing, or at trial[.]" Fed. R. Civ. P. 37(c)(1).  The Court should strike Mr.

Grimes' belated and improper sur-rebuttal report.

## II.    ARGUMENT

### A.    The Court's expert disclosure deadline applied to RC.

RC takes the startling position that the Court's rebuttal expert disclosure

deadline "only applied to Plaintiffs."[10]  Even more startling, RC believes "there

was *no deadline*" for Mr. Grimes's sur-rebuttal report.[11]  Both claims are false.

The Court's Order was clear—"***any*** rebuttal expert witnesses" had to be

disclosed by June 17, 2024, and "***all*** rebuttal expert witnesses" had to be deposed

by July 15, 2024.[12]  The Local Rules are equally exacting—expert disclosures are

required sufficiently early in the discovery period to allow depositions.[13]

RC's citation to *Redstone M&A Grp., LLC v. LaSalle Cap. Grp. II-A, L.P.*

does not support its position.  No. 1:18-CV-3659-AT, 2020 WL 9813533 (N.D.

Ga. Dec. 29, 2020).  In that case, the court noted the distinction between a report

that is offered within the scheduling order time limits and one that is not.  In

*Redstone*, the report was offered within those deadlines; in this case it was not.  *Id.*

at *4.  Thus, under *Redstone*, exclusion is "automatic and mandatory" unless RC

---

[10] *See* Doc. 126, at 15.
[11] *Id.* (emphasis added).
[12] Doc. 76, at 2. (emphasis added).
[13] *See* LR 26.2(C).

can show its violation was justified or harmless. *Id.* Furthermore, *Redstone*

applied Rule 26(a)(3) to a proper *supplemental report*, not a sur-rebuttal report like

Mr. Grimes'. *Id.* at *2.

The Federal Rules are clear—when a party fails to properly "provide

information . . . as required by Rule 26(a) or (e)" then that party "is not allowed to

use that information . . . to supply evidence at a hearing, or at trial, unless the

failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis

added); *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007).

## B.    Mr. Grimes' report was an impermissible sur-rebuttal report.

Throughout its brief, RC interchangeably claims Mr. Grimes' belated report

was either a "supplemental report" or a "reply report." It was neither—RC <u>*admits*</u>

Mr. Grimes' report contained new opinions rebutting the conclusions Plaintiffs'

experts expressed in their rebuttal reports.[14] That is the exact definition of a sur-

rebuttal report. *See Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1329

(N.D. Ga. 2017) (Murphy, J.) ("[S]tatements in the […] Report that purport to

rebut statements in the rebuttal report from Dr. Nutter are improper sur-rebuttal.").

The Federal Rules permit supplemental reports only to correct an

"incomplete or incorrect" disclosure. Fed. R. Civ. P. 26(e). Supplemental reports

are not "a device to allow a party's expert to engage in additional work, or to annul

---

[14] *See* Doc. 126, Def's Br., at 16.

opinion or offer new ones to perfect a litigating strategy." *Coward*, 282 F. Supp. 3d at 1329. Mr. Grimes' report is filled with brand-new work and analysis—the Court should reject RC's attempt to call it a "supplement" as "a tortured and self-serving interpretation of what the Rule allows in an attempt to justify its strategy to introduce opinions and evidence foreclosed by the orders of this Court." *Cochran v. Brinkmann Corp.*, No. 1:08-CV-1790-WSD, 2009 WL 4824858, at *6 (N.D. Ga. Dec. 9, 2009), *aff'd sub nom., Cochran v. The Brinkmann Corp.*, 381 F. App'x 968 (11th Cir. 2010). RC's "twisted attempt to use Rule 26(e) to justify [its] untimely disclosures" is both "unprecedented and unfair." *Id.*; *see also Coward*, 282 F. Supp. 3d at 1329.

RC refers to Mr. Grimes' new opinions as a "reply to Plaintiffs' experts' rebuttal reports."[15] RC's statement is not only accurate—it is an admission that Mr. Grimes' new expert disclosure contained "critiques or responses to [Plaintiffs'] experts," making them "rebuttal statements and untimely." *Fox*, 2019 WL 3483171, at *15 (citing *Coward*, 282 F. Supp. 3d at 1331).

## C. The Court should exclude Mr. Grimes' untimely and improper sur-rebuttal report.

The rules *require* striking Mr. Grimes' sur-rebuttal report unless RC can prove substantial justification or harmlessness. *See* Fed. R. Civ. P. 37(c)(1); *see*

---

[15] *See* Doc. 126, Def's Br., at 16.

*also Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."). RC's violation of the Court's Orders, Local Rules, and Federal Rules was neither.

