IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., <br><br> Plaintiffs, <br><br> v. <br><br> ROUGH COUNTRY, LLC, <br><br> Defendant. | Civil Action No. <br><br> 2:22-CV-17-RWS |

**DEFENDANT ROUGH COUNTRY'S MOTION IN LIMINE REGARDING PLAINTIFFS OR THEIR INJURIES FOLLOWING THE ACCIDENT**

COMES NOW Defendant Rough Country, LLC, and hereby moves this Court *in limine* requesting that an Order be entered prohibiting, excluding, limiting, and suppressing any and all evidence, proffers, tenders, comments, statements, testimony, colloquy, or any other utterance or allusion in the presence of the jury with respect to circumstances immediately following the accident at issue ("the Accident") or any injuries that Plaintiffs incurred as a result of the Accident.

Although Plaintiffs were involved in the Accident, they are not asserting any personal claims for injuries caused by it. Plaintiffs' claims focus solely on the death of their son, C.Z.B. There is video footage of Plaintiffs immediately following the

Accident that was obtained from police body worn cameras or other sources. This video footage includes images of Plaintiffs immediately after the Accident. Plaintiffs however have no recollection of what happened immediately after the Accident. [*See, e.g.*, Doc. 99 (Depo. of J. Bryson), at 7 (24:3-7) ("I have a small memory of going to the red light because I remember Santana saying somebody behind her had very bright lights. And that's really the last thing that I can remember from that night for the accident."); and 8 (26:17-27:1) ("I don't remember anything from the actual impact" and "That's about all I remember until waking up the next day."); *see also* Doc. 98 (Depo. of S. Bryson), at 7 (22:4-6) ("all I seen was bright lights. I don't see nothing else. And that's all I remember."); 7 (23:17-18) ("the next thing I remember, waking up in the hospital") and 14 (52:2-4) (her "memory is very hazy. Literally, that whole week after the car wreck is still hazy.")]

Similarly, Plaintiffs suffered injuries and complications as a result of the Accident. For example, Plaintiff Santana Bryson was pregnant at the time of the Accident, and she was subsequently airlifted to Erlanger hospital in Chattanooga. [Doc. 98 (Depo. of S. Bryson), at 9 (31:12-13).] Ms. Bryson gave birth prematurely to her son five days after the Accident. [*Id.*, at 9 (32:8-12) (she "labored for five days").] Following his birth, Chandler then stayed in the NICU for four months, during which time his parents lived in a hotel due to COVID. [*Id.*, at 9-10 (32:20-33:6).]

**ARGUMENT AND CITATIONS OF LEGAL AUTHORITY**

I. <u>Applicable Law</u>

A motion *in limine* is a pretrial motion by which a party seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See, e.g., Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "The real purpose of a Motion in Limine is to give the trial judge notice of the movants' position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial." *Soto v. Geico Indem. Co.*, No. 6:13-CV-181-ORL-40KRS, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) (citation and internal quotation marks omitted). Judges have broad discretion when ruling on such motions. *See, e.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-5 (11th Cir. 2005). Further, "[i]t is 'an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings'." *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022).

Rough Country shows that the matters set forth herein are not relevant to any issue at trial in this case, and they are inadmissible under the law for any purpose. Alternatively, the prejudicial nature or likelihood of confusing the jury based on such matters exceed any probative value that they might have in connection with this case. Permitting the questioning of witnesses, comments in the presence of the jurors or

prospective jurors or the offering documentary or other evidence in the matters addressed herein would unduly prejudice or likely mislead the jury, and sustaining objections to such questions, comments, or other such matters would not cure such prejudice. Rather, doing so would reinforce the impact of such prejudicial matters in contraventions of the law.

Accordingly, Rough Country moves *in limine* to bar and preclude Plaintiffs from making inquiry, reference, or argument as to the topics addressed herein. Rough Country further requests an order directing Plaintiffs' counsel to inform any and all of Plaintiffs' witnesses of the Court's orders regarding the matters set forth and instructing any and all such witnesses to refrain from mentioning any such matters in the presence and hearing of all jurors or prospective jurors until such time as the Court may enter an order that such matters have become admissible in this case.

Evidence is relevant if it "is of consequence in determining the action." Rule 401(b). Evidence that is not relevant "is not admissible." Rule 402. Similarly, even if evidence may have some probative value, it can be "exclude[d] . . . if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury," Rule 403.

This case is about what happened prior to the Accident, what caused the Accident and C.Z.B.'s death, and Rough Country's lift kits.

What happened in the aftermath of the Accident is irrelevant to any issues in this case. For example, there is footage of the scene after the Accident, but it does not have any bearing on this case. Moreover, Plaintiffs admit that they do not recall anything about what happened after the Accident. Finally, although Plaintiffs may have suffered some injury, including Ms. Bryson's premature delivery of Chandler, their injuries are not at issue.

It would be unfairly prejudicial for Plaintiffs to present any such evidence, testimony, or argument to the jury. Moreover, it could confuse or mislead the jury into thinking that Plaintiffs' injuries from the Accident are somehow at issue; but they are not. While the effects of the Accident on Plaintiffs are sad and unfortunate, there presentation to the jury would only be intended to arouse the jury's sympathy or to anger the jury at Rough Country. This is inappropriate.

Accordingly, any effort by Plaintiffs to present evidence, testimony, or argument about either the scene of the Accident (including any video footage) or about what happened after the Accident, such as Ms. Bryson being airlifted to the hospital or giving birth prematurely, should be excluded from the trial of this case.

## CONCLUSION

Accordingly, for the foregoing reasons, any reference to the circumstances immediately following the Accident or any injuries that Plaintiffs incurred as a

result of the Accident should be excluded from the trial of this case, and this Motion should be GRANTED.

This 10th day of March, 2025.

|  |  |
|---|---|
|  | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC |
|  | /s/ Aaron Chausmer |
| 3344 Peachtree Road, N.E.<br>Suite 2400<br>Atlanta, GA 30326<br>Phone: 404-876-2700<br>Fax:   404-875-9433<br>rhill@wwhgd.com<br>achausmer@wwhgd.com | Richard H. Hill, II<br>Georgia Bar No. 354425<br>Aaron B. Chausmer<br>Georgia Bar No. 119998<br>*Attorneys for Defendant Rough Country, LLC* |

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 10th day of March, 2025.

                                              */s/ Aaron Chausmer*
                                              Aaron B. Chausmer
                                              Georgia Bar No. 119998

## CERTIFICATE OF SERVICE

This is to certify that I have electronically served the foregoing filing with the Clerk of Court via CM/ECF, which will send a copy to the following attorneys of record:

Tedra L. Cannella
Robert H. Snyder, Jr.
Devin Mashman
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

***ATTORNEYS FOR PLAINTIFFS***

This 10th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998