## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., | |
| Plaintiffs, | Civil Action No. |
| v. | 2:22-CV-17-RWS |
| ROUGH COUNTRY, LLC, | |
| Defendant. | |

## DEFENDANT ROUGH COUNTRY'S MOTION IN LIMINE REGARDING ITS USE OF EXPERTS OR ACCEPTANCE OF LIABILITY

COMES NOW Defendant Rough Country, LLC, and hereby moves this Court *in limine* requesting that an Order be entered prohibiting, excluding, limiting, and suppressing any and all evidence, proffers, tenders, comments, statements, testimony, colloquy, or any other utterance or allusion in the presence of the jury about it use or non-use of expert witnesses in this case or its acceptance of liability in this case.

Specifically, Plaintiffs have argued to this Court that Rough Country "could not find a single expert to testify that its lift kit was safe – it *literally* could not pay someone to defend its product." [Doc. 115, at 1 (italics in original).] Plaintiffs have

no basis or foundation to make this spurious allegation. Plaintiffs then continue that, "[i]nstead of accepting liability for the death it caused, RC argues that the Brysons' two-year old son would have died in the collision regardless of whether the F-250 had a RC lift kit installed." (*Id.*) Any such statements should be excluded from trial.

ARGUMENT AND CITATIONS OF LEGAL AUTHORITY

I.    <u>Applicable Law</u>

A motion *in limine* is a pretrial motion by which a party seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See, e.g., Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "The real purpose of a Motion in Limine is to give the trial judge notice of the movants' position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial." *Soto v. Geico Indem. Co.*, No. 6:13-CV-181-ORL-40KRS, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) (citation and internal quotation marks omitted). Judges have broad discretion when ruling on such motions. *See, e.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-5 (11th Cir. 2005). Further, "[i]t is 'an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings'." *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022).

Rough Country shows that the matters set forth herein are not relevant to any issue at trial in this case, and they are inadmissible under the law for any purpose. Alternatively, the prejudicial nature or likelihood of confusing the jury based on such matters exceed any probative value that they might have in connection with this case. Permitting the questioning of witnesses, comments in the presence of the jurors or prospective jurors or the offering documentary or other evidence in the matters addressed herein would unduly prejudice or likely mislead the jury, and sustaining objections to such questions, comments, or other such matters would not cure such prejudice. Rather, doing so would reinforce the impact of such prejudicial matters in contraventions of the law.

Accordingly, Rough Country moves *in limine* to bar and preclude Plaintiffs from making inquiry, reference, or argument as to the topics addressed herein. Rough Country further requests an order directing Plaintiffs' counsel to inform any and all of Plaintiffs' witnesses of the Court's orders regarding the matters set forth and instructing any and all such witnesses to refrain from mentioning any such matters in the presence and hearing of all jurors or prospective jurors until such time as the Court may enter an order that such matters have become admissible in this case.

II.    Rough Country's Use or Non-Use of Experts

Any argument by Plaintiffs about Rough Country's use or non-use of experts in this case should be excluded because it lacks foundation, is irrelevant and

inaccurate, and will waste the Court's (and the parties') time at trial because it does not go to the issues before the Court or the jury. More specifically, as Plaintiffs recognize, Rough Country "argues that the Brysons' two-year old son would have died in the collision regardless of whether the F-250 had a RC lift kit installed." This is exactly correct, because this case is specifically about whether Rough Country's lift kit caused C.Z.B.'s "enhanced injury," *i.e.*, death. [Doc. 39 (Plaintiffs' First Amended Complaint for Damages), at 1 ("This is an enhanced injury products liability case."); *see id.*, at 15, ¶ 75 ("Plaintiffs seek all damages for enhanced injuries"). Consistent with Georgia law, Plaintiffs are "require[d] . . . to prove that a defect was a substantial factor in producing damages over and above those that were caused as a result of the original collision." *Meeks v. Newcomb*, No. 3:16-CV-193-TCB, 2019 WL 12528800, at *9 (N.D. Ga. July 3, 2019). In other words, Plaintiffs are "required to prove" that C.Z.B. would have died in the subject collision even if the F-250 was unlifted.

Any argument about the experts that Rough Country retained or did not retain has no probative value to this case. As such, it should be excluded from trial.

Similarly, because Plaintiffs have no basis for any arguments about Rough Country's use or non-use of experts, it would be misleading and prejudicial to allow Plaintiffs to present any such arguments to the jury, especially when Plaintiffs

acknowledge that Rough Country's experts address the ultimate issue in this case, whether Rough Country's lift kits caused C.Z.B.'s enhanced injury in this case.

III.   Rough Country's Acceptance of Liability

Any argument by Plaintiffs that Rough Country has not "accept[ed] liability" or the like should be excluded because it would be misleading and prejudicial. It also has no probative value.

Inherent in the argument that Rough Country was obligated to accept liability is the premise that Rough Country is, in fact, liable – which is the ultimate issue before the jury. Among other things, it also impermissibly switches the burden in this case from Plaintiffs (who must prove liability) to Rough Country by indicating, implying, or otherwise conveying to the jury that Rough Country was legally obligated to accept liability unless it could show otherwise. *See, e.g., United States v. Aegis Therapies, Inc.*, No. CV 210-072, 2015 WL 1541491, at *9 (S.D. Ga. Mar. 31, 2015) (excluding expert testimony that "repeatedly applies an incorrect and misleading standard"); *see also Noskowiak v. Bobst SA*, No. 04-C-0642, 2005 WL 2146073, at *5 (E.D. Wis. Sept. 2, 2005) (excluding testimony that would "be a source of confusion by invoking a legal standard, which entails a different set of issues than those operative in the present controversy."). Any such argument should be excluded from trial.

## CONCLUSION

Accordingly, for the foregoing reasons, any reference to Rough Country's use or non-use of experts, or its failure to "accept[] liability," should be excluded from the trial of this case.

This 10th day of March, 2025.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
Phone:  404-876-2700
Fax:   404-875-9433
rhill@wwhgd.com
achausmer@wwhgd.com

/s/ Aaron Chausmer
Richard H. Hill, II
Georgia Bar No. 354425
Aaron B. Chausmer
Georgia Bar No. 119998
*Attorneys for Defendant Rough Country, LLC*

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 10th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically served the foregoing filing with the

Clerk of Court via CM/ECF, which will send a copy to the following attorneys of

record:

Tedra L. Cannella
Robert H. Snyder, Jr.
Devin Mashman
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

### *ATTORNEYS FOR PLAINTIFFS*

This 10th day of March, 2025.

/s/ Aaron Chausmer
Aaron B. Chausmer
Georgia Bar No. 119998