**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B.,<br><br>Plaintiffs,<br><br>v.<br><br>ROUGH COUNTRY, LLC,<br><br>Defendant. | Civil Action No.<br><br>2:22-CV-17-RWS |

## DEFENDANT ROUGH COUNTRY'S MOTION IN LIMINE REGARDING *BACHO*, *MENDOZA* AND ANY OTHER LAWSUITS

COMES NOW Defendant Rough Country, LLC, and hereby moves this Court *in limine* requesting that an Order be entered prohibiting, excluding, limiting, and suppressing any and all evidence, proffers, tenders, comments, statements, testimony, colloquy, or any other utterance or allusion in the presence of the jury with respect to the so-called *Bacho*, *Mendoza*, and *Gomez* cases, or any other lawsuit involving Rough Country, in their entirety. Alternatively, Plaintiffs should be prohibited from referencing either (1) the motor vehicle collisions at issue in either *Bacho*, *Mendoza, Gomez*, or any other lawsuit, including any injuries sustained as a result of those collisions or (2) Rough Country's settlement of any such lawsuits.

Lift kits have been on the market for over 40 years, and Rough Country has been selling its products, including lift kits, for over 30 years. Before this case, Rough Country was sued three times in connection with its lift kits. In 2014, Rough Country was sued in the *Bacho* case[1] and, in 2010, it was sued in the *Mendoza* case.[2] (There is a third case, *Gomez*[3], but it has not been identified as much by Plaintiffs as either *Bacho* or *Mendoza*.)

Although the allegations in *Bacho* and *Mendoza* contended that a Rough Country lift kit affected the tragic outcomes of their respective motor vehicle collisions, neither case was substantially similar to the front-to-rear collision at issue in this case between Hunter Elliott's 2016 Ford F-250 Super Duty truck and Plaintiffs' 2008 Ford Escape. Both *Bacho* and *Mendoza* involved different vehicles, with lift kits of different heights, and different types of collisions. Plaintiffs' expert, Paul R. Lewis, Jr., has frequently admitted that:

---

[1] *Natalie Bacho and Stephen Bacho, as Surviving Parents of A.B., a deceased minor, v. Rough Country*, in the U.S. District Court for the Northern District of Georgia, Newnan Division, 3:14-cv-40-TCB.

[2] *Javier and Martha Mendoza, Individually and as Next Friends of Desiree Mendoza, an Incapacitated Adult and Justin Mendoza, Minor, v. Heckethorn Products, Inc. d/b/a Rough Country et al.*, In the District Court, 197th Judicial District, Willacy County, Texas, 2010-CV-09172-A.

[3] *Jesus Gomez, Sr., as Next Friend of Dina Gomez, v. Rough Country et al*, In the District Court, 139th Judicial District, Hidalgo County, Texas, Cause No. C-3460-11-C.

- "the details of these cases are different from *Bryson*," [Doc. 118-1 (Lewis's "Supplemental Report," dated March 15, 2024), at 2];

- *Bryson* involved a front-to-rear collision, but *Bacho* involved a side impact (T-bone) collision, and *Mendoza* involved a frontal impact, [Doc. 118-2 (Depo. of Lewis, taken on March 18, 2024), at 38 (147:3-16)];

- *Bryson*, *Bacho*, and *Mendoza* all involved different speeds and different "Delta-v's," [*id.*, at 38 (147:17-20)];

- *Bryson*, *Bacho*, and *Mendoza* all involved different vehicles of different weights and different "coefficient[s] of restitution and stiffness," [*id.*, at 38 (146:3-147:2); *see also* Doc. 118-1, at 1-2]; and

- *Bryson*, *Bacho*, and *Mendoza* all involved lift kits of different sizes, [*id.*, at 38 (147:21-148:1)].

In sum, neither *Bacho* nor *Mendoza* are substantially similar to *Bryson*.

## ARGUMENT AND CITATIONS OF LEGAL AUTHORITY

### I.    Applicable Law

A motion *in limine* is a pretrial motion by which a party seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See, e.g., Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "The real purpose of a Motion in Limine is to give the trial judge notice of the movants' position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial." *Soto v. Geico Indem. Co.*, No. 6:13-CV-181-ORL-40KRS, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) (citation and internal quotation marks omitted). Judges have broad discretion when ruling on such motions. *See, e.g., Cook ex rel.*

*Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-5 (11th Cir. 2005). Further, "[i]t is 'an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings'." *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022).

