IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., <br><br> Plaintiffs, <br><br> v. <br><br> ROUGH COUNTRY, LLC, <br><br> Defendant. | Civil Action No. <br><br> 2:22-CV-17-RWS |

**DEFENDANT ROUGH COUNTRY'S MOTION IN
LIMINE REGARDING FARS OR ITS DATA**

COMES NOW Defendant Rough Country, LLC, and hereby moves this Court *in limine* requesting that an Order be entered prohibiting, excluding, limiting, and suppressing any and all evidence, proffers, tenders, comments, statements, testimony, colloquy, or any other utterance or allusion in the presence of the jury about the Fatality Analysis Reporting System (FARS), its data, or any conclusions based on the same.

FARS is "a nationwide census providing NHTSA, Congress and the American public yearly data regarding fatal injuries suffered in motor vehicle traffic crashes." https://www.nhtsa.gov/research-data/fatality-analysis-reporting-system-fars (visited

March 10, 2025). "[T]he FARS database does not track . . . whether any of the fatalities listed in the database involved a lifted vehicle," (Deposition of C. Roche, taken on February 1, 2024, filed contemporaneously herewith, at 173:3-7).

<strong>ARGUMENT AND CITATIONS OF LEGAL AUTHORITY</strong>

I.  Applicable Law

A motion *in limine* is a pretrial motion by which a party seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See, e.g., Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "The real purpose of a Motion in Limine is to give the trial judge notice of the movants' position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of the trial." *Soto v. Geico Indem. Co.*, No. 6:13-CV-181-ORL-40KRS, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) (citation and internal quotation marks omitted). Judges have broad discretion when ruling on such motions. *See, e.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-5 (11th Cir. 2005). Further, "[i]t is 'an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings'." *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022).

Rough Country shows that the matters set forth herein are not relevant to any issue at trial in this case, and they are inadmissible under the law for any purpose.

Alternatively, the prejudicial nature or likelihood of confusing the jury based on such matters exceed any probative value that they might have in connection with this case. Permitting the questioning of witnesses, comments in the presence of the jurors or prospective jurors or the offering documentary or other evidence in the matters addressed herein would unduly prejudice or likely mislead the jury, and sustaining objections to such questions, comments, or other such matters would not cure such prejudice. Rather, doing so would reinforce the impact of such prejudicial matters in contraventions of the law.

Accordingly, Rough Country moves *in limine* to bar and preclude Plaintiffs from making inquiry, reference, or argument as to the topics addressed herein. Rough Country further requests an order directing Plaintiffs' counsel to inform any and all of Plaintiffs' witnesses of the Court's orders regarding the matters set forth and instructing any and all such witnesses to refrain from mentioning any such matters in the presence and hearing of all jurors or prospective jurors until such time as the Court may enter an order that such matters have become admissible in this case.

II.     <u>The FARS Database, Its Data, or Any Conclusions Based on the Same</u>

During this case, Plaintiffs questioned Rough Country about the FARS database, including whether Rough Country "monitor[ed] that database," [Doc. 97 (Depo. of Rough Country), at 54 (53:5-20)]. It is therefore possible that Plaintiffs

intend to question Rough Country about the FARS database and whether it "monitor[ed]" it during the trial.

This case is about whether a Rough Country lift kit caused the death of C.Z.B. and whether a similar un-lifted vehicle would have caused a similar injury (*i.e.*, death") to C.Z.B. Therefore, what is relevant when reviewing FARS data is whether the vehicle that caused the reported fatality was a lifted vehicle. But while the FARS database includes "more than 170 FARS data elements,"[1] the FARS database does not track whether the involved vehicle was lifted, as Plaintiffs admit.

Accordingly, the FARS database does not contain any relevant or probative information in connection with this case. It would be unduly prejudicial to Rough Country, and misleading to the jury, if Plaintiffs are allowed to refer to the FARS database, its data, or any conclusions based on its data because that would only present one-sided and skewed evidence to the jury: any data from FARS necessarily involves a fatality, but the circumstances behind the fatality are unknown. Thus, the jury could construe any such testimony, evidence, or argument to somehow be relevant to this case, when it may concern motor vehicle collisions that are absolutely unrelated to Plaintiffs' accident. For example, what if Plaintiffs were to present testimony, evidence, or argument that the FARS database showed 1,000 fatalities in

---

[1] https://www.nhtsa.gov/crash-data-systems/fatality-analysis-reporting-system (visited March 10, 2025).

2020 due to collisions between a truck and a car, the jury might infer or assume that such collisions were similar to the accident involving Plaintiffs and C.Z.B., even though they involved un-lifted trucks.

Moreover, Rough Country would have no way to defend itself against any such testimony, evidence, or argument due to the FARS database's lack of data on lifted versus un-lifted vehicles.

## CONCLUSION

Accordingly, for the foregoing reasons, any reference to the Fatality Analysis Reporting System (FARS), its data, or any conclusions based on the same should be excluded from the trial of this case.

This 10th day of March, 2025.

                                                WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

                                                /s/ Aaron Chausmer

3344 Peachtree Road, N.E.  
Suite 2400  
Atlanta, GA 30326  
Phone:  404-876-2700  
Fax:   404-875-9433  
rhill@wwhgd.com  
achausmer@wwhgd.com  

Richard H. Hill, II  
Georgia Bar No. 354425  
Aaron B. Chausmer  
Georgia Bar No. 119998  
*Attorneys for Defendant Rough Country, LLC*

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 10th day of March, 2025.

>*/s/ Aaron Chausmer*
>Aaron B. Chausmer
>Georgia Bar No. 119998

## CERTIFICATE OF SERVICE

This is to certify that I have electronically served the foregoing filing with the Clerk of Court via CM/ECF, which will send a copy to the following attorneys of record:

Tedra L. Cannella
Robert H. Snyder, Jr.
Devin Mashman
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

*ATTORNEYS FOR PLAINTIFFS*

This 10th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998