**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., | |
| Plaintiffs, | Civil Action No. |
| v. | 2:22-CV-17-RWS |
| ROUGH COUNTRY, LLC, | |
| Defendant. | |

**DEFENDANT ROUGH COUNTRY'S MOTION IN LIMINE REGARDING**
**SUMMARY JUDGMENT ISSUES**

COMES NOW Defendant Rough Country, LLC, and hereby moves this Court *in limine* requesting that an Order be entered prohibiting, excluding, limiting, and suppressing any and all evidence, proffers, tenders, comments, statements, testimony, colloquy, or any other utterance or allusion in the presence of the jury about issues resolved by the Court in its Order, dated November 20, 2024, granting in part Rough Country's Motion for Summary Judgment (Doc. 109) ("the Order"), including (1) Rough Country's alleged "failure to warn;" (2) any alleged pain and suffering by C.Z.B.; and (3) that C.Z.B.'s death was anything other than "instantaneous."

In the Order, the Court granted Rough Country's summary judgment motion as to Plaintiffs' claim for "failure to warn," including "that Rough Country 'did not warn anyone of the dangers that its lifts pose to occupants of other vehicles.'" (Order, at 6.) The Court found that Plaintiffs "have not raised a genuine dispute of fact that would prevent summary judgment" as to this issue. (*Id.*)

Similarly, the Court granted Rough Country summary judgment as to Plaintiffs' claim for pain and suffering damages "because no evidence suggests that C.Z.B. experienced conscious suffering," (*id.*, at 16), and it found "that C.Z.B.'s death was instantaneous," [*id.*, at 23-24; *see also id.*, at 24 ("C.Z.B.'s death occurred instantaneously and without evidence of expressed conscious pain")].

Any testimony, evidence, or argument that are contrary to these rulings, or which are inconsistent with the Court's prior findings, should be excluded from trial. This specifically includes, but is not limited to, any statements that might otherwise imply that C.Z.B. suffered any pain whatsoever.

## ARGUMENT AND CITATIONS OF LEGAL AUTHORITY

### I.    Applicable Law

A motion *in limine* is a pretrial motion by which a party seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See, e.g., Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "The real purpose of a Motion in Limine is to give the trial judge notice of the movants' position so as to avoid the

introduction of damaging evidence which may irretrievably affect the fairness of the trial." *Soto v. Geico Indem. Co.*, No. 6:13-CV-181-ORL-40KRS, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014) (citation and internal quotation marks omitted). Judges have broad discretion when ruling on such motions. *See, e.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1104-5 (11th Cir. 2005). Further, "[i]t is 'an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings'." *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022).

Rough Country shows that the matters set forth herein are not relevant to any issue at trial in this case, and they are inadmissible under the law for any purpose. Alternatively, the prejudicial nature or likelihood of confusing the jury based on such matters exceed any probative value that they might have in connection with this case. Permitting the questioning of witnesses, comments in the presence of the jurors or prospective jurors or the offering documentary or other evidence in the matters addressed herein would unduly prejudice or likely mislead the jury, and sustaining objections to such questions, comments, or other such matters would not cure such prejudice. Rather, doing so would reinforce the impact of such prejudicial matters in contraventions of the law.

Accordingly, Rough Country moves *in limine* to bar and preclude Plaintiffs from making inquiry, reference, or argument as to the topics addressed herein. Rough Country further requests an order directing Plaintiffs' counsel to inform any and all of Plaintiffs' witnesses of the Court's orders regarding the matters set forth and instructing any and all such witnesses to refrain from mentioning any such matters in the presence and hearing of all jurors or prospective jurors until such time as the Court may enter an order that such matters have become admissible in this case.

## II.    Summary Judgment Issues

Any testimony, evidence, or argument by Plaintiffs about issues that the Court previously adjudicated on summary judgment should be precluded because they are irrelevant and inaccurate, have no probative value, risk misleading or confusing the jury, and would otherwise waste the Court's (and the parties') time at trial because it does not go to the issues before the Court or the jury. *See, e.g., Coca-Cola Co. v. Pepsico, Inc.*, No. CIV.A. 1:02CV2887RWS, 2005 WL 5974444, at *2 (N.D. Ga. Mar. 17, 2005) ("insofar as Coca-Cola seeks to foreclose Defendants from advancing arguments that conflict with this Court's previous construction of the patents, its motion [in limine] will be granted"); *see also Martins v. Royal Caribbean Cruises, Ltd.*, No. 15-21124-CIV, 2017 WL 11883585, at *1 (S.D. Fla. Nov. 2, 2017) ("Relevant evidence at trial is limited to proving or disproving issues contained in the operative pleadings. When an issue has already been disposed of by a dispositive

order, evidence pertaining to that disposed issue is irrelevant and inadmissible at trial."); *Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc.*, No. 1:13-CV-2510-WSD, 2015 WL 4727143, at *10 (N.D. Ga. Aug. 10, 2015) (granting motion in limine to exclude "the issues resolved at summary judgment"). Indeed, allowing such inadmissible evidence into evidence has previously been cited as a basis for a new trial. *Castle v. Thompson*, No. 2:07-CV-0104-WCO, 2010 WL 11507513, at *6 (N.D. Ga. Mar. 22, 2010), *aff'd sub nom. Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194 (11th Cir. 2011) ("this court erred in allowing plaintiff to introduce significant testimony relating to the retaliation claim on which defendants had already been granted summary judgment. The court's error in allowing the introduction evidence at trial that had previously been ruled inadmissible . . . likely affected the jury's verdict, . . . and deprived defendants of the benefit of the summary judgment they had already been granted.").

Any such testimony, evidence, or argument that contradicts – in any way – the Court's rulings on summary judgment should be excluded from trial.

## CONCLUSION

Accordingly, for the foregoing reasons, any reference to issues or matters resolved by the Court in its Order, including (1) Rough Country's alleged "failure to warn;" (2) any alleged pain and suffering by C.Z.B.; and (3) that C.Z.B.'s death

was anything other than "instantaneous" should be excluded from the trial of this case.

This 10th day of March, 2025.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ Aaron Chausmer

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
Phone:  404-876-2700
Fax:  404-875-9433
rhill@wwhgd.com
achausmer@wwhgd.com

Richard H. Hill, II
Georgia Bar No. 354425
Aaron B. Chausmer
Georgia Bar No. 119998
*Attorneys for Defendant Rough Country, LLC*

**<u>RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE</u>**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 10th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically served the foregoing filing with the

Clerk of Court via CM/ECF, which will send a copy to the following attorneys of

record:

Tedra L. Cannella
Robert H. Snyder, Jr.
Devin Mashman
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

### ***ATTORNEYS FOR PLAINTIFFS***

This 10th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998