# EXHIBIT 7

RECEIVED MAY 0 1 2013

FRANK P. KELLY, III (SBN: 083473)
H. GRANT LAW (SBN: 144505)
KATHERINE A. WOLF (SBN: 267763)
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone:   (415) 544-1900
Facsimile:   (415) 391-0281

Attorneys for Defendant
FORD MOTOR COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| EDWARD QUIJADA; AMY QUIJADA, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY; TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW, INC.; TRW AUTOMOTIVE INC.; TRW AUTOMOTIVE US., L.L.C.; TRW VEHICLE SAFETY SYSTEMS, INC.; and TRW SAFETY SYSTEMS, INC., MAITA FORD, and DOES 1 through 100, <br><br> Defendants. | Case No. 34-2010-00085696 <br><br> **DEFENDANT FORD MOTOR COMPANY'S RESPONSES TO PLAINTIFF EDWARD QUIJADA'S SPECIAL INTERROGATORIES, SET THREE** <br><br> Trial Date: June 17, 2013 |

PROPOUNDING PARTY:   Plaintiff EDWARD QUIJADA

RESPONDING PARTY:   Defendant FORD MOTOR COMPANY

SET NUMBER:   THREE

### PRELIMINARY STATEMENT

The vehicle at issue in this lawsuit is a 2006 Ford F-150 with vehicle identification number 1FTPW14586KA90357.

Ford's Responses to these Interrogatories have been prepared in full compliance with the California Rules of Civil Procedure, pursuant to a reasonable and duly diligent search for

1 law does not draw a distinction between "technological" and "economic" feasibility. Without
2 waiving its objections, Ford refers Plaintiffs to the numerous documents previously produced in this
3 case, including but not limited to those produced in response to Plaintiffs' Notice of Deposition and
4 First Request for Production Nos. 3, 11, 12, 25, 33, 34, and 38.

**SPECIAL INTERROGATORY NO. 38:**

Do you contend that FORD told MAITA not to put lift kits on the Ford vehicles that it sold? (As used herein, the term "MAITA" is defined as Maita Ford, Maita Investments, Inc. or Maita Ford – Mercury, or any divisions or departments or controlled subsidiaries of any of these entities, and any of their agents, servants, or employees.)

**RESPONSE:**

Ford objects to this Interrogatory as vague, overbroad, unjustly burdensome, and seeking information that is irrelevant and unlikely to lead to the discovery of admissible evidence because it is not limited to the subject vehicle or platform. Without waiving its objections, Ford responds as follows: Yes. Ford provided owner's manuals with each vehicle it delivered to Maita. Ford strongly recommends in its owner's manuals that modifications such as lift kits not be made and this warning is meant to discourage the installation of lift kits. Further, Ford's "Driving Your SUV or Truck" Manual, which was provided with all 2006 F-150 vehicles, warns: "Do not use 'aftermarket lift kits' or other suspension modifications. 'Aftermarket lift kits' could adversely affect the vehicle's handling characteristics, which could result in an increased risk of loss of vehicle control, vehicle rollover, personal injury and death." Ford also states that warnings regarding such modifications appear in its "F-Series – Qualified Vehicle Modifier Unique Guidelines and Requirements" which can be found at the publicly available website https://www.fleet.ford.com/truckbbas/topics/qvm_fser.html. Ford also refers Plaintiffs to the January 25, 2012 deposition testimony of Eric Kalis. Discovery is ongoing and Ford reserves its right to amend its response.

**SPECIAL INTERROGATORY NO. 39:**

If you contend that FORD told MAITA not to put lift kits on the Ford vehicles that it sold,

Kalis. Discovery is ongoing and Ford reserves its right to amend its response.

**SPECIAL INTERROGATORY NO. 54:**

Do you contend that MAITA was negligent for equipping the SUBJECT VEHICLE with a lift kit together with oversized tires?

**RESPONSE:**

Ford objects to this Interrogatory as vague. Ford also objects to this Interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine and the rules governing the disclosure of expert opinions. Ford interprets Plaintiff's use of the term "negligence" as limited to the issues of duty and breach and not causation. Without waiving and subject to its objections, Ford responds as follows: Ford contends that Maita was negligent for equipping the subject vehicle with a lift kit and oversized tires given the specific facts of this case. A negligence determination is highly fact specific and Ford strictly limits its response to this case. Ford provided owner's manuals with each vehicle it delivered to Maita. Ford strongly recommended in the subject 2006 F-150's owner's manual that modifications such as lift kits not be made and this warning was meant to discourage the installation of lift kits. Further, Ford's "Driving Your SUV or Truck" Manual, which was provided with the subject 2006 F-150 vehicles, warns: "Do not use 'aftermarket lift kits' or other suspension modifications. 'Aftermarket lift kits' could adversely affect the vehicle's handling characteristics, which could result in an increased risk of loss of vehicle control, vehicle rollover, personal injury and death." The subject 2006 F-150's owner's manual and Ford's "Driving Your SUV or Truck" Manual also state: "Only use replacement tires and wheels that are the same size and type (such as P-metric versus LT-metric or all-season versus all-terrain) as those originally provided by Ford. . . . Use of any tire or wheel not recommended by Ford can affect the safety and performance of your vehicle, which could result in an increased risk of loss of vehicle control, vehicle rollover, personal injury and death." Ford also refers Plaintiffs to the January 25, 2012 deposition testimony of Eric Kalis. Discovery is ongoing and Ford reserves its right to amend its response.

Dated: April 29, 2013

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____
FRANK P. KELLY, III
H. GRANT LAW
KATHERINE A. WOLF

Attorneys for Defendant
FORD MOTOR COMPANY

37

DEFENDANT FORD MOTOR COMPANY'S RESPONSES TO PLAINTIFF EDWARD QUIJADA'S SPECIAL INTERROGATORIES, SET THREE

248606 V3

STATE OF MICHIGAN )
) ss.
COUNTY OF WAYNE )

### Declaration under penalty of perjury of authorized corporate agent, pursuant to California Code of Civil Procedure, Section 2015.5

I, the undersigned, certify and declare that I have read Ford Motor Company's Responses to DEFENDANT FORD MOTOR COMPANY'S RESPONSES TO PLAINTIFF EDWARD QUIJADA'S SPECIAL INTERROGATORIES, SET THREE and know its contents. I am an employee of Ford Motor Company and am authorized as its agent to make this verification for and on its behalf, and I make this verification for that reason.

The matters stated within the above referenced discovery responses are not all within my personal knowledge. I am informed and believe that there is no officer or employee of Ford Motor Company who has personal knowledge of all such matters. I am informed and believe that the information contained in said responses has been assembled by authorized employees and counsel of Ford Motor Company and I am informed by said individuals that the facts stated in said responses are true.

I declare under penalty of perjury under the laws of the State of Michigan and the State of California that the foregoing is true and correct,

EXECUTED this 25 day of April, 2013, at Dearborn, Michigan.

BY: _____