UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>    Plaintiffs,<br><br>v.<br><br>Rough Country, LLC<br><br>    Defendant. | Civil Action File<br><br>No. 2:22-cv-17-RWS |

**PLAINTIFFS' MOTION TO EXCLUDE CHARLES CROSBY UNDER RULE 702 AND *DAUBERT***

**I.    INTRODUCTION**

Rough Country ("RC") paid Charles Crosby's employer, Exponent Inc., over $220,000 for a test that did not properly document its results.[1]

As the Court has already seen,[2] Exponent's crash test significantly skewed the results in RC's favor. In addition to using flawed inputs and confounding variables, Mr. Crosby's crash test procedure contained several flaws. The experts in this case disagree about the precise number of inches the Exponent test "missed" by (although they all agree that the test *did* "miss").[3] The only reason the expert

---

[1] *See* Ex. 1, Crosby Dep., at 171:16-25.
[2] *See* Doc. 115.
[3] *See* Ex. 1, Crosby Dep., at 161:13-23.

dispute exists is that Mr. Crosby *did not use a marker pin* or similar procedure to allow for an indisputable, authoritative measurement.  Mr. Crosby concedes that at least one crash test procedure requires inserting a "marker pin" so that researchers can confirm whether the amount of offset was correct.[4]  Mr. Crosby also conceded the reason he did not use the procedure that required a marker pin was because RC didn't ask him to use it.[5]  At his deposition, he claimed there were other offset crash test procedures that allowed researchers to just "eyeball" the amount of offset to see if it was correct.[6]  But neither Mr. Crosby nor Rough Country have produced any such procedure.

It is Rough Country's burden to demonstrate that its expert's methodology is reliable.  The Court's exclusion of expert testimony will be affirmed absent an abuse of discretion or a "manifest" error.  *Daubert*, 509 U.S. at 597; *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1308 (11th Cir. 2014).  RC has failed to meet its burden that "eyeballing" the amount of offset is a reliable methodology.

Because RC and Mr. Crosby decided not to accurately record the offset, Plaintiffs' experts have resorted to using other methods to measure it.  One of those is by using images taken from the overhead cameras of the crash test.  According

---

[4] *Id.* at 71:11-21.
[5] *Id.* at 71:23-72:3.
[6] *Id.* at 75:19-77:22.

to Mr. Crosby, videos *can* be set up to take measurements,[7] but Mr. Crosby did not follow the procedure to do so.[8] Again, he did not follow that procedure, because RC asked him not to.[9] Now, RC says the camera was misaligned,[10] and it criticizes Plaintiffs' experts for using Mr. Crosby's images to make the measurements RC decided not to record.

In other words, Mr. Crosby's team failed to document the amount of offset, and then misaligned the overhead camera, which RC says renders the images from it useless to measure offset. Mr. Crosby's failure to follow established crash test procedures created a big mess, and it makes his work unreliable and inadmissible.

RC designated Mr. Crosby solely to testify about the crash test, and he has no expert opinions unrelated to the test. His testimony has no relevance and could not fit the facts of this case without the crash test. *See* Fed. R. Evid. 401, 402, 403, 702(a). Because Mr. Crosby's testimony pertains solely to Exponent's unreliable and inadmissible crash test, Plaintiffs respectfully request the Court exclude him from testifying at trial.

---

[7] *Id*. at 146:4-18.
[8] *Id*. at 145:22-25.
[9] *Id*. at 146:1-3.
[10] *Id*. at 151:14-18.

3

Respectfully submitted on March 10, 2025,

                CANNELLA SNYDER LLC

                */s/ Tedra L. Cannella*
                TEDRA L. CANNELLA
                  Georgia Bar No. 881085
                  tedra@cannellasnyder.com
                ROBERT H. SNYDER, JR.
                  Georgia Bar No. 404522
                  rob@cannellasnyder.com
                DEVIN L. MASHMAN
                  Georgia Bar No. 257588
                  devin@cannellasnyder.com

                315 W. Ponce de Leon Ave.
                Suite 885
                Decatur, GA 30030
                (404) 800-4828
                (404) 393-0365 (fax)

                ***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

        CANNELLA SNYDER LLC

        */s/ Tedra L. Cannella*
        TEDRA L. CANNELLA
          Georgia Bar No. 881085
          tedra@cannellasnyder.com
        ROBERT H. SNYDER, JR.
          Georgia Bar No. 404522
          rob@cannellasnyder.com
        DEVIN L. MASHMAN
          Georgia Bar No. 257588
          devin@cannellasnyder.com

        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030
        (404) 800-4828
        (404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *PLAINTIFF'S DAUBERT MOTION TO EXCLUDE THE TESTIMONY OF CHARLES CROSBY* was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 10th day of March, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*