UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>Plaintiffs,<br><br>v.<br><br>Rough Country, LLC<br><br>Defendant. | Civil Action File<br><br>No. 2:22-cv-17-RWS |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION
TO EXCLUDE ANY PURPORTED OPINION TESTIMONY
<u>ABOUT DEFECT UNDER RULE 702</u>**

**I.     INTRODUCTION**

Plaintiffs file this motion in an abundance of caution. Rough Country's ("RC") mandatory disclosure of "any witness" offering opinion testimony under Rule 702 did not include any expert witnesses on the defectiveness of RC's lift kit. *See* Fed. R. Civ. P. 26(a)(2)(A). RC cannot change that decision now. Plaintiffs respectfully request that the Court prohibit RC from offering any expert testimony or unqualified lay testimony about the defectiveness of its lift kit at trial.

None of RC's disclosed experts offer any defect opinions. RC's expert disclosures do not list any expert with an opinion on the defectiveness of its lift

kit.[1] Each of RC's expert witnesses who have been deposed expressly disclaims having any defect opinion—Mr. Grimes (accident reconstructionist),[2] Dr. Gwin (biomechanic),[3] and Mr. Crosby (crash testing)[4] each testified they do not have an opinion about the defectiveness of RC's lift kit. Although RC's other expert, Mr. Pascarella, has not been deposed, neither of the two opinions in his report concerns whether RC's lift kit is defective.[5]

The remining witnesses on RC's witness list cannot provide a defect opinion for two reasons. First, they have not been disclosed. Eliciting expert testimony at trial from witnesses who have not been disclosed as expert witnesses would violate the Federal Rules and Local Rules. Second, none of them have the necessary qualifications to offer opinion testimony about whether RC's lift kit was defective. *See* Fed. R. Civ. P. 702.

Plaintiffs have no reason to believe RC would attempt the underhanded tactic of eliciting undisclosed expert testimony from its fact witnesses. However, Plaintiffs' Counsel has an obligation to protect the Bryson family from all potential surprises at trial. In that interest, Plaintiffs respectfully request that the Court enter

---

[1] *See* Ex. 1, RC's Expert Disclosures.
[2] *See* Ex. 2, Grimes Dep., at 99:7-17.
[3] *See* Ex. 3, Gwin Dep., at 72:12-20.
[4] *See* Ex. 4, Crosby Dep., at 32:8-11.
[5] *See* Ex. 5, Pascarella Report.

an Order prohibiting RC from eliciting Rule 702 opinion testimony on the defectiveness of its product from *any* witness.

II.  ARGUMENT

    **A.  RC has not disclosed any expert witness to testify about whether its lift kit is defective.**

The Federal rules are explicit—"a party must disclose to the other parties the identity of *any* witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  Rule 26's requirement to identify "any" witness offering expert testimony means exactly what it says; it applies equally to retained and non-retained witnesses. *See Silverstein v. Procter & Gamble Mfg. Co.*, 700 F. Supp. 2d 1312, 1319 (S.D. Ga. 2009).

RC's expert disclosure, which it provided to Plaintiffs over a year ago, did not list any experts with defect opinions.[6]  The witness list RC attached to the pretrial order, which required "a reasonably specific summary of the expected testimony of each expert witness," did not designate any additional witnesses as providing expert testimony under Rule 702.[7]  *See* LR 16.4(B)(18)(a).  Through its

---

[6] *See* Ex. 1, RC's Expert Disclosure.
[7] *See* Doc. 120-9, Consolidated Pretrial Order Attachment F-2, RC Witness List.

3

required disclosures, RC has affirmed and re-affirmed it will not elicit opinion testimony related to the defectiveness of its product.

The Federal Rules prohibit RC from changing course and presenting expert testimony at trial about the defectiveness of its product. Under the Rules, when a party does not timely disclose the information required under Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial[.]" Fed. R. Civ. P. 37(c)(1). RC's failure to retain or disclose expert testimony on defect is not a "substantially justified" failure; it cannot now surprise Plaintiffs at trial with undisclosed opinion testimony in a new field. *See, e.g. id.*; *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 248 F.R.D. 298, 308 (N.D. Ga. 2008) (Duffey, J.) (finding defendants did not offer "sufficient justification for their failure to designate [witness] as an expert properly and in a timely manner" when they named witness at discovery deadline and excluding witness under Local Rule 26.2(C)), *aff'd*, 555 F.3d 1331 (11th Cir. 2009).

**B.     The witnesses on RC's witness list lack sufficient qualifications to provide expert testimony on defect under Rule 702.**

The Rules require a party to disclose the subject of expert testimony, even when the expert is not "specially retained." *See* Fed. R. Civ. P. 26(a)(2)(A). Rough Country did not disclose any of its employees to provide expert testimony. Furthermore, none of the witnesses on RC's witness list *could* provide such

testimony. Besides its retained experts, each of whom does not offer a defect opinion, RC's witness list is made up of three RC executives, a Georgia state trooper, and a medical examiner. None of the RC witnesses are licensed engineers or have experience in crashworthiness or automotive structural design that would qualify them to offer expert testimony regarding the effect of the RC suspension lift in collisions or its defectiveness. *See* Fed. R. Evid. 702 (only witnesses who are "qualified as an expert" may provide opinion testimony); *City of Tuscaloosa v. Harcross Chems., Inc.*, 158 F.3d 548 562 (11th Cir. 1998) (expert witness must be "qualified to testify competently regarding the matters he intends to address[.]").

### III.   CONCLUSION

RC has not designated any witnesses to provide expert testimony about whether its product was defective. Each witness on RC's witness list either confirmed they have no opinion about the defectiveness of RC's lift kit or lacks the qualifications to provide one. Plaintiffs respectfully request that the Court prohibit RC from introducing opinion testimony about the defectiveness of its lift kit at trial.

Respectfully submitted on March 10, 2025,

        CANNELLA SNYDER LLC

        */s/ Tedra L. Cannella*
        TEDRA L. CANNELLA
          Georgia Bar No. 881085
          tedra@cannellasnyder.com
        ROBERT H. SNYDER, JR.
          Georgia Bar No. 404522
          rob@cannellasnyder.com
        DEVIN L. MASHMAN
          Georgia Bar No. 257588
          devin@cannellasnyder.com

        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030
        (404) 800-4828
        (404) 393-0365 (fax)

        ***Attorneys for Plaintiffs***

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

                        CANNELLA SNYDER LLC

                        */s/ Tedra L. Cannella*
                        TEDRA L. CANNELLA
                          Georgia Bar No. 881085
                          tedra@cannellasnyder.com
                        ROBERT H. SNYDER, JR.
                          Georgia Bar No. 404522
                          rob@cannellasnyder.com
                        DEVIN L. MASHMAN
                          Georgia Bar No. 257588
                          devin@cannellasnyder.com

                        315 W. Ponce de Leon Ave.
                        Suite 885
                        Decatur, GA 30030
                        (404) 800-4828
                        (404) 393-0365 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE ANY PURPORTED OPINION TESTIMONY ABOUT DEFECT UNDER RULE 702* was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 10th day of March, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*