UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, * <br> as Administrators of the * <br> Estate of C.Z.B., and as surviving * <br> parents of C.Z.B., a deceased minor, * <br> * <br> Plaintiffs, * <br> * <br> v. * <br> * <br> Rough Country, LLC * <br> * <br> Defendant. * | Civil Action File <br><br> No. 2:22-cv-17-RWS |

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING HUNTER ELLIOTT

More than two years ago, Plaintiff warned the Court that Rough Country was "attempt[ing] to make the trial about Hunter Elliott's drunk driving instead of the tragic death that Rough Country's lift kit caused." Doc. 24, at 3. Nothing has changed since then. The second sentence of Rough Country's "Outline of the Case" cites three highly prejudicial and unquestionably irrelevant facts about Hunter Elliott: "The collision occurred when Hunter Elliott [1] drove drunk [2] on a suspended license, and [3] he sped at 51 miles per hour into the rear of Plaintiffs' care [sic] while it idled at a stop light." Doc. 120-6 at 3.

If the question of the relevance of Hunter Elliott's conduct seems familiar, it is. Rough Country attempted to add Mr. Elliott as an "indispensable party" with its

July 5, 2022 motion, claiming that it needed to litigate its "contribution" claim against him during Plaintiffs' product liability case. The Court permitted Rough Country to add him but simultaneously granted Plaintiffs' Motion to Sever that claim. Doc. 35 at 1.

Rough Country's motion was an attempt to put Elliott's drunk driving and other bad behaviors in front of the same jury that would decide Rough Country's liability. The Court, however, noted: "whether he was driving it, breaking the law, has nothing to do with your client putting a defective product out there. His breaking the law doesn't excuse the conduct of your client. It has no bearing on the liability of your client." *See* 11/28/22 Hrg. Tr. 30:11-17. Rough Country knew Elliott's conduct was inadmissible in a crashworthiness case, which is why it filed the motion to add Mr. Elliott as an "indispensable party" in the first place. Predictably, Rough Country did not add Hunter Elliott even though the Court granted its request—because Rough Country never cared about "contribution."

This is an enhanced injury product liability case in which liability is joint and several and there will be no apportionment of fault to anyone other than Rough Country.[1] As such, the facts related to the fault of the driver are inadmissible.

---

[1] *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295, 298-300 (2021); *see also* Doc. 35 at 5 (Dec. 1, 2022 Order) (under *Alston & Bird*, "jurors cannot apportion fault to Elliot when ruling on Plaintiffs' claims").

*Timmons v. Ford Motor Company*, a products liability case decided under Georgia law, is instructive here. 949 F. Supp. 859, 862 (S.D. Ga. 1996). In *Timmons*, the plaintiffs sued Ford but did not sue the person who caused the underlying wreck. The plaintiffs alleged that the vehicle's occupants were not killed by the crash forces but rather by the fire that erupted after the crash. *Id.* at 861. That fire, according to the plaintiffs, was caused by Ford's defective design. Then-Chief Judge Bowen held that "if Ford were found liable for causing the deaths of the passengers, it will be based on products liability theories of which [the striking driver] is completely uninvolved and for which [the striking driver] would not be liable to Ford. Introducing [him] into this litigation would unfairly focus the attention away from the primary issues in this case." *Id.* at 862-63.

In crashworthiness cases like this one, the plaintiff recovers for enhanced injuries, that is, "damages over and above those which were probably caused as a result of the original impact or collision." *Polston v. Boomershine Pontiac-GMC Truck, Inc.*, 423 S.E.2d 659, 662 (Ga. 1992). Plaintiffs only seek to recover in this case for the fatal injuries caused by Rough Country's lift kit. That Hunter Elliott caused the crash is a stipulated fact:[2] *why he did so* is irrelevant. It has no relevance to the design or the performance of the lift kit. *See Woodard v. Ford*

---

[2] *See* Doc. 120-7, Agreed Stipulations, at Nos. 17-19.

*Motor Co.*, No. 1:06-CV-2191-TWT, 2008 WL 8791705, at *1 (N.D. Ga. June 27, 2008) (excluding evidence of alleged drug use of the striking driver in an automotive products liability case).[3] The driver's fault is not an issue that the jury will determine here, but Rough Country will certainly use it to distract the jury if given the chance.

Even if Rough Country could articulate some scant probative value of this evidence, such relevance is overwhelmingly outweighed by the danger of unfair prejudice and of confusing and distracting the jury. Elliott's conduct on the night of the wreck was abhorrent: his blood alcohol level was 0.252; he was on Facetime at the time of the collision; he tried to flee the scene; he was having trouble walking; he told police his pregnant fiancé had been driving; he cursed at his mother and fiancé and told them that he did not care what he had done to the Bryson family because he was going to jail. Pictures of his truck show it littered with dozens of beer cans and boxes. It is hard to imagine a more incendiary set of facts.

Plaintiffs do not absolve Hunter Elliott for causing the wreck; they simply want a fair trial on the question of whether Rough Country's defective lift caused

---

[3] *See also Woodard*, No. 1:06-CV-2191-TWT, *Memorandum of Law in Support of Plaintiffs' Motion in Limine to Exclude Evidence of Alleged Drug Use by LaPaula Williams*, Doc. 72.1.

C.Z.B's death.  C.Z.B. would have been killed by anyone driving the same lifted F-250 at the same speed Elliott was driving that night.  That Elliott was drunk, or is a bad person who lied, or who was speeding has nothing to do with the issues the jury will decide and will undoubtedly be prejudicial.  Only Rough Country designed the lift kit that caused Elliott's truck to bypass all the crush resistance safety features in Plaintiffs' car.  Only Rough Country is responsible for C.Z.B.'s fatal injuries and death.

Evidence of Hunter Elliott's drunk driving or inebriation, the fact that he was speeding, any statements he made the night of the wreck, his attempt to flee the scene, photos that show evidence of alcohol or drinking, and the fact that he was on the phone or Facetime, or that he pled guilty to driving drunk should all be excluded because they are irrelevant and the unfair prejudice they would cause outweigh any probative value.  *See* Fed. R. Evid. 401, 402, 403.

In addition to relevance and prejudice, some of the evidence would be hearsay if it was testified to by witnesses on Rough Country's witness list, including the evidence of statements he or his family made in the SCRT report contain hearsay and double hearsay. *See* Fed. R. Evid. 803, 805.

Respectfully submitted this 10th day of March, 2025

        CANNELLA SNYDER LLC

        <u>*/s/ Tedra L. Cannella*</u>

        TEDRA L. CANNELLA
         Georgia Bar No. 881085
         tedra@cannellasnyder.com
        ROBERT H. SNYDER, JR.
         Georgia Bar No. 404522
         rob@cannellasnyder.com
        DEVIN L. MASHMAN
         Georgia Bar No. 257588
         devin@cannellasnyder.com

        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030
        (404) 800-4828
        (404) 393-0365 (fax)
        ***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

        CANNELLA SNYDER LLC

        */s/ Tedra L. Cannella*
        TEDRA L. CANNELLA
         Georgia Bar No. 881085
         tedra@cannellasnyder.com
        ROBERT H. SNYDER, JR.
         Georgia Bar No. 404522
         rob@cannellasnyder.com
        DEVIN L. MASHMAN
         Georgia Bar No. 257588
         devin@cannellasnyder.com

        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030
        (404) 800-4828
        (404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 10th day of March, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*