UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>    Plaintiffs,<br><br>v.<br><br>Rough Country, LLC<br><br>    Defendant. | Civil Action File<br><br>No. 2:22-cv-17-RWS |

## PLAINTIFFS' AFFIRMATIVE MOTIONS IN LIMINE

**1.   Plaintiffs should be permitted to introduce evidence of other incidents where Rough Country's lifts caused severe injuries and death.**

In products liability cases, courts routinely admit evidence of similar incidents because that evidence "might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Crawford v. ITW Food Equip. Grp., LLC*, 977 F.3d 1331, 1350 (11th Cir. 2020) (quotation omitted); *Brogdon v. Ford Motor Co.*, No. 4:23-CV-88 (CDL), 2025 WL 283209, at *1 (M.D. Ga. Jan. 23, 2025). The proponent of the prior similar incidents can admit them when "(1) the proponent makes a showing that the prior accidents are substantially similar, (2) the prior accidents are not too remote in time, and (3) the probative value of the evidence outweighs any

potential prejudice or confusion." *Crawford*, 977 F.3d at 1350. "The doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Brogdon*, 2025 WL 283209, at *1. The prior incident must be "similar enough to the present incident to allow the jury to draw a reasonable inference regarding the defendant's knowledge or ability to foresee the incident at issue." *Id.*

Rough Country has been sued twice for the exact same defect at issue in this case. *See* Doc. 103-7, *Bacho v. Rough Country* Compl.; Doc. 103-8, *Mendoza v. Heckenthorn Products* Compl. In *Mendoza*, a Rough Country lift kit caused a pickup truck to pass over a vehicle's bumper and contact the driver's head, leaving her with permanent brain damage. *See* Doc. 103-8, *Mendoza* Compl. In *Bacho*, a Rough Country lift kit caused a pickup truck to bypass a minivan's crash protection features and intrude into the back seat, killing a nine-year-old child. Doc. 103-7, *Bacho* Compl. Here, Rough Country's lift kit caused the F-250 to bypass the Bryson family's Escape's crash protection features, intrude into the second row, and shove C.Z.B.'s head into the structures of his mom's driver's seat, killing him. *See* Doc. 103-3, Buchner Report; Doc. 103-4, Lewis Dep. at 117:11-18.

Rough Country has made the Court's analysis on substantial similarity easy and automatic because it admitted under oath that the *Bacho* and *Mendoza* cases

2

served as notice that "height or override" may cause injury or death in collisions. *See* Doc. 97, RC 30(b)(6) Dep., at 50:22-51:10.

 The *Bacho* and *Mendoza* collisions both involved the same defect that caused the death of C.Z.B. here: a Rough Country lift kit caused a three-quarter-ton pickup truck to bypass the crash protection features of other vehicles. *See* Doc. 128-4, Lewis Supplemental Report. The unrebutted opinion of Plaintiffs' expert is that *Bacho* and *Mendoza*, "are similar cases," because "[e]ach striking vehicle was equipped with a Rough Country lift-kit. The lift-kits elevated the striking vehicles such that when they impacted the struck vehicle, due to the elevation and resultant size differentiation, the structural intrusion they caused was catastrophic." *Id.* Mr. Lewis was the biomechanic expert in both *Bacho* and *Mendoza* and is uniquely qualified to opine that *Bacho, Mendoza,* and this case are similar. Rough Country has not provided any evidence to rebut this opinion at all.

 Nonetheless, Rough Country will likely try to argue that the incidents are not substantially similar because the incidents are not identical. This is not the standard, even if Rough Country had not admitted it relied on *Bacho* and *Mendoza*. *See Crawford*, 977 F.3d at 1350. In *Crawford,* the defendant argued that prior incidents were not substantially similar because none fit the exact facts of plaintiff's injury. *Id.* While acknowledging that those incidents were different from the plaintiff's, the Eleventh Circuit held the "reports were substantially

3

similar in the manner most relevant in this case—i.e., the serious danger that exists, and the foreseeable serious injury… that occurs when inevitable human error combines" with the defect at issue. *Id.* at 1351. *Bacho* and *Mendoza* both illustrate the danger presented by Rough Country's lift kit and the foreseeable injuries it can cause when an inevitable human error occurs.

