IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., Plaintiffs, v. ROUGH COUNTRY, LLC, Defendant. | Civil Action No. 2:22-CV-17-RWS |

**DEFENDANT ROUGH COUNTRY, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF ROBERT PASCARELLA UNDER RULE 702 AND *DAUBERT***

Plaintiffs' motion to exclude the testimony of Robert Pascarella (Doc. 151) is nothing more than Plaintiffs' attempt to gaslight the Court. Plaintiffs do this by citing to incomplete deposition testimony and discovery responses by non-parties in unrelated lawsuits and other documents that have no relationship whatsoever to this case. Indeed, Plaintiffs' approach includes a trial by ambush strategy because Plaintiffs have never disclosed any of these materials to Rough Country in discovery or at any other stage of this case prior to their tender to the Court. Regardless, Plaintiffs' effort fails because Mr. Pascarella has the requisite personal knowledge and experience to testify as set forth in his expert report (the "Report," Doc. 151-4).

A. PLAINTIFFS' "EVIDENCE" IS IRRELEVANT

Plaintiffs chose not to depose Mr. Pascarella in this case. As a result, they have no actual testimony about his Report, his potential trial testimony, or his opinions that they can rely on in support of their motion.

Instead, Plaintiffs rely on *excerpts* from prior depositions that Mr. Pascarella gave in unrelated cases that involve different parties and counsel. (*See* Docs. 151-1, 151-2, 151-7, and 151-9.) Plaintiffs, however, for reasons known only to themselves, intentionally chose not to tender the *entirety* of Mr. Pascarella's deposition testimony to the Court; instead, they rely on "cherry picked" portions that lack context or the remainder of Mr. Pascarella's testimony.[1] Similarly, Plaintiffs also cite to *incomplete* discovery responses from Ford Motor Co. from 2013.[2]

All of this raises significant questions about what Plaintiffs are attempting to hide from the Court and Rough Country.

---

[1] (1) Doc. 151-1 is from 2018, and it contains 5 excerpted pages of testimony; (2) Doc. 151-2 is from 2017, and it contains 3 excerpted pages of testimony; and (3) Doc. 151-9 is from 2015, and it contains 3 excerpted pages of testimony. Rough Country does not know the length of these transcripts because it does not have, and has never been provided, complete copies of them.

[2] Doc. 151-7 contains only 1 substantive page from discovery responses that are at least 37 pages long.

B. MR. PASCARELLA'S TESTIMONY IS BASED ON HIS PROFESSIONAL EXPERIENCE AND KNOWLEDGE

Mr. Pascarella has considerable experience working at Ford, having been there for 25 years. [Doc. 151-8 (Mr. Pascarella's Curriculum Vitae), at 2-3 (1990-2006; 2013-2022).] During his time at Ford, Mr. Pascarella worked on the F-250 vehicle, including the 2016 version at issue in this case. [Doc. 151-4 (Report), at 3, ¶¶ 6 and 7.] Also, as explained in the Report, Mr. Pascarella has knowledge and experience related to the matters about which he will testify. [*See, e.g.*, Doc. 151-4 (Report), at 3, ¶ 7 ("Through my experience working for Ford") and 4 ("In my experience Ford was aware").] As Mr. Pascarella will explain at trial, while employed at Ford, he was involved in many circumstances, activities, and events inform his opinions in this case.

Under *Daubert*, a witness may qualify as an expert based on their "*knowledge, skill, experience, training, or education.*" Fed. R. Evid. 702 (italics added); *see also Berkley Ins. Co. v. Suffolk Constr. Co., Inc.*, 699 F. Supp. 3d 1341, 1349 (S.D. Fla. 2023) ("Rule 702 does not mandate that an expert be highly qualified to testify about a given issue"). In this case, Mr. Pascarella's experience and personal knowledge is sufficient to qualify him as an expert as to the matters set forth in his Report. *See, e.g.*, *Gadsden Indus. Park, LLC v. United States*, 111 F. Supp. 3d 1218, 1222–23 (N.D. Ala. 2015) (witness qualified as an expert based on "his 20 years of

experience" and his knowledge that was "not general knowledge"); *see also Hotels of Deerfield, LLC v. Studio 78, LLC*, 621 F. Supp. 3d 1285, 1299 (S.D. Fla. 2022) ("a district court may decide that nonscientific expert testimony is reliable based upon personal knowledge or experience").

### C. ALTERNATIVELY, MR. PASCARELLA'S TESTIMONY IS AS A NON-EXPERT WITNESS WHO CAN TESTIFY UNDER RULE 701

Mr. Pascarella has identified in his Report that he has personal knowledge about the matters upon which he will testify. This means that he can alternatively express opinions under Rule 701, even if the Court excludes Mr. Pascarella as an "expert" witness.[3] Rule 701 authorizes a "witness [who] is not testifying as an expert" to provide "testimony in the form of an opinion . . . that is: rationally based on the witness's *perception*," (italics added).

While he worked at Ford, Mr. Pascarella was exposed to numerous events that allow him to form a "perception" about whether Ford knew about the use of lift kits on its vehicles. "[A] witness may offer 'lay opinion testimony based on his

---

[3] If this approach sounds familiar, it is because Plaintiffs previously raised it with regard to one of their expert witnesses, Paul Lewis, Jr. [*See* Doc. 128, at 5 (Lewis "is not simply acting as a testifying expert . . . he is a fact witness regarding what RC knew or should have known").] Yet Lewis was never designated as anything other than an expert witness in this case by Plaintiffs. Lewis's testimony about what Rough Country knew or should have known, however, is speculative and inadmissible because Lewis never worked for or at Rough Country, whereas Mr. Pascarella actually worked for and at Ford.

professional experiences as long as the testimony is rationally based on those experiences, rather than on scientific or technical knowledge'." *U.S. v. Lott*, No. 23-12561, 2025 WL 784396, at *6 (11th Cir. Mar. 12, 2025). Mr. Pascarella, if needed or appropriate, can "testify about [his] observations based on personal knowledge," *Patrick v. Henry Cnty.*, No. 1:13-CV-01344-RWS, 2016 WL 2961103, at *3 (N.D. Ga. May 23, 2016).

D. CONCLUSION

Accordingly, for the foregoing reasons, Rough Country shows that Plaintiffs' *Daubert* motion to exclude Mr. Pascarella (Doc. 151) should be DENIED.

This 17th day of March, 2025.

|  |  |
|---|---|
|  | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC |
|  | /s/ Aaron Chausmer |
| 3344 Peachtree Road, N.E. | Richard H. Hill, II |
| Suite 2400 | Georgia Bar No. 354425 |
| Atlanta, GA 30326 | Aaron B. Chausmer |
| Phone: 404-876-2700 | Georgia Bar No. 119998 |
| Fax: 404-875-9433 | *Attorneys for Defendant Rough Country, LLC* |
| rhill@wwhgd.com | |
| achausmer@wwhgd.com | |

-5-

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 17th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998

## CERTIFICATE OF SERVICE

This is to certify that I have electronically served the foregoing filing with the Clerk of Court via CM/ECF, which will send a copy to the following attorneys of record:

Tedra L. Cannella
Robert H. Snyder, Jr.
Devin Mashman
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

***ATTORNEYS FOR PLAINTIFFS***

This 17th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998