# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., | |
| Plaintiffs, | Civil Action No. |
| v. | 2:22-CV-17-RWS |
| ROUGH COUNTRY, LLC, | |
| Defendant. | |

## DEFENDANT ROUGH COUNTRY, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE ANY PURPORTED OPINION TESTIMONY ABOUT DEFECT UNDER RULE 702

A. THE SCOPE OF THE MOTION IS IMPROPER, UNCLEAR, AND VAGUE

Plaintiffs' motion to exclude "any purported opinion testimony about defect" (Doc. 153) is unclear and vague, and it is not a proper *Daubert* motion. Plaintiffs' motion does not seek to exclude the testimony of a specific expert, as contemplated by *Daubert.* While a *Daubert* motion and Rule 702 address whether expert testimony (1) comes from a qualified expert, (2) is reliable, and (3) assists the trier of fact, Plaintiffs' motion does not address any of these issues. Moreover, the motion purports to limit non-expert testimony, which Plaintiffs refer to as "unqualified lay

testimony." The motion does not specify what Plaintiffs mean by "unqualified lay testimony" in connection with their *Daubert* motion.[1]

The motion is more appropriately recognized as a motion in limine, "[t]he true purpose of [which] is to avoid the introduction of evidence at trial that is 'clearly inadmissible on all potential grounds' and could irretrievably impact the fairness of trial." *United States v. Jackson*, No. 7:23-CR-80 (WLS-TQL), 2025 WL 394959, at *1 (M.D. Ga. Feb. 4, 2025). Rough Country's testimony, evidence, and argument about whether its lift kits are defective is not "clearly inadmissible." Therefore, Plaintiffs' motion should be denied. *See, e.g., Mason v. Allstate Ins. Co.*, No. 1:21-CV-04044-SDG, 2023 WL 7703501, at *1 (N.D. Ga. Nov. 15, 2023) (when "opinion testimony . . . is not per se inadmissible . . . their testimony should not be excluded at this stage").

Instead, the motion raises the amorphous idea that Rough Country should be excluded from providing testimony about "the defectiveness of RC's lift kit." The scope of the requested relief is unclear and vague, as it does not advise either Rough Country or the Court what exactly Plaintiffs are seeking. For example, Plaintiffs ask the Court to "prohibit[] RC from eliciting Rule 702 opinion testimony on the <u>defectiveness</u> of its product from *any* witness," [Doc. 153, at 3 (underline added;

---

[1] Rough Country is certainly entitled to present testimony of a lay witness's opinions about its lift kits under Fed. R. Evid. 701.

italics in original)]. But what does "defectiveness" mean? In actuality, the lift kit is not defective because the lift kit did exactly what it was supposed to do.

To the contrary, as explained below, Rough Country's testimony, evidence, and argument that its lift kits are not defective go to the heart of this case. To the extent that Plaintiffs believe that any such testimony, evidence, or argument is inadmissible, then they are free to argue the issue at trial. But a *Daubert* motion is not the proper mechanism for Plaintiffs' endeavor.

## B. PLAINTIFFS' "DEFECT" ARGUMENT MISSTATES ROUGH COUNTRY'S ARGUMENT IN THIS CASE

To the extent that Plaintiff seeks to preclude Rough Country from introducing testimony, evidence, or argument – whether by an expert or lay witness – that its lift kits are not defective, the motion should be denied because its premise is incorrect. Although unclear, it appears that Plaintiffs are arguing to the Court that because none of Rough Country's experts specifically opine that its lift kit is *not* defective, Rough Country has not designated any experts on the issue.[2] Plaintiffs' construction of the defect issue is facially very narrow, while the motion seems to take a very broad

---

[2] Plaintiffs themselves did not designate any experts in this case about the "defectiveness" of Rough Country's lift kits. [*See* Ex. 1 (Second Supplement to Plaintiffs' Initial Disclosures, dated June 17, 2024, produced without the accompanying attachments/expert reports).] A key word search of Exhibit 1 shows that neither the word "defect" nor any variation of it appears anywhere in its identification or discussion of Plaintiffs' expert witnesses.

approach, arguing that Rough Country should be precluded from "offer[ing] expert testimony regarding the effect of the RC suspension lift *in collisions* or its defectiveness," [Doc. 153, at 5 (italics added)].

Plaintiffs' defect argument in this case is based on the theory that the lift kit caused excessive intrusion which, in turn, caused C.Z.B.'s death. If there was no excessive intrusion attributable to the lift kit, then the lift kit was not defective. The lift kit's alleged defect is inextricably tied to whether it caused excessive intrusion "in [a] collision." Given this, the idea that Rough Country has not designated "any expert witnesses on the defectiveness of RC's lift kit" or about "the effect of the RC suspension lift in collisions," is untrue.

Throughout this case, Rough Country has consistently argued that its lift kit is not defective and that it did not cause C.Z.B.'s death.[3] Stated another way, if Rough Country's lift kit did not cause C.Z.B.'s death, then it is not defective. Rough Country's disclosed experts – Mr. Crosby, Mr. Grimes, and Dr. Gwin – all disclosed opinions towards this issue. Specifically, their opinions relate to the role (or lack thereof) of Rough Country's "suspension lift in [the] collision[]" between Plaintiffs' 2008 Ford Escape and Hunter Elliott's 2016 Ford F-250 truck. They have therefore

---

[3] If Plaintiffs' motion seeks to preclude and bar Rough Country from arguing that its lift kit was not defective, that necessarily means that Plaintiffs seek to bar Rough Country from arguing that its lift kit did not cause C.Z.B.'s death. This is the entirety of the case and Rough Country's defense.

offered "defect opinions," and they were previously disclosed "expert witnesses on the defectiveness of RC's lift kit." Thus, Plaintiffs' premise is incorrect, and the motion should be denied.

Ultimately, the burden is on Plaintiffs to prove that it was defective. Under Plaintiffs' stated theory of their motion, Plaintiffs have not designated any experts that Rough Country's lift kit *is* defective. Plaintiffs' experts – Mr. Buchner, Mr. Roche, and Mr. Lewis – all focus on whether the lift kit caused excessive intrusion, the same issue responded to by Rough Country's experts. If Rough Country's experts are deemed not to relate to "defectiveness," then neither do Plaintiffs' experts.[4] Accordingly, if the motion is granted as to Rough Country, then Plaintiffs should be precluded "from introducing opinion testimony about the defectiveness of [the] lift kit at trial" (Doc. 153, at 5) as well.

This motion seems intended to impermissibly switch the burden of proof from Plaintiffs onto Rough Country. Presumably, if the Court grants this motion, Plaintiffs intend to argue to that Rough Country cannot argue or dispute that its lift kit is not defective. This is excessive, and it goes beyond the scope and purpose of a *Daubert* motion.

---

[4] *See, e.g.*, note 3, *supra*.

C. CONCLUSION

Accordingly, for the foregoing reasons, Rough Country shows that Plaintiffs'

*Daubert* motion to exclude "testimony about defect" (Doc. 153) should be DENIED.

This 17th day of March, 2025.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Aaron Chausmer

3344 Peachtree Road, N.E.      Richard H. Hill, II
Suite 2400                     Georgia Bar No. 354425
Atlanta, GA 30326              Aaron B. Chausmer
Phone: 404-876-2700            Georgia Bar No. 119998
Fax:   404-875-9433            *Attorneys for Defendant Rough Country,*
rhill@wwhgd.com                *LLC*
achausmer@wwhgd.com

## <u>RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE</u>

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 17th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically served the foregoing filing with the

Clerk of Court via CM/ECF, which will send a copy to the following attorneys of

record:

Tedra L. Cannella
Robert H. Snyder, Jr.
Devin Mashman
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

### *ATTORNEYS FOR PLAINTIFFS*

This 17th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998