IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., <br><br> Plaintiffs, <br><br> v. <br><br> ROUGH COUNTRY, LLC, <br><br> Defendant. | Civil Action No. <br><br> 2:22-CV-17-RWS |

**DEFENDANT ROUGH COUNTRY, LLC'S RESPONSE
TO PLAINTIFFS' AFFIRMATIVE MOTIONS IN LIMINE**

Plaintiffs present no legal authority to support their filing of "affirmative" motions in limine (Doc. 155). Motions in limine are not intended to seek pre-approval to raise certain topics. Motions in limine are meant to *exclude*, not approve, evidence. "A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022) (quoting *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)). "The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is 'clearly inadmissible on all potential grounds' and could

irretrievably impact the fairness of trial." *United States v. Jackson*, No. 7:23-CR-80 (WLS-TQL), 2025 WL 394959, at *1 (M.D. Ga. Feb. 4, 2025).

> 1. *Plaintiffs should be permitted to introduce evidence of other incidents where Rough Country's lifts caused severe injuries and death.*

Rough Country previously moved in limine to exclude the evidence covered by this topic, to wit, "the so-called *Bacho*, *Mendoza*, and *Gomez* cases, or any other lawsuit involving Rough Country, in their entirety," (Doc. 143, at 1). Rough Country therefore refers to that motion and incorporates the same herein by reference.

> 2. *Plaintiffs should be permitted to question witnesses regarding Georgia's prohibition against using the subject lift kit on Georgia's roads.*

Rough Country previously moved in limine to exclude the evidence covered by this topic, to wit, testimony, evidence, or argument regarding "Georgia's old O.C.G.A. § 40-8-6," (Doc. 140). Rough Country therefore refers to that motion and incorporates the same herein by reference.

Specific issues mentioned by Plaintiffs to the Court in the instant motion are just wrong, and they therefore warrant a response.

First, Plaintiffs aver that Mr. Elliott's "Ford F-250 meets *the statutory definition* of a 'private passenger vehicle,'" such that the old O.C.G.A. § 40-8-6 applies. [Doc. 155, at 6 (italics added).] This statement is simply incorrect. *There is no statutory definition for a "private passenger vehicle" anywhere in the Georgia*

2

*Code.* Plaintiffs then misleadingly refer to the statutory definition for a "passenger car," an inapposite term and definition.

Second, Plaintiffs represent to the Court that Rough Country previously acknowledged to the Court that it "knew O.C.G.A. § 40-8-6 was in place," and that, "[d]espite this knowledge, it continued selling lifts in Georgia that violated the express terms of a public safety statute," (Doc. 155, at 7-8). Plaintiffs cite to page 12 of Rough Country's "Brief in Support of Motion for Summary Judgment" (the "*Bacho* MSJ Brief") in the *Bacho* case. *But this is demonstrably not what Rough Country told the Court in Bacho.* On page 5 of that brief, Rough Country unequivocally told the Court:

> Nearly every state has enacted legislation that restricts certain aspects of vehicle height; Georgia Code Ann. § 40-8-6.1 dictates the maximum distance from the street to the lowest point on the frame of the truck. *The lift kit on Taylor Long's truck undisputedly complied with this Georgia law* [O.C.G.A. § 40-8-6.1, *not* O.C.G.A. 40-8-6].

[Ex. 1 (*Bacho* MSJ Brief), at 5 (italics added).] And on page 12 – the passage cited by Plaintiffs – Rough Country told the Court:

> This analysis is equally applicable to the law in Georgia today, where the Legislature has declared its purpose was "to require every vehicle to be in safe mechanical condition and not to *endanger the driver or other occupant or any person upon the highway*." Equipment and Inspection of Motor Vehicles, O.C.G.A. § 40-8-7(a). **Pertinently, O.C.G.A. § 40-8-6.1 dictates the maximum distance from the street to the lowest point on the frame of a lifted truck, with which height Taylor Long's truck undisputedly**

**complied**. Georgia law contemplates different sized vehicles operating on the public roads, and those differences do not make them defective.

[*Id.*, at 12 (underline in original; italics and bold added).] The italicized text above is what Plaintiffs cited to the Court, but the bold text is what Rough Country was telling the Court in *Bacho*. Moreover, despite expressly referencing the old O.C.G.A. § 40-8-6 to the Court in the instant motion, **that statute is not mentioned anywhere** in the passage that Plaintiffs reference. In fact, the *Bacho* MSJ Brief does not mention the old O.C.G.A. § 40-8-6 anywhere within its four corners. Plaintiffs' reliance on the Bacho MSJ Brief to support their position is patently misleading.

Third, Plaintiffs refer the Court to Rough Country's website and propose that Rough Country "knew the lift installed on the F250 would result in a violation of Georgia law" because its website linked to a third party website. (Doc. 155, at 8.) Again, Plaintiffs are being disingenuous with the Court. The pertinent portion of Rough Country's website specifically and unequivocally states:

**STATE LIFT LAWS**

Rough Country Suspension Systems advises that you check your state and local ordinances prior to installing a suspension kit or other aftermarket vehicle modification. While some states have almost no restrictions, others have many regulations concerning just what is and isn't considered street-legal. To ensure your purchase falls within your state's guidelines, call your local DMV. Many customers have also recommended using this website: www.liftlaws.com. Liftlaws.com is not maintained by Rough Country and we subsequently cannot attest to its accuracy. It is always the buyer's responsibility to comply with all Federal, State and Local laws governing the sale of Rough Country product. Furthermore, different insurance companies may handle coverage of a modified vehicle differently. Some policies do not cover modifications at all, while others go so far as to provide extra coverage for the off-road components themselves. Always check with your insurance carrier prior to upgrading the vehicle to ensure your coverage remains sufficient.

4

(https://www.roughcountry.com/state-lift-laws (last visited March 16, 2025) (highlight added). Rough Country very clearly tells visitors to its website that: (1) it "cannot attest to its accuracy," and (2) the link is simply one that its "customers have also recommended." Further, when a visitor clicks on the liftlaws.com link, *it does not "link[] to https://www.liftlaws.com/georgia_lift_laws.htm," as Plaintiffs represent to the Court on page 8 n. 2.* More correctly, clicking on the link on Rough Country's website takes the visitor to https://www.liftlaws.com/, where it specifically states that it is dependent on its "visitors to help keep this site up to date and easy to understand" because "[s]treet legal laws are always evolving."[1] The visitor must then click again on the particular state's link to go to another webpage. Notably, the Georgia page still refers to the old O.C.G.A. § 40-8-6, even though that statute is no longer the law in Georgia.

This 17th day of March, 2025.

|  |  |
|---|---|
|  | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC |
|  | /s/ Aaron Chausmer |
| 3344 Peachtree Road, N.E.<br>Suite 2400<br>Atlanta, GA 30326<br>Phone: 404-876-2700<br>Fax: 404-875-9433<br>rhill@wwhgd.com<br>achausmer@wwhgd.com | Richard H. Hill, II<br>Georgia Bar No. 354425<br>Aaron B. Chausmer<br>Georgia Bar No. 119998<br><br>*Attorneys for Defendant Rough Country, LLC* |

---

[1] https://www.liftlaws.com/ (last visited March 16, 2025).

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 17th day of March, 2025.

                                        */s/ Aaron Chausmer*
                                        Aaron B. Chausmer
                                        Georgia Bar No. 119998

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically served the foregoing filing with the Clerk of Court via CM/ECF, which will send a copy to the following attorneys of record:

Tedra L. Cannella
Robert H. Snyder, Jr.
Devin Mashman
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

***ATTORNEYS FOR PLAINTIFFS***

This 17th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998