IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SANTANA BRYSON and JOSHUA BRYSON, as Administrators of the Estate of C.Z.B., and as surviving parents of a deceased minor, C.Z.B., <br><br>    Plaintiffs, <br><br> v. <br><br> ROUGH COUNTRY, LLC, <br><br>    Defendant. | Civil Action No. <br><br> 2:22-CV-17-RWS |

**DEFENDANT ROUGH COUNTRY, LLC'S RESPONSE
TO PLAINTIFFS' MOTIONS IN LIMINE TO EXCLUDE
EVIDENCE REGARDING HUNTER ELLIOTT**

Plaintiffs ask the Court to exclude evidence of Hunter Elliott's conduct the night of the accident. (Doc. 154.) For the following reasons, Plaintiffs' motion should be denied.

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022) (quoting *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)). "The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is 'clearly inadmissible on all potential grounds' and could

irretrievably impact the fairness of trial." *United States v. Jackson*, No. 7:23-CR-80 (WLS-TQL), 2025 WL 394959, at *1 (M.D. Ga. Feb. 4, 2025). "In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *United States. v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Ward*, 2025 WL at *1.

It is undisputed that Mr. Elliott "[1] drove drunk [2] on a suspended license, and [3] he sped at 51 miles per hour into the rear of Plaintiffs' car while it idled at a stop light," (Doc. 154, at 1.) These are the facts, and they are relevant to this case based on Plaintiffs' stated trial strategy.

First, Plaintiffs argue that the fact that Mr. Elliott "sped 51 miles per hour into the rear of Plaintiffs' car while it idled at a stop light" is "highly prejudicial; and unquestionably irrelevant." (Doc. 154, at 1.) This conclusion is highly erroneous. When broken into parts, each of its three components are directly relevant and highly probative: (A) Mr. Elliott was going 51 miles per hour; (B) into the rear of Plaintiffs' Escape; and (C) while it was stopped. Each of those facts is relied on by every expert in this case, including Plaintiffs' own experts. Mr. Elliott's (A) and Plaintiffs' (B) respective speeds at impact (51 m.p.h. and 0 m.p.h.) are used to calculate the Delta-

V related to the collision, and these are all variables used by both side's accident reconstruction experts in forming their opinions. Similarly, where Plaintiffs' Escape was impacted (B) is also a crucial factor considered by both sides' experts. Plaintiffs acknowledge in their motion that they must show that the lift kit caused "damages over and above those which were probably caused as a result of the original impact or collision," (Doc. 154, at 3).

The jury *must* be informed that Mr. Elliott slammed into the rear of Plaintiffs' stopped Escape at 51 miles per hour for them to evaluate one of the fundamental issues in this case: what sort of damage would an unlifted 2016 Ford F-250 truck cause if it impacted the rear of a 2008 Ford Escape at 51 miles per hour? Plaintiffs request to exclude any testimony, evidence, or argument about these facts (the third item noted by Plaintiffs on page 1 of their motion) must be denied. Indeed, it would be extremely prejudicial to Rough Country to exclude that evidence because of its foundational purpose to determine the "original impact or collision" that is an element of Plaintiffs' claim.

Second, *Reynolds v. Gen. Motors Corp.* was an automotive negligent design case related to the rollover of a 1995 Chevy Blazer. No. CIV.A. 2:04-CV-0106R, 2007 WL 2908564, at *1 (N.D. Ga. Sept. 28, 2007). In *Reynolds*, like this case, a drunk driver impacted the plaintiffs' vehicle causing the collision at issue. This Court recognized in *Reynolds* that a driver's alcohol abuse may be "relevant to the issue of

proximate cause" because "an unforeseeable intervening criminal act is generally treated as the sole proximate cause of an injury," *id.*, at *3. This Court further "conclude[d] that the probative value of [the driver]'s alcohol consumption and impairment is not substantially outweighed by the potential dangers of prejudice, confusion, or delay," such that it denied the plaintiffs' motion in limine on this issue. The Court should do the same thing in this case.

Third, Plaintiffs have consistently argued that the lift kit at issue "violated a Georgia safety law," [Doc. 120-5 (Plaintiff's Outline of the Case), at 5], and they have expressed an intention to present evidence of Mr. Elliott's crimes, [Doc. 120-10 (Plaintiffs' Exhibit List), at 811]. If Plaintiffs intend to introduce a crime by Mr. Elliott into the case, then Rough Country should be able to present a complete picture of Mr. Elliott's complete disregard for the law. Plaintiffs should not be able to "cherry pick" which aspect of Mr. Elliott's criminal conduct they present to the jury; it should be an all-or-nothing proposition.

Fourth, there is a dispute as to whether Rough Country's lift kit was governed by the old O.C.G.A. § 40-8-6 or the old O.C.G.A. § 40-8-6.1 (the new O.C.G.A. § 40-8-6). Even though there is testimony that from a Georgia State Police trooper about institutional uncertainty over how to measure the old O.C.G.A. § 40-8-6, Plaintiffs have invoked the fact that Mr. Elliott was cited for violating O.C.G.A. § 40-8-6 by the arresting officer(s) in support of their arguments. Mr. Elliott's myriad

-4-

of other criminal violations that night are circumstantial evidence that the arresting officers were simply trying to "throw the book" at Mr. Elliott based on what Plaintiffs (rightfully) describe as his "abhorrent" actions. (Doc. 154, at 4.)

Fifth, the jury should know the totality of the circumstances surrounding the accident so that they are not left to guess or speculate as to the cause of the accident. For example, the jury may wonder if Mr. Elliott's brakes failed, whether he fell asleep, or other similar things.

Finally, Plaintiffs mention that portions of the SCRT report prepared by the Georgia State Police regarding the collision may be hearsay or double hearsay. (Doc. 154, at 5.) While that may be true in some limited circumstances, Federal Rule of Evidence 803(8)(A) provides that "factual findings from a legally authorized investigation" may be admitted as a hearsay exception. Thus, to the extent that Plaintiffs may be seeking to exclude the SCRT report, their request should be denied.

This 17th day of March, 2025.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ Aaron Chausmer
Richard H. Hill, II
Georgia Bar No. 354425
Aaron B. Chausmer
Georgia Bar No. 119998
*Attorneys for Defendant Rough Country, LLC*

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
Phone:  404-876-2700
Fax:   404-875-9433
rhill@wwhgd.com
achausmer@wwhgd.com

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with Local Rule 5.1 in that it was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 17th day of March, 2025.

                                          */s/ Aaron Chausmer*
                                          Aaron B. Chausmer
                                          Georgia Bar No. 119998

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically served the foregoing filing with the Clerk of Court via CM/ECF, which will send a copy to the following attorneys of record:

Tedra L. Cannella
Robert H. Snyder, Jr.
Devin Mashman
CANNELLA SNYDER LLC
315 W Ponce de Leon Ave
Suite 885
Decatur, GA 30030

***ATTORNEYS FOR PLAINTIFFS***

This 17th day of March, 2025.

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998