# EXHIBIT 6

**CAUSE NO. 2010-CV-0172-A**

| | | |
|---|---|---|
| **JAVIER MENDOZA, MARTHA MENDOZA, DESIREE MENDOZA AND JUSTIN MENDOZA, EACH INDIVIDUALLY** | § § § § | **IN THE DISTRICT COURT** |
| **VS.** | § § | **197th JUDICIAL DISTRICT** |
| **HECKETHORN PRODUCTS, INC. D/B/A ROUGH COUNTRY SUSPENSION SYSTEMS** | § § § § | **WILLACY COUNTY, TEXAS** |

## PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION

COMES NOW, JAVIER MENDOZA, MARTHA MENDOZA, DESIREE MENDOZA AND JUSTIN MENDOZA, ALL INDIVIDUALLY, hereinafter Plaintiffs, and file this their Original Petition against HECKETHORN PRODUCTS, INC. D/B/A ROUGH COUNTRY SUSPENSION SYSTEMS, hereinafter Defendant, and would respectfully show unto this Honorable Court the following:

### I.
### PARTIES

Plaintiffs are residents of Willacy, Hidalgo County, Texas.

Defendant HECKETHORN PRODUCTS, INC. D/B/A ROUGH COUNTRY SUSPENSION SYSTEMS is a Tennessee Corporation doing business in Texas and has appeared and answered herein.

### II.
### DISCOVERY CONTROL PLAN

Plaintiffs hereby intend to conduct discovery under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure.

## III.
## VENUE

Plaintiffs would show the Court that venue over this proceeding is proper in Willacy County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code Ann. Section 15.002 because all or a substantial part of the events giving rise to the claim occurred in Willacy County, Texas. Thus, venue is proper in Willacy County, Texas.

## IV.
## BACKGROUND FACTS

On or about August 18, 2009, Desiree Mendoza was traveling south on FM 1834 approaching Wood County Road in Raymondville, Willacy County Texas with her brother, Justin Mendoza, a passenger in her vehicle. Plaintiff Desiree Mendoza was driving in a reasonable and prudent manner, exercising ordinary care for her safety and the safety of her brother, when suddenly and without warning, her vehicle was struck on the driver side door area by a 2006 Dodge Ram 2500 that was equipped with a 5 inch lift kit designed, manufactured and distributed by Defendant Heckethorn Products, Inc. d/b/a Rough Country Suspension Systems (hereinafter "Rough Country"). The 2006 Dodge Ram was being driven by Kathy Nieto. As a result of the unreasonably dangerous height of the Dodge Ram, the bumper on said truck came into contact with Desiree Mendoza's head causing her to suffer a severe and traumatic brain injury.

## V.
## CAUSES OF ACTION AGAINST HECKETHORN PRODUCTS, INC. D/B/A ROUGH COUNTRY SUSPENSION SYSTEMS

The "lift kit" installed on the subject 2006 Dodge Ram 2500 pickup truck was designed, manufactured, marketed and sold by Defendant Heckethorn Products, Inc. d/b/a Rough Country Suspension Systems and was defective, unreasonably dangerous

and a producing cause of the injuries in question for, among others, the following reasons:

1. The lift kit was defectively designed because, once installed, results in an unreasonably dangerous bumper height on the subject vehicle;

2. The lift kit was defective and unreasonably dangerous because, once installed, results in an unreasonably dangerous bumper height that bypasses most, if not all, safety protections afforded by passenger vehicles in foreseeable accidents.

A lift kit design that does not result in an unreasonably high vehicle bumper height is one of several possible safer alternative designs. The safer alternative designs would have prevented or significantly reduced the risk of the Plaintiffs' injuries or the Plaintiffs' damages, without substantially impairing the product's utility. Furthermore, the safer alternative designs were economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

Additionally, Defendant Heckethorn Products, Inc. d/b/a Rough Country Suspension Systems failed to warn their consumers of the dangers to the occupants of passenger cars in foreseeable accidents; the dangers of lifting the suspension of a vehicle beyond the bumper height standards imposed on all vehicle manufacturers of passenger cars; and, the fact that the lift kits sold by Heckethorn, such as the one made the basis of this lawsuit, is illegal in several states when utilized on a vehicle driven on public streets and roads. Thus, Defendant is liable to Plaintiffs for their failure to warn

which constitutes a marketing defect and was a producing cause of the injuries suffered by Plaintiffs.

## VI.

Defendant Heckethorn Products, Inc. d/b/a Rough Country Suspension Systems committed acts of negligence including, but not limited to, the following:

1. Negligently designing, manufacturing and marketing the lift kit installed on the subject vehicle made the basis of this lawsuit;
2. Negligently failing to warn of the dangers to occupants of passenger cars when colliding with a truck modified with a lift kit in a foreseeable accident;
3. Negligently failing to warn of the illegality of the lift kit made the basis of this lawsuit in several states when utilized on a vehicle driven on public streets and roads;
4. And for such other acts of negligence that may be shown at the time of trial.

Each of the foregoing acts of negligence were a proximate cause of the injuries in question.

## VII.
## BYSTANDER CLAIM ON BEHALF OF JUSTIN MENDOZA

Plaintiff Justin Mendoza asserts a cause of action as a bystander, as that term is defined under Texas law, for having suffered physical and mental damages as a result of witnessing the traumatic head injury suffered by his sister, Desiree Mendoza.

## VIII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer personal injuries and damages. As a direct and

proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;
2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
3. Physical pain and suffering in the past and future;
4. Mental anguish in the past and future;
5. Physical impairment in the past and future;
6. Loss of Consortium in the past and future;
7. Disfigurement;
8. Loss of Earning Capacity in the past and future;
9. Loss of Services in the past and future;
10. All other elements of damages that may be shown at the trial of this cause.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer herein and that upon a final trial of this cause, Plaintiffs recover judgment against Defendant for Plaintiffs' injuries and damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court; interest on said judgment at the highest legal rate from date of judgment; pre-judgment interest on Plaintiffs' damages at the highest legal rate; and, such other and further relief, whether at law or in equity, to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**GARCIA & KARAM, L.L.P.**

BY: _____
       AIZAR J. KARAM, JR.
       State Bar No. 00796860
       RICARDO A. GARCIA
       State Bar No. 07643200
       LINO H. OCHOA
       State Bar No.00797168
       820 South Main
       McAllen, Texas  78501
       956/630-2882 - Telephone
       956/630-5393 – Facsimile

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing instrument was sent to counsel of record via certified mail, return receipt requested, regular mail and/or facsimile this ____ day of October 2011.

Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, TX 78520

Ryan C. Solis
Solis & Zambrano
3900 N. 10th Street, Ste. 915
McAllen, TX 78504

Osiris A. Gonzalez
The Osiris A. Gonzalez Law Firm, PLLC
2100 S. Shary Rd., Ste. 4
Mission, TX 78572

                                                                                          _____
                                                                                            AIZAR J. KARAM, JR.