UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

Santana Bryson and Joshua Bryson,   *
as Administrators of the   *
Estate of C.Z.B., and as surviving   *
parents of C.Z.B., a deceased minor,   *
   *   Civil Action File
   Plaintiffs,   *
   *   No. 2:22-cv-17-RWS
v.   *
   *
Rough Country, LLC   *
   *
   Defendant.   *

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT ROUGH COUNTRY'S
<u>OMNIBUS MOTION IN LIMINE</u>**

Rough Country's Omnibus Motion in Limine covers 19 topics regarding

which it asks the Court to "prohibit[], exclude[], limit[], and suppress[] any and all

evidence, proffers, tenders, comments, statements, testimony, colloquy, or any

other utterance or allusion." Doc. 146 at 1. This extremely broad relief is

especially problematic because most of the topics themselves are so vague and

broad, it is not clear what evidence they seek to exclude, or how Plaintiffs might

present their case without potentially running afoul of an order granting the relief

Rough Country seeks. With most of these motions, the best course of action is to

either deny them or defer ruling and require Defendant to identify with specificity

at trial and within the context of the evidence what it objects to.

### 1. "Filing this motion."

Plaintiffs agree that *neither party*[1] should be permitted to use the filing of a motion in limine to suggest the moving party is trying to "hide" evidence or act improperly. However, the motion is too broad. Granting this motion would, for example, prevent the parties from objecting to evidence or questioning on the ground that it violates a motion in limine. It must therefore be denied or narrowed such that it prohibits both parties from questioning witnesses about the filing of a motion in limine or arguing in closing or opening that a party's filing of a motion in limine is evidence it was trying to hide.

### 2. "Vouching for Witnesses."

Rough Country's "vouching" motion is also overly broad and vague and—as written—seeks to prevent permissible argument by counsel. It must be denied or deferred. "[C]ommenting on the credibility of a witness based upon evidence presented at trial is not improper." *Stewart v. QuikTrip Corp*., No. 1:21-CV-1974-MHC, 2023 WL 10406726, at *5 (N.D. Ga. Dec. 8, 2023). In *Stewart*, the District Court deferred ruling on plaintiff's motion in limine seeking "to prevent the suggestion that Plaintiff or any of her witnesses are less than 'honorable or otherwise worthy of belief.'" *Id.; see also Barron v. California*, No. 19-55127,

---

[1] Rough Country only seeks to exclude such evidence or argument by Plaintiffs, but not by both parties. To the extent any of Rough Country's motions are granted, they should be applied equally to both sides.

2022 WL 42469, at *2 (9th Cir. Jan. 5, 2022) (lawyers must have "reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence, including that one of the two sides is lying." (citation omitted)).  A lawyer may also "reply to remarks, comments or assertions made by defense counsel." *Id*.  The court should examine "whether: (1) the attorney explicitly personally assured the witness' credibility, or (2) the attorney implicitly vouched for the witness' credibility by implying that evidence not presented to the jury supports the witness' testimony."  *Bratt v. Genovese*, No. 8:13-CV-3210-T-36AEP, 2018 WL 5111910, at *5 (M.D. Fla. Oct. 19, 2018), *aff'd*, 782 F. App'x 959 (11th Cir. 2019).  Plaintiffs therefore ask the Court to deny or defer this motion.

### 3.  "Uncalled witnesses."

This is not a criminal case in which Rough Country has a constitutional right to remain silent.  Plaintiffs are permitted to highlight Rough Country's failure to call witnesses.  It does not matter that the witness is "equally available to both parties" (a status which would not apply to any of Rough Country's own employees—all of whom are outside the jurisdiction of this Court).  Doc. 146 at 5. If Rough Country has an argument or defense and fails to bring the witnesses who could speak to it, that fact is relevant and admissible.  Rough Country cites no caselaw to the contrary.  This motion should be denied or deferred.

**4.  "Financial status of the parties."**

Again, Rough Country asks this Court to limit evidence without clearly stating what the evidence is: in Phase 1, "Rough Country requests that all evidence suggesting the wealth of Rough Country be excluded, including but not limited to, the following: assets or other reference to its size or revenue."  Doc. 146 at 6.  Plaintiffs will not introduce evidence of Rough Country's assets, revenue, or profit during Phase 1.

However, evidence of Rough Country's size is relevant to its failure to act reasonably.  For example, it is a large company with many employees, but it does not have a single licensed engineer on staff.  That fact is relevant and admissible on the question whether Rough Country acted reasonably.  Yet, granting Defendant's motion could result in a violation of the Court's order if Plaintiffs introduce that evidence.  The number of lifts on the road is also relevant to the magnitude of the danger that the product creates—a factor under Georgia's risk-utility analysis—but introducing that evidence might be considered a violation of an order granting Rough Country's motion, which asks the Court to exclude "all evidence *suggesting*" the wealth of Rough Country, and which does not limit its request to evidence regarding assets, revenue, or profits in Phase 1.

Rough Country also seeks to limit the admissible evidence of its ability to pay in Phase 2, even though that is a factor that the jury can consider.  *Holland v.*

*Caviness*, 292 Ga. 332, 335, 737 S.E.2d 669, 671 (2013) ("[I]f a cause of action is within the ambit of O.C.G.A. § 51-12-5.1, evidence of the defendant's financial circumstances may be admissible."); Council of Superior Court Judges, Georgia Suggested Pattern Jury Instructions, Vol. 1 Civil 66.750 (5th ed. 2020) ("In considering the amount of punitive damages, you may consider . . . the financial circumstances, that is, the financial condition and[/]or the net worth of the defendant."); *J.B. Hunt Transp., Inc. v. Bentley*, 207 Ga. App. 250, 257–58, 427 S.E.2d 499, 506 (1992) (en banc) (an annual corporate financial report and a Form 10-K submitted to the Securities and Exchange Commission—was "relevant and admissible" to help the factfinder determine the amount of punitive damages). Rough Country conflates the evidence the jury can consider in determining the appropriate amount to punish or deter with the constitutional analysis of whether an award is excessive. The latter subject is beyond the scope of a motion in limine, but the admissibility of Rough Country's wealth in Phase 2 is an easy question: it is clearly admissible.

### 5. "Manner of the litigation and discovery issues."

Discovery disputes make for very boring trial presentations. This motion must nonetheless be denied because it is overly broad and vague. Rough Country does not identify any "discovery dispute" it wants excluded. And Plaintiffs cannot

begin to form a guess as to what "the manner in which the case has been litigated" means.  Rough Country offers no explanation at all.

Granting any part of this motion could result in Plaintiffs inadvertently violating the Court's order by soliciting evidence or making argument that clearly should be admissible. Such orders have been construed to prohibit a party from arguing interrogatory responses were vague or that witnesses were subject to outside pressure with regard to their testimony.  *See, e.g.*, *Gen. Motors Corp. v. Moseley*, 213 Ga. App. 875, 878–79, 447 S.E.2d 302, 307 (1994), *overruled on other grounds by Williams v. Harvey*, 311 Ga. 439, 858 S.E.2d 479 (2021), *and abrogated by Webster v. Boyett*, 269 Ga. 191, 496 S.E.2d 459 (1998). Plaintiffs ask the Court to deny or defer ruling on this motion until it has the benefit of context regarding whatever Rough Country claims is inadmissible.

## 6. "Offers in compromise."

This issue has been resolved by agreement and Court order.  Doc. 160.  The Parties filed a Joint Motion for Consent Order on motions in limine which included "any reference to offers of settlement or compromise by the parties."  Doc. 159, 159-1.  The Court entered this order on March 11, 2025.  Doc. 160.

## 7. "Admission of Evidence Not Previously Produced and Documents Not Previously Addressed in the Pre-Trial Order."

This motion is overly broad and too vague.  There may be evidence that Plaintiffs can use for impeachment that is not on the list, because they do not know

exactly what Defendant's witnesses will say on the stand or how Defendant will cross Plaintiffs' witnesses.  In addition, there may be evidence that is not on the list that becomes relevant because of any new contentions or testimony by Rough Country witnesses at trial.  The Court does not need Rough Country to unilaterally rule on the admissibility of evidence now, before it is introduced.  Further, if the Court wants the parties to approach the bench with regard to previously undisclosed evidence, it can require that during trial.  Ordering this before trial will hamper the Court's ability to control its courtroom and could unnecessarily slow the presentation of evidence.

### 8.  **"Liability Insurance Coverage."**

This motion is confusing.  The jury must be qualified as to any relationship with Everest National Insurance Company, Rough Country's sole known liability insurance provider.  Under federal law, allowing "*voir dire* questions to determine the possible interest of jurors in insurance companies 'is a matter of balancing the interest of one party in having disinterested and unprejudiced jurors against possible prejudice to another party ... by revealing the financial interest of the insurance company in the suit.'"  *See Haynes v. Lawrence Transportation Co.,* No. 1:13-CV-04292-LMM, 2016 WL 11745938, at *3 (N.D. Ga. Aug. 15, 2016), citing *Louisville & N. R. Co. v. Williams*, 370 F.3d 839, 841 (5th Cir. 1966).

"The court should privately ascertain whether an insurance company is affected by the result of the trial, and if so, without needlessly publishing the fact of insurance," determine whether it should exclude jurors who have an interest in the company. *Mart v. Burgess*, 82 F.2d 321, 324 (5th Cir. 1936). "Where the interest of the insurance company is as a sole (or substantial) indemnitor or claimant, the application of the rule expressed by Judge Sibley [in *Mart*] has presented no great difficulty." *Louisville*, 370 F.2d at 842; *see also Roberts v. AAA Cooper Transportation, Inc.*, No. 2:17-CV-00232-RWS, 2021 WL 9031229, at *2 (N.D. Ga. Aug. 27, 2021) (granting motion in limine on liability insurance coverage but noting "Court will still conduct its usual voir dire regarding insurance").[2] That is the case here as Everest is the sole known insurer of Rough

_____

[2] *See also Collin-Williams v. Contour Eastwyck, LLC*, No. 1:20-CV-3129-CAP, 2023 WL 11909716, at *2 (N.D. Ga. May 3, 2023) ("The Court notes that it will qualify the jury against each insurance company providing coverage for Plaintiffs' injuries."); *Grieco v. Tecumseh Products Co.*, No. 4:12-CV-195, 2013 WL 12156802, at *1 (S.D. Ga. Dec. 11, 2013) (same); *Ramsay v. Carter*, No. 7:11-CV-140 HL, 2012 WL 4738680, at *1 (M.D. Ga. Oct. 3, 2012) (granting motion but stating "[t]he Court will qualify the jury as to State Farm and any relationship with State Farm. Plaintiff's counsel will not mention State Farm during his voir dire."); *Huff v. Huff on Behalf of Est. of Huff*, No. 1:04-CV-0172-TWT-GGB, 2005 WL 8154345, at *2 (N.D. Ga. Nov. 16, 2005) (noting one of the qualifying questions would ask the jurors if they had a financial interest in the relevant insurance company); *Fedon Mavromatis and Elisabeth Mavromatis v. Murphy*, No. 1:14-CV-3469-WSD, 2016 WL 3012051, at *2 n. 5 (N.D. Ga. May 26, 2016) ("The Court notes that it will qualify the jury against each insurance company providing coverage for Plaintiffs' injuries."); *Handley v. Werner Enterprises, Inc.*, No. 7:20-CV-00235 (WLS), 2022 WL 1240855, at *2 (M.D. Ga. Apr. 27, 2022) ("the Court agrees that juror qualification as to Defendant's insurer is appropriate").

8

Country and will be responsible for paying a recovery within policy limits (and potentially beyond).

Despite statements to the contrary in other filings, this motion in limine suggests that Rough Country agrees that the jury must be prequalified as to any relationship with Everest Insurance, because it argues that Plaintiffs' counsel are "prohibited during *voir dire* from questioning the jury as to insurance **when the trial court in qualifying the jury panel has previously asked the proper qualifying questions while under oath**." Doc. 146 at 12 (emphasis added). Rough Country doesn't cite a single case that holds attorneys are "expressly prohibited" from asking such questions at any point. It simply cites Rule 411 which says nothing about *voir dire*. Regardless, Plaintiffs do not intend to repeat questions about Everest Insurance if the Court properly qualifies the jury as to any relationship with Everest, either as a policy holder, or as a current or former employee or officer of Everest.

Rough Country appears to go further though when it argues the Court is not permitted to qualify jurors as to **any** insurance issues unless the juror **presently** works for an insurance company. It again cites no law to support that position. As argued above, the vast majority of courts in this Circuit prequalify the jury as to the defendant's insurance, regardless of whether the juror has disclosed current employment with an insurance company. *See supra* n. 2. Doing so ensures that

Plaintiffs will have a fair and impartial jury with no interest in the outcome of the case.

Finally, although not clearly within the scope of the motion as drafted, Plaintiffs also should be allowed to ask whether any prospective juror (or their spouse) has ever worked for an insurance company in any capacity, including as an adjuster. Plaintiffs included three proposed questions on that topic: (1) has anyone been employed by the insurance industry, (2) has anyone's spouse been an insurance adjuster or claims adjuster, and (3) has anyone been an insurance salesperson? *See* Doc. 120-1 at 2, Doc. 120-3 at 8. Questions relating to work in the insurance field are appropriate background inquiries and are relevant to discovering any potential biases of jurors. *See Ramsay*, No. 7:11-CV-140 HL, 2012 WL 4738680, at *1 ("As requested by the parties, the Court will also qualify the jury as to whether any panel member has ever worked as an insurance claims adjuster or has been employed by an insurance company."); *Huff*, No. 1:04-CV-0172-TWT-GGB, 2005 WL 8154345, at *2) (jurors would be asked the employment history of themselves and their immediate family).

Any risk of prejudice to Rough Country from qualification of jurors about relationships with Rough Country's insurer and background questions about insurance employment is very low. Thus, Plaintiffs should be permitted to qualify the jury as to Everest National Insurance Company if the Court does not do so, and

to ask their three proposed *voir dire* questions that touch on insurance employment.

Should the Court disagree, Plaintiffs respectfully request that, at a minimum, the

Court prequalify jurors as to any relationship or connection to Everest National

Insurance Company to ensure a fair and impartial jury is selected.

### 9. "Send a message arguments."

Plaintiffs agree that they will not ask the jury to "send a message" through

its compensatory verdict in this case.  The motion should be otherwise denied as

too vague to rule on or deferred until trial, because it is unclear what would be

included within an Order prohibiting Plaintiffs from "argu[ing] or otherwise

encourag[ing] the jury to 'send a message' to the industry."  Doc. 146 at 13

(emphasis added); *see e.g.*, *Harvey v. Kroger Co.*, No. 1:20-CV-04803-CAP, 2022

WL 20689594, at *6 (N.D. Ga. Nov. 29, 2022) (deferring ruling on "send a

message" motion because "at this point, the court can only speculate about the

application of [the motion]"); *see also Stuckey v. N. Propane Gas Co.*, 874 F.2d

1563, 1574 (11th Cir. 1989) ("district court did not abuse its discretion in not

declaring a mistrial" when counsel stated during closing "that a 'message should

be sent,' but he also made it clear that an award of only compensatory damages

would suffice to send that message" because his "argument for deterrence was not

necessarily an argument for punitive damages").  As a result, Plaintiffs ask that the

Court defer any further ruling on the motion until trial, when an objection can be made and heard in context.

Plaintiffs further note that they have asserted a claim for punitive damages. Plaintiffs are absolutely allowed to make 'send a message' type arguments during both the punitive liability and damages portion of the trial. *See Dimaso v. Ford Motor Co.*, No. 99-A-6172-6, 2003 WL 22850075, at *1 (Ga. Super. Oct. 21, 2003) ("Here, since plaintiffs are seeking punitive damages, it would not be improper for plaintiffs to argue that the jury should 'send a message.'"); *Ga. Clinic, P.C. v. Stout*, 323 Ga. App. 487, 494 (2013) (core purpose of punitive damages is to punish the defendant and "deter the repetition of reprehensible conduct"). Thus, to the extent Rough Country seeks an an order preventing "send a message" type arguments regarding punitive damages, the motion should be denied.

**10. "Asking Jurors to put themselves in Plaintiffs' place."**

Plaintiffs agree that they cannot make "golden rule" type arguments with respect to Plaintiffs' damages. Rough Country again goes too far though by asking for limitations on "golden rule" arguments about "liability." Doc. 146 at 14. As both cases Rough Country cites in its motion make clear, "golden rule" arguments are only improper with respect to damages, but are allowed when related to the reasonableness of the defendant's actions, *i.e.* when making liability arguments. *Burrage v. Harrell*, 537 F. 2d 837, 839 (1976) (emphasis added); *McNely v. Ocala*

12

*Star-Banner Corp.*, 99 F.3d 1068, 1071 n. 3 (11th Cir. 1996). Thus, the motion should be denied as to arguments related to liability or the reasonableness of Rough Country's actions.

### 11. "Ineffectiveness of Money Damages."

This motion makes no sense and cites no law. It is also too vague to abide by. Statements regarding the sacredness of life, or the fact that C.Z.B. will not be able to go to his prom, etc., could all be construed as violations of an order prohibiting "argument that money damages are ineffective to fully compensate Plaintiffs."

### 12. "Evidence of how Plaintiffs' injury has impacted others."

This motion is again overly broad and vague. It will be impossible to call a single friend or family without risking that something they say could be construed by Rough Country as "evidence of how . . . the death of C.Z.B. has impacted" them or that they "suffered." Rough Country should object to specific testimony that it believes is irrelevant instead of asking the Court to categorically limit such a broad and vague type of evidence.

### 13. "New Theories of Recovery."

Again, Rough Country's motion is vague and overly broad. "Undisclosed…damages," for example, may be construed to prevent damages testimony that Rough Country hasn't heard (because it chose not to depose the

witness).  There are already rules in place to prevent undue surprise and exclude evidence from trial that hasn't been disclosed—the same rules that Plaintiffs relied on because of Rough Country's failure to properly disclose evidence under Rule 26.  *See, e.g.*, Doc. 116.  Granting Defendant's vague motion threatens to introduce unnecessary uncertainty and grounds for appeal if Rough Country argues it was "violated."

### 14. "Lift kit industry in general."

Rough Country's motion asks the Court to order Plaintiffs not to make an argument "aimed at suggesting" a verdict would punish or send a message to the lift industry generally.  Although Plaintiffs have no intention of doing so, they ask the Court to deny or defer Defendant's motion, because it is so vague, Plaintiffs cannot divine what arguments Rough Country contends might be "aimed at suggesting" such a thing.[3]  It could, for example, include any response Plaintiffs might make to Rough Country's claim that its conduct was consistent with industry standards.

---

[3] The 1978 opinion that Rough Country cites has been red flagged and does not have anything to do with comments regarding the defendant insurer's "industry." *See Alexander Underwriters Gen. Agency, Inc. v. Lovett*, 182 Ga. App. 769, 775, 357 S.E.2d 258, 264 (1987), *disapproved of by First Acceptance Ins. Co. of Georgia, Inc. v. Hughes*, 305 Ga. 489, 826 S.E.2d 71 (2019).

**15.** **"References to the 'safety rules,' 'safety of the community,' 'safety of the jurors,' or potential harm."**

This motion is one of several that appears to be cut and pasted from a different kind of case.[4]  This is a product liability case, and as the safety of people using the product is part of the test the jury must apply.  *See also infra* at 15-17.  In addition, potential harm is one of the factors that the Court must consider when deciding any challenge to the size of a punitive damages award.  *See, e.g.*, *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580 (1996).  This motion is too vague and overly broad, and it should be denied or deferred.

**16.** **"Commentary regarding Rough Country's anticipated evidence during opening statements."**

Rough Country has provided its witness list and exhibit list to Plaintiffs.  It has stated its contentions in this case.  Depositions have been taken.  Plaintiffs are entitled to talk about those things in opening.  Rough Country cites no caselaw for its contention that Plaintiffs cannot.

**17.** **"Reptile Theory."**

Rough Country's "Reptile Theory" motion should be denied for several reasons, most importantly that it is incredibly vague.  Plaintiffs' counsel have never

---

[4] The case Rough Country cites is a car collision case. *Naimat v. Shelbyville Bottling Co.*, 240 Ga. App. 693, 693, 524 S.E.2d 749, 751 (1999).

read the "Reptile" book cited in the motion and thus are struggling to even understand what arguments Rough Country seeks to exclude.

Rough Country provides a general list of arguments that it claims are included with the "Reptile Theory." That list includes arguments about "the 'safety' of the community" and "the 'safety' of the jurors themselves." Doc. 146 at 18. But arguments about safety are inherently part of this defective product case and thus clearly appropriate. *See Bunch v. P. Cycle, Inc.*, No. 4:13-CV-0036-HLM, 2015 WL 11622952, at *2 (N.D. Ga. Apr. 27, 2015) (denying "reptile" motion and refusing to "enter an Order preventing Plaintiffs' counsel from stating that the product is unsafe" as "it will be hard for Plaintiffs to prove the product is defective if they cannot say it was unsafe or dangerous."). Rough Country objects to arguments that the community deserves a "standard of care." Doc. 146 at 18. But the Court will necessarily have to instruct the jury about the applicable standard of care and Plaintiffs can make reasonable arguments based on that standard. Rough Country objects to arguments that the jury is the conscience of the community, despite such arguments being clearly allowable. *Id.*; *Weaver v. Ross*, 192 Ga. App. 568, 571 (1989) (proper for counsel to state during closing arguments that jurors are "the regulators of the community"); *Holbrook v. State,* 126 Ga. App. 569, 569 (1972) (no error in arguing that the jury was "the conscience of the community"); *Dimaso*, 2003 WL 22850075 at *1 ("Additionally, it is not improper to argue that

16

the jury is the conscience of the community."). Rough Country even repeats arguments it makes in other motions about "sending a message" or "asking jurors to put themselves in Plaintiffs' shoes." Doc. 146 at 18. Plaintiffs won't repeat their arguments about those issues here.

Given the completely vague nature of the motion and Rough Country's inclusion of clearly allowable arguments as "Reptile Theory" arguments, Plaintiffs ask the Court to deny the motion outright or, at a minimum, defer ruling until trial. That is how courts in this District and Circuit routinely handle similar motions. *See Bunch*, 2015 WL 11622952, at \*2 (denying reptile motion); *Bostick v. State Farm Mut. Automobile Ins. Co.*, No. 8:16-CV-1400-T-33AAS, 2017 WL 3123636, at \*2 (M.D. Fla. July 21, 2017) (denying reptile motion to "the extent it seeks to limit [plaintiff's] counsel from making community and safety arguments that may trigger an emotion response from jurors"); *Columbus v. Clean Harbors Envtl. Services, Inc.*, No. 1:21-CV-4610-CAP, 2023 WL 5668034, at \*4 (N.D. Ga. July 26, 2023) (denying motion to exclude "reptile" argument because "the court is uncertain as to what context the argument may be used" and advising instead that defendants make appropriate objections at trial); *Gaddy v. Terex Corp.*, No. 1:14-CV-01928, 2018 WL 11350558, at \*2 (N.D. Ga. Dec. 18, 2018) (reserving ruling on admissibility of reptile arguments until trial because precluding reptile tactics was "unnecessary and overly broad"); *Rodriguez v. Costco Wholesale Corp.*, No.

17

22-CV-22255, 2023 WL 6310363, at *2 (S.D. Fla. Sept. 11, 2023), reconsideration

denied, No. 22-CV-22255, 2023 WL 9792731 (S.D. Fla. Sept. 21, 2023) (denying

motion to exclude reptile theory argument with right to revisit at trial).

**18. "Improper use of treatises and materials."**

Plaintiffs are puzzled by this motion. It appears to be asking Plaintiffs to

follow Federal Rule of Evidence 803(18) when using learned treatises at trial.

Motions seeking an Order that counsel follow the rules are improper. *Quitto v. Bay*

*Colony Golf Club, Inc.*, No. 206CV286FTM29DNF, 2007 WL 9718652, at *1

(M.D. Fla. Aug. 17, 2007) ("motion in limine is not designed to ensure the

professional conduct of counsel"). Regardless, Plaintiffs will follow Rule 803(18)

and ask the Court to direct Rough Country counsel to object at trial if Plaintiffs

allegedly are not doing so. Any additional order is unnecessary at this time and

injects the potential for confusion or error.

**19. "Approaching the Bench."**

This motion robs the Court of its ability to run its own courtroom and

threatens to unnecessarily slow the progress of trial. It asks the Court to prohibit

[only] "Plaintiffs' counsel from making any comment, **directly or indirectly, in**

**any manner whatsoever**, concerning any of the matters set forth herein, without

first approaching the Bench and obtaining a ruling of the Court." Doc. 146 at 25.

There is no way for Plaintiffs to know what Rough Country contends an "indirect"

comment "in any manner whatsoever" entails.  Plaintiffs' counsel (and only Plaintiffs' counsel) would have to approach the bench before *most* questions, for fear of violating a Court order like the one Rough Country seeks.  It should be denied or deferred.

Respectfully submitted this 17th day of March, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*

TEDRA L. CANNELLA
  Georgia Bar No. 881085
  tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
DEVIN L. MASHMAN
  Georgia Bar No. 257588
  devin@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (fax)
***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in 14-point Times New Roman font.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
TEDRA L. CANNELLA
  Georgia Bar No. 881085
  tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
DEVIN L. MASHMAN
  Georgia Bar No. 257588
  devin@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 17th day of March, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*