### 1.    RC's untimely disclosure was not substantially justified.

Substantial justification only exists when "reasonable people could differ as to the appropriateness of the contested action." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017). RC chose to submit an impermissible sur-rebuttal report six months after the Court's expert discovery deadline. Despite months of urging from Plaintiffs, RC did not seek leave of Court to do so.[16] The disclosure of Mr. Buchner's opinions and supporting documentation did not violate a single rule or deadline.[17] But even if it had, that would not permit RC to wait six months to disclose Grimes' report. *See Vision Airlines, Inc. v. SST Air, LLC*, No. 2:12-CV-00021-WCO, 2013 WL 6908935, at *4 (N.D. Ga. Feb. 27, 2013) ("Even if [the other party's] disclosure was itself

---

[16] *See* Doc. 116-6, email string T. Cannella to R. Hill.

[17] The Court's scheduling order required rebuttal opinions to be disclosed by 6/17/24. Mr. Buchner's 5/8/24 "Amended Report" was 4.5 pages and provided the missing HVE raw data, all supporting materials, and made small corresponding corrections to his own work (thus, it was a supplemental report under the rules). His 10-page Rebuttal Report rebutted Mr. Grimes opinions about the crash test, and it was disclosed 6/17/24.

untimely, that fact alone is not considered sufficient justification for failing to timely disclose an expert witness.").

Furthermore, the vast majority of Grimes' December 2, 2024 report (dated 11/26/24) was dedicated to rebutting Plaintiffs' experts' opinions regarding RC's May 15, **2023** crash test.  His rebuttal report includes 15.5 pages of sur-rebuttal responding to Plaintiffs' criticisms of the crash test, but only 3 pages of discussion of Mr. Buchner's HVE analysis (in addition to 4 pages of screenshots of HVE simulations).  The more than 15 pages of crash test opinions have nothing to do with Mr. Buchner's computer simulations.  Mr. Grimes waited a year and a half to disclose new "measurements" from a test he helped orchestrate, design, and physically attended in 2023.  RC identifies no substantial justification (or any justification) for the delay in providing opinions about its own crash test.

RC identifies no substantial justification for its delay in disclosing rebuttal to Mr. Buchner's Amended Report (regarding the HVE work), which was produced with the raw data files on May 8, 2024.[18]  Mr. Grimes and his team of eight support engineers working on this case had over a month to provide a rebuttal report within the Court's deadline.[19]  As noted above, it is undisputable that Mr.

---

[18] *See* Doc. 119-2, Buchner Amended Report; *see also* Doc. 125-7, May 8, 2024 email producing Mr. Buchner's simulation file.

[19] *See* Doc. 125-10, Grimes Dep., at 52:7-22; *see also* Doc. 76 (setting RC's deadline to disclose rebuttal reports on June 17, 2024).

Grimes had the information he needed to conduct his rebuttal simulations before Mr. Buchner's deposition because RC's lawyer showed one of those simulations to Mr. Buchner at the deposition.

### 2.    RC's untimely disclosure was not harmless.

Courts consider several factors when determining whether a party's failure to disclose an expert report is harmless, including: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclos[e] the evidence."[20]  *McEver v. Nw. Mut. Life Ins. Co.*, No. 5:19-CV-00394-TES, 2021 WL 5140930, at *3 (M.D. Ga. Nov. 3, 2021) (quoting *Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1366 (S.D. Ga. 2016)).  Each factor demonstrates the severe prejudice caused by RC's six-months late disclosure of Mr. Grimes' sur-rebuttal report.

---

[20] The fifth factor "pertains only to whether a Rule 26 violation was substantially justified."  *Riley v. Lake City Nursing & Rehab. Ctr., LLC*, No. 1:20-CV-04986, 2023 WL 3627889, at *6 n.2 (N.D. Ga. Mar. 7, 2023); *see also Thornton v. United States*, No. CV 111-106, 2013 WL 443666, at *6 n.10 (S.D. Ga. Feb. 5, 2013) (same).

### i. Plaintiffs were surprised by the contents of Mr. Grimes' sur-rebuttal report.

The sur-rebuttal report consists entirely of new tests and opinions—Mr. Grimes created four new crash test simulations, a new exemplar test, a new photogrammetry analysis, and new "measurements" designed to manufacture a dispute about the crash test's flawed variables.[21]  Plaintiffs did not know the contents of Mr. Grimes' new sur-rebuttal opinions until RC disclosed them on December 2, 2024.  The first factor weighs heavily in favor of exclusion, because the late report has extensive new work and does not simply correct minor aspects of his earlier work.

### ii. Plaintiffs cannot cure the surprise caused by Mr. Grimes' sur-rebuttal report.

Expert discovery closed six months before RC disclosed Mr. Grimes' sur-rebuttal report.  Plaintiffs had *no* opportunity to cure their surprise by taking Mr. Grimes' deposition or seeking additional discovery.  *See Blacklick Hotspot Corp. v. Mansfield Oil Co. of Gainesville, Inc.*, No. 2:21-CV-214-RWS, 2023 WL 6373897, at *4 (N.D. Ga. Aug. 14, 2023) ("With regard to the harmlessness inquiry, courts often look to whether the non-disclosing party has been unable to prepare its case by deposing the witness during the discovery period.") (Story, J.).

---

[21] *See* Doc. 115-8, Grimes Sur-Rebuttal Report.

RC makes no attempt to distinguish the cases from this circuit holding far less severe violations sufficiently prejudicial to strike the expert's report.  In *Reese*, the Eleventh Circuit affirmed excluding a plaintiff's expert affidavit filed only seven weeks after the close of discovery because it "foreclosed the defendants' opportunity to depose [the expert]."  527 F.3d at 1265.  Courts routinely hold less severe violations harmful enough to warrant exclusion.  *See, e.g., Guevara*, 920 F.3d at 719 (affirming exclusion of two untimely supplemental reports disclosed less than five weeks after discovery closed); *Corwin*, 475 F.3d at 1239 (affirming exclusion of a four-day-late disclosure of a supplemental financial report); *Rigby v. Philip Morris USA, Inc.*, 717 Fed. App'x. 834, 835 (11th Cir. 2017) (affirming striking untimely-disclosed witnesses as harmful because the disclosure occurred "only after the discovery period had ended").

Plaintiffs could not pursue discovery related to Mr. Grimes' sur-rebuttal opinions during the expert discovery period.  Now, those opinions will either bypass the scrutiny of expert discovery altogether or Plaintiffs will have to suffer the significant delay and expense associated with an expert discovery "do over." Either option would cause severe and irreversible prejudice.

### iii.  Allowing Mr. Grimes' sur-rebuttal report would delay and disrupt the trial.

RC effectively granted itself a six-month extension of expert discovery, which will require months of additional discovery by Plaintiffs.  A full review of

Mr. Grimes' new sur-rebuttal file materials, a second deposition, and additional
expert work to rebut Mr. Grimes' new opinions would take several months. The
parties have submitted their pretrial order, and Plaintiffs are preparing for trial.
Allowing RC's untimely disclosure would disrupt trial preparation and require
extensive, additional expert discovery long after the discovery period ended. *See
Culliver v. BP Exploration & Prod., Inc.*, No. 3:21CV4942-MCR-HTC, 2023 WL
11261158, at *5 (N.D. Fla. Sept. 19, 2023) ("An untimely expert report that
requires an opposing party to conduct additional discovery and otherwise disrupts
preparation and strategy may be prejudicial.").

> **iv.    Mr. Grimes' sur-rebuttal report contains collateral
> opinions he should have created months earlier.**

Granting Plaintiffs' motion would not impact Mr. Grimes' core opinions.
He disclosed those in his 37-page initial report.[22] Mr. Grimes *already* provided
opinions about Exponent's crash test and Mr. Buchner's HVE simulation in his
initial report.[23] Preventing Mr. Grimes' new disclosures about the same topics
would not be unfair to RC—it would properly prevent RC from "abus[ing] Role
26(e) to merely bolster a defective or problematic expert report." *Companhia
Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 3102225, at
*6 (S.D. Fla. June 2, 2016).

---

[22] Doc. 115-3, Grimes Initial Report.
[23] *Id.*

**D.    The Court should exclude Mr. Grimes' sur-rebuttal report.**

RC's citations to cases discussing the "fairness" of excluding undisclosed evidence are readily distinguishable—*none* of those cases concern an untimely expert report submitted after the close of discovery. *See Brooks v. United States*, 837 F.2d 958, 961 (11th Cir. 1988) (reversing exclusion of a witness where there was no violation of a scheduling order); *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994) (excluding untimely disclosed witness testimony "*did not* result in fundamental unfairness") (emphasis added); *Redstone M&A Grp.*, 2020 WL 9813533, at *2 (discussing a supplemental report that was "timely on its face" and "in accordance with the schedule set out by the Court"). Caselaw discussing timely disclosures does nothing to support RC's conduct—its disclosure was far from timely. The only possible unfairness related to Mr. Grimes' sur-rebuttal report would come from *permitting* it. *Cochran*, 2009 WL 4823858, at *6; *Coward*, 282 F. Supp. 3d at 1329.

## III.    CONCLUSION

Plaintiffs respectfully request that the Court strike Mr. Grimes' sur-rebuttal report and prohibit him from testifying to its contents. If the Court declines to do so, Plaintiffs request an additional two months to complete discovery on the new opinions and expert work, to file any motions to compel arising from this matter, and to assess whether they need time for additional expert reports or opinions.

Respectfully submitted on February 25, 2025,

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
TEDRA L. CANNELLA
  Georgia Bar No. 881085
  tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
DEVIN L. MASHMAN
  Georgia Bar No. 257588
  devin@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (fax)

***Attorneys for Plaintiffs***

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
TEDRA L. CANNELLA
  Georgia Bar No. 881085
  tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
DEVIN L. MASHMAN
  Georgia Bar No. 257588
  devin@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE UNTIMELY AND IMPROPER SUR-REBUTTAL REPORT OF WESLEY GRIMES* was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 25th day of February, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*