Rough Country shows that the matters set forth herein are not relevant to any issue at trial in this case, and they are inadmissible under the law for any purpose. Alternatively, the prejudicial nature or likelihood of confusing the jury based on such matters exceed any probative value that they might have in connection with this case. Permitting the questioning of witnesses, comments in the presence of the jurors or prospective jurors or the offering documentary or other evidence in the matters addressed herein would unduly prejudice or likely mislead the jury, and sustaining objections to such questions, comments, or other such matters would not cure such prejudice. Rather, doing so would reinforce the impact of such prejudicial matters in contraventions of the law.

Accordingly, Rough Country moves *in limine* to bar and preclude Plaintiffs from making inquiry, reference, or argument as to the topics addressed herein. Rough Country further requests an order directing Plaintiffs' counsel to inform any and all of Plaintiffs' witnesses of the Court's orders regarding the matters set forth and instructing any and all such witnesses to refrain from mentioning any such matters

in the presence and hearing of all jurors or prospective jurors until such time as the Court may enter an order that such matters have become admissible in this case.

II.    Any Reference to Other Lawsuits Involving Rough Country Should be Excluded in their Entirety

"Evidence of other lawsuits is generally considered to be inadmissible hearsay." *Smith v. E-backgroundchecks.com, Inc.*, No. 1:13-CV-02658-RGV, 2015 WL 11233453, at *1 (N.D. Ga. June 4, 2015); *see also ADT LLC v. Vivint Smart Home, Inc.*, No. 20-CV-23391, 2023 WL 3568117, at *11 (S.D. Fla. May 19, 2023) ("external proceedings such as other lawsuits and investigations are inadmissible hearsay for purposes of ADT urging the truth of the allegations in them, and I therefore exclude evidence of them for that purpose").

> And even if it was not hearsay, generally "evidence of other lawsuits and the factual allegations therein is inadmissible under Rule 403" because "[a]lthough other lawsuits may ultimately show that the [TVT-O] is defective, *the jury must still find that the [TVT-O] caused [Plaintiff's] injuries." [Cit. omitted.] "Evidence of other lawsuits is likely to confuse and mislead the jury from that task, and it is highly prejudicial to"* Defendants.

*Ruberti v. Ethicon, Inc.*, No. 2:20-CV-874-WKW, 2022 WL 17875833, at *4 (M.D. Ala. Dec. 22, 2022) (italics added). This stated concern, showing that the lift kit caused the injury at issue, is especially concerning because it goes to the root of this case given Plaintiffs' claim of "enhanced" injury (*i.e.*, that but for the lift kit, C.Z.B.

would have survived the 51 m.p.h. collision). And so, any reference to *Bacho*, *Mendoza*, or any other lawsuit involving Rough Country should be excluded.[4]

The reason for this is simple: Rough Country defended itself in all lawsuits, has disputed liability, and *there has never been any adjudication that Rough Country's products were dangerous*. *See, e.g.*, *Smith*, 2015 WL at *1 ("plaintiff has not explained how mere proof of prior lawsuits against BGC has any probative value, particularly since he has not contested BGC's contention that 'in no other lawsuit has a court or jury ever found that BGC violated the FCRA.'").

The risk of allowing evidence, testimony, or argument about prior lawsuits is that this case will devolve into a series of mini-trials, one for each lawsuit. *See, e.g.*, *id.*, 2015 WL at *2 ("[e]ven if plaintiff could demonstrate some probative value from allegations in other lawsuits, presenting evidence of these other cases would lead to a series of mini-trials that would likely confuse and mislead the jury from the task at hand of evaluating plaintiff's claims in this case and result in a waste of time and

---

[4] In prior filings, Plaintiffs have referenced Rough Country's discovery responses or pleadings from *Bacho* and/or *Mendoza*. For the reasons set forth herein, such "evidence" should be excluded from trial. However, if the Court is inclined to allow Plaintiffs to mention prior discovery responses or pleadings, then Plaintiffs should be ordered to refer to the same as "'previous testimony' and [to] identify the date the testimony was given, but without mentioning the case name in which the testimony was given." *Ocasio v. C.R. Bard, Inc.*, No. 8:13-CV-1962-CEH-AEP, 2021 WL 2787993, at *2 (M.D. Fla. July 5, 2021).

judicial resources"); *see also A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2018 WL 5886663, at *9 (S.D. Fla. Nov. 9, 2018) (same).

Alternatively, it would be unduly prejudicial to Rough Country because the jury may assume that Rough Country was responsible, just because a lawsuit was filed. But anyone can file a lawsuit against anyone, at any time, and for any reason. The mere filing of a suit does not mean that liability or responsibility attached to Rough Country, but it is likely that the jury may think exactly that. *See, e.g., ADT LLC*, 2023 WL at *11 ("although ADT *says* it also wants to introduce the evidence for the non-hearsay purpose of notice, . . . it will be extremely difficult to deem the evidence relevant for the purpose of notice without advising the jury that the allegations are **true** (<u>or permitting the jury to reach that unavailable conclusion on its own</u>)") (underline added; italics and bold in original).

As such, any probative value that the prior lawsuits against Rough Country might have would be significantly outweighed by the prejudice to Rough Country. *See, e.g., Smith*, 2015 WL at *2 ("the minimal value, if any, of such proof is substantially outweighed by the risk of unfair prejudice to BGC arising from the admission of evidence of allegations in other lawsuits filed against it").

III.    Any Reference to the Collisions or Injuries at Issue in *Bacho, Mendoza,* or
Any Other Lawsuit, Should be Excluded

Even if the Court finds that Rough Country's involvement in other lawsuits, such as *Bacho* and *Mendoza*, may be relevant and admissible, that does not mean that evidence, testimony, or argument about the underlying collisions in those cases is admissible.

Plaintiffs apparently intend to refer to *Bacho* and *Mendoza* as "Other Similar Incidents," or "OSIs." [Doc. 128, at 4 n. 6 ("*Mendoza* was at issue as an "other similar incident").] Because the collisions in *Bacho* and *Mendoza* are not properly OSIs, their collisions should not be mentioned at trial to the jury.

> In a product liability case, if "a party seeks to admit prior accidents or occurrences involving the opposing party to show ... 'notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, [or] causation,' *the substantial similarity doctrine applies*.

*Brogdon v. Ford Motor Co.*, No. 4:23-CV-88 (CDL), 2025 WL 283209, at *1 (M.D. Ga. Jan. 23, 2025) (quoting *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1242 (11th Cir. 2023)) (italics added).

Under the substantial similarity doctrine, "such evidence is only admissible if: (1) the circumstances of the prior incidents are substantially similar to those at issue in the present action and (2) the prior incidents are not too remote in time." *Spotts v. Carnival Corp.*, 711 F. Supp. 3d 1360, 1367 (S.D. Fla. 2024) (citing *Jones*

*v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988)). The burden is on Plaintiffs to show that *Bacho* or *Mendoza* are "substantially similar," *Willis v. Royal Caribbean Cruises, Ltd.*, No. 1:20-CV-21192-KMM, 2022 WL 1521193, at *9 (S.D. Fla. May 4, 2022), *aff'd*, 77 F.4th 1332 (11th Cir. 2023) ("a party must provide [such] evidence"). Plaintiffs cannot do this, and the collisions in *Bacho* and *Mendoza* do not meet either requirement for admission

First, the collisions in *Bacho* and *Mendoza* are not "substantially similar." As explained previously, they involved different vehicles, different points of impact (*i.e.*, front, side, and rear), different heights for the lift kits, different speeds, and different "Delta-V's." Second, the collisions are too remote in time. The collision in *Bacho* occurred in 2012, eight years before Plaintiffs' accident; the collision in *Mendoza* occurred in 2009, eleven years prior.

IV.   Any Reference to Injuries Suffered in Either *Bacho* or *Mendoza* Should be Excluded

Even if the Court finds that *Bacho* and *Mendoza* were substantially similar to Plaintiffs' accident, that does not mean that evidence, testimony, or argument about injuries arising from the *Bacho* or *Mendoza* collisions should be presented to the jury. There are a variety of reasons why an OSI may be admissible at trial, such as "notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of

care, and causation." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988). But even if *Bacho* or *Mendoza* are admissible for one of these reasons, that does not mean that the injuries incurred in those collisions are admissible.

Again, the substantial *dissimilarities* – speed, Delta-V, vehicle type, or lift height – between *Bacho*, *Mendoza*, and this case are all factors that would impact the injuries incurred. Because of the dissimilarities between these collisions, any evidentiary value that the injuries suffered as a result of them would be "unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997); *see also Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004) ("there is a strong potential for prejudice resulting from the admission of evidence of other accidents").

V.    <u>Any Reference to Settlements by Rough Country in Other Lawsuits Should be Excluded</u>

Plaintiffs have indicated that they intend to argue or otherwise mention that Rough Country confidentially settled both *Bacho* and *Mendoza* at trial. [*See* Doc. 128, at 7 n. 13 ("RC settled both cases for confidential amounts before trial.").] Any such mention or reference to Rough Country's settlements in either *Bacho* or

*Mendoza* (or any other lawsuit for that matter) would be highly inappropriate and violate Rule 408, 402, and 403.

Rule 408 provides that evidence of a settlement "is not admissible." This is consistent with the Rule 408's "purpose of . . . encourage[ing] settlements which would be discouraged if such evidence were admissible." *United States ex rel. Raven v. Georgia Cancer Specialists I, P.C.*, No. 1:11-CV-00994-CAP, 2020 WL 4548744, at *4 (N.D. Ga. June 10, 2020) (citing Committee note to 1974 enactment of Rule). Thus, the Eleventh Circuit has historically "exclude[d] evidence of a compromise . . . to encourage non-litigious solutions to disputes" because "[a]dmission of evidence of the settlement could work to discourage plaintiffs and defendants from settling," *id.* (quoting *Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir. 1976)). Accordingly, it has long been the rule of the Eleventh Circuit that "the introduction of settlements . . . into evidence to prove liability" is prohibited. *Id.* (quoting *Westchester Specialty Ins. Servs., Inc. v. U.S. Fire Ins. Co.*, 119 F.3d 1505, 1512 (11th Cir. 1997)). As such, Rough Country's settlements in other lawsuits, such as *Bacho* or *Mendoza*, are not admissible and should be excluded.

Rough Country is mindful that Rule 408(b) allows the introduction of settlement evidence "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a

criminal investigation or prosecution." However, none of these exceptions apply in this case.

Similarly, Rule 402 expressly states that "irrelevant evidence is not admissible." The fact that Rough Country settled either *Bacho* or *Mendoza* is irrelevant to Plaintiffs' claims and whether Rough Country may be liable to Plaintiffs for them in this case.

Rule 403 allows for the exclusion of prejudicial evidence. Because the jury might assume – without basis – that Rough Country was liable by virtue of the mere fact that it settled *Bacho* or *Mendoza*, it would be prejudicial to Rough Country to allow Plaintiffs to argue or otherwise mention such settlements.

At best, Plaintiffs may attempt to argue that Rough Country's other settlements are evidence that it was aware of potential risks associated with its lift kits. First, if the Court is considering whether to exclude the *Bacho* and *Mendoza* settlements under Rule 408, that means that it has already determined that the *Bacho* and *Mendoza* cases may be admissible for some other purpose and denied Rough Country's motion *in limine* to exclude any reference to these cases in their entirety. In that context, any evidence of the other settlements would not add anything further to the case, and they would be duplicative and redundant. *See, e.g.*, Rule 403 (excluding relevant evidence for "needlessly presenting cumulative evidence"). Second, such an argument assumes that Rough Country inherently acknowledged

that there are potential risks associated with its lift kits because it settled those cases. That assumption – aside from being patently false – ignores the fact and purpose of settlements: to resolve disputes without litigation and without any admission of liability.

### CONCLUSION

Accordingly, for the foregoing reasons, any reference to *Bacho*, *Mendoza*, or any other lawsuit involving Rough Country should be excluded from the trial of this case.

This 10th day of March, 2025.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ Aaron Chausmer
Richard H. Hill, II
Georgia Bar No. 354425
Aaron B. Chausmer
Georgia Bar No. 119998

*Attorneys for Defendant Rough Country, LLC*

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
Phone:  404-876-2700
Fax:   404-875-9433
rhill@wwhgd.com
achausmer@wwhgd.com

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 10th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically served the foregoing filing with the

Clerk of Court via CM/ECF, which will send a copy to the following attorneys of

record:

Tedra L. Cannella

Robert H. Snyder, Jr.

Devin Mashman

CANNELLA SNYDER LLC

315 W Ponce de Leon Ave

Suite 885

Decatur, GA 30030

**_ATTORNEYS FOR PLAINTIFFS_**

This 10th day of March, 2025.

_/s/ Aaron Chausmer_

Aaron B. Chausmer

Georgia Bar No. 119998