Perhaps more importantly, regardless of whether the Court finds these incidents substantially similar, *Bacho* and *Mendoza* are relevant and admissible because Rough Country made them so. Plaintiffs do not have to prove that the *Bacho* and *Mendoza* cases meet the similarity requirement at all because Rough Country admitted it *used those cases* to make design decisions about its products. Plaintiffs are entitled to put that evidence in front of a jury so that it can decide whether Rough Country's conduct was reasonable.

Rough Country testified that its review of *Bacho* and *Mendoza* (plus reading one NHTSA article) is the sum total of Rough Country's efforts to determine whether lift kits cause injury or death in collisions. When Rough Country asked what it has done to determine whether its lift kits would increase the chances of injury or death, it testified that "from consumer feedback, we have -- don't have any evidence that the inherent nature of our kits cause any issue," and that it "reviewed data from the Bacho case" to determine this, including the expert reports in that case. *See* Doc. 97, 30(b)(6) Dep. 9:17-25, 11:14-12:13. One of the expert

4

reports in the *Bacho* case was generated by Paul Lewis, Plaintiffs' expert. The *Mendoza* evidence also was part of the *Bacho* case, as Rough Country admitted, and Mr. Lewis also generated an expert report in the *Mendoza* case. *Id*. at 40:10-15 (*Mendoza* was referenced in the *Bacho* case).

Rough Country testified further that it considered *Bacho* and *Mendoza* when it decided its products did not cause injury in real world crashes. It specified these cases were "complaints or notifications" "related to height or override:"

> Q: Correct me if I'm wrong, but I thought earlier today you testified that Rough Country considers the fact that its customers have not complained about injuries being caused by lifts; is that correct?
>     [objection]
> A: I'm stating that -- yes, customer complaints, you know, either general complaints or via any lawsuits similar to Bacho and Mendoza, we've had no -- other than Bacho and Mendoza in the 30-year history of this company, I'm unaware of any, you know, height or override complaints or notifications.

*See* Doc. 97, RC 30(b)(6) Dep., at 50:22-51:10. *Bacho* and *Mendoza* not only gave Rough Country notice of the exact defect that caused C.Z.B.'s death, Rough Country testified that its review of that "consumer feedback" was its only method of evaluating the safety of its products. *See* Doc. 97, RC 30(b)(6) Dep., at 9:17-12:9. It reviewed that evidence and concluded there were no "incidents where the – where our kit is clearly defined as being an inherent negative factor in any type of incident." *Id.* at 10:16-11:3.

Rough Country also contends that its only duty to investigate the dangerousness of its product arises when it receives the kinds of "notifications" that the *Bacho* and *Mendoza* cases provided. *Id.* at 42:23-43:5. It considered the allegations and evidence in *Mendoza* and "based on the -- kind of the conclusion of the evidence in that case, I don't think there was any evidence that warranted any redirection of the design of our product." *Id*. at 43:7-17.

It is Plaintiffs' burden to show that the danger of the lift outweighed its utility. If **Rough Country** itself considered *Bacho* and *Mendoza* in deciding this question, then the jury should be permitted to consider those cases as well, even if the wrecks were not, as argued above, substantially similar and thus otherwise admissible.

2. **Plaintiffs should be permitted to question witnesses regarding Georgia's prohibition against using the subject lift kit on Georgia's roads.**

Rough Country acknowledges that O.C.G.A. § 40-8-6 applies to any lift kit installed on a "private passenger vehicle." O.C.G.A. § 40-8-6 plainly states that "[i]t shall be unlawful to alter the suspension system of any private passenger vehicle which may be operated on any public street or highway more than two inches above or below the factory recommendation for any such vehicle." Because Elliott's Ford F-250 meets the statutory definition of a "private passenger vehicle," the two-inch limitation contained in O.C.G.A § 40-8-6 applies to the lift kit Rough

6

Country sold.[1]  *See* O.C.G.A. § 41-1-1(41) (defining "passenger car").  Ford's factory recommendation for the F-250's suspension height prohibits lifting the suspension of its vehicles *at all*.  Rough Country advertises that its lift kit is a 4.5-inch suspension lift, but it actually lifted the F-250's suspension by 6 inches.  Either suspension measurement is well over the two inches permitted by Georgia's statute. Plaintiffs request that the Court permit them to introduce evidence, elicit testimony, and otherwise argue that Rough Country's lift kit was illegal to use on Georgia roads at the time of the collision.  Evidence that Rough Country's lift kit was illegal is highly relevant to whether Rough Country had notice that its lift kit was dangerous and defective.

*Ten years ago*, Rough Country told this Court that the purpose of O.C.G.A. § 40-8-1, *et seq*. is to avoid "endanger[ing] the driver or other occupant or any person upon the highway."  *See* Rough Country's 5/1/15 Br. Supp. Mot. Summ. J. at 12, *Bacho v. Rough Country*, 3:14-cv-00040, Doc. 71-1.  That means Rough Country knew O.C.G.A § 40-8-6 was in place to protect the public and that Georgia law prohibited the installation or use of lift kits over two inches.  *Id*., n. 29.  And it knew Georgia was legislating these lifts over two inches off the street

---

[1] For additional discussion of the applicability of O.C.G.A. 40-8-6 to RC's lift kit, *see* Doc. 120-12, at 6-15, Pls' Trial Brief: Rough Country Sold a Lift Kit That Violated Georgia Law.

due to the dangers posed by their use. Despite that knowledge, it continued selling lifts in Georgia that violated the express terms of a public safety statute. The statute put Rough Country on notice of the danger that lift kits posed.

Rough Country's website provides even more proof that it knew the lift installed on the F250 would result in a violation of Georgia law. Its webpage linked to a "know your local laws" page that cited O.C.G.A. § 40-8-6 and stated "Georgia has a suspension lift limit of only 2 inches" and that "suspension lift kits might as well be deemed illegal."[2]

Rough Country's decision not to investigate the problem, test its products for safety in a crash, and its choice to continue to sell lift kits that were illegal to use on Georgia's roads are all admissible to show notice and danger, which are both part of the test of defect under *Banks v. ICI Americas, Inc.* 264 Ga. 732 (1994). Evidence that Rough Country knew drivers could not legally use its lifts in Georgia is highly probative of the question the jury must answer in this case.

---

[2] https://www.roughcountry.com/state-lift-laws (last visited Mar. 7, 2025), linking to https://www.liftlaws.com/georgia_lift_laws.htm (last visited Mar. 7, 2025).

Respectfully submitted this 10th day of March, 2025

                CANNELLA SNYDER LLC

                */s/ Tedra L. Cannella*

                TEDRA L. CANNELLA
                  Georgia Bar No. 881085
                  tedra@cannellasnyder.com
                ROBERT H. SNYDER, JR.
                  Georgia Bar No. 404522
                  rob@cannellasnyder.com
                DEVIN L. MASHMAN
                  Georgia Bar No. 257588
                  devin@cannellasnyder.com

                315 W. Ponce de Leon Ave.
                Suite 885
                Decatur, GA 30030
                (404) 800-4828
                (404) 393-0365 (fax)
                ***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

                                         CANNELLA SNYDER LLC

                                         */s/ Tedra L. Cannella*
                                         TEDRA L. CANNELLA
                                             Georgia Bar No. 881085
                                             tedra@cannellasnyder.com
                                         ROBERT H. SNYDER, JR.
                                             Georgia Bar No. 404522
                                             rob@cannellasnyder.com
                                         DEVIN L. MASHMAN
                                            Georgia Bar No. 257588
                                            devin@cannellasnyder.com

                                         315 W. Ponce de Leon Ave.
                                         Suite 885
                                         Decatur, GA 30030
                                         (404) 800-4828
                                         (404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 10th day of March, 2025.

                                                 CANNELLA SNYDER LLC

                                                 */s/ Tedra L. Cannella*
                                                 Tedra L. Cannella
                                                 Georgia Bar No. 881085
                                                 *Attorney for Plaintiffs*