UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>    Plaintiffs,<br><br>v.<br><br>Rough Country, LLC<br><br>    Defendant. | Civil Action File<br><br>No. 2:22-cv-17-RWS |

## PLAINTIFFS' RESPONSE TO DEFENDANT ROUGH COUNTRY'S MOTION IN LIMINE REGARDING FARS OR ITS DATA

Amongst a slew of ridiculous and improper motions in limine filed by Rough Country, this Motion may take the cake. Rough Country wants the Court to help it "protect itself" from its own testimony. It testified that Rough Country knows about the FARS database. *See* Doc. 97, 2023-08-04 30(b)(6) Dep. of Rough Country at 53:5-10. When asked if Rough Country monitored the FARS database, the testifying corporate representative said "[n]ot on a regular basis" but that it had through NHTSA reports that used FARS data. *Id*. at 53:5-17. Rough Country now wants the Court to keep that testimony from the jury because it is damaging.

Evidence that Rough Country knew about the database but failed to monitor it is relevant to two elements that Plaintiffs must prove: notice and danger of the

defect.  Because Rough Country had an opportunity to present its own explanation for its decision not to monitor FARS, no prejudice would result from introduction of this evidence.  Rough Country is bound by the testimony of its 30(b)(6) witness that made this evidence admissible and should not now be permitted to tactically argue against its admission.  *See Green v. Hooks*, No. CV614-046, 2015 WL 4408834, at *3 (S.D. Ga. July 17, 2015) (when a corporation's designee "lacks the ability to answer relevant questions on listed topics" then the "'we-don't-know' response can be binding" on the corporation prohibiting it from offering evidence at trial on that point) (citation omitted).

      The Court should only grant a motion in limine and exclude evidence if the evidence is clearly inadmissible for any purpose.  *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009).  Rough Country bears the burden of proving that the evidence or argument it asks be excluded is inadmissible.  *Id.*; *see also Conklin v. R T Eng'g Corp.*, No. 3:17-cv-415, 2018 WL 7291430, at *1 (M.D. Fla. Nov. 16, 2018) ("M[ILs] should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial . . .").

      Rough Country's Motion seeks to exclude evidence that is a problem of its own making.  Rough Country seeks to tell the jury that to evaluate the safety of its products, Rough Country reviewed "customer feedback" and that was the ***only***

thing it did. *See* Doc. 97, RC 30(b)(6) Dep., at 9:17-25. This customer feedback was just "customer complaints, you know, either general complaints or via any lawsuits similar to Bacho and Mendoza." *Id*. at 50:22-51:10. After this review, it concluded there were no "incidents where the – where our kit is clearly defined as being an inherent negative factor in any type of incident." *Id.* at 10:16-11:3. Rough Country will attempt to use this evidence to argue that (1) the supposed lack of other incidents demonstrates its lifts are not defective and (2) that Rough Country did not have any notice of a defect.

To examine the sufficiency and reasonableness of Rough Country's evaluation of the safety of its product, Plaintiffs wanted to determine if there were any other ways that Rough Country evaluated or monitored the safety of its products. One of the ways Plaintiffs did this was by asking if Rough Country monitored the FARS database. Rough Country testified that it was aware of the FARS database and agreed that the database catalogs every death in every vehicle crash that causes death. *Id*. at 53:5-10. Rough Country testified that although it did not monitor FARS "on a regular basis," it had reviewed at least two NHTSA studies that referenced FARS data – including one that was specifically presented during the *Bacho* case. *Id*. at 53:11-54:10.

As Plaintiffs' expert Mr. Roche explained, "there are challenges with analyzing the FARS database in terms of whether or not there is accuracy in

3

recording the modifications or condition of the vehicles involved [in a crash]." *See* Doc. 138-4, 2024-08-01 Dep. of Christopher Roche at 172:24-173:2. There is not a feature within the FARS database that allows someone to track specific information about whether any of the listed fatalities in the database involved a lifted vehicle. *Id*. 173:3-7. That this information may not be conveniently available on the FARS database, however, does not mean that monitoring the FARS database would not have been a useful tool for Rough Country to evaluate and monitor the safety of its product. For example, Rough Country could monitor the database for fatalities involving both light trucks and vans (LTVs) and passenger cars. *Id*. at 174:23-175:7. Once informed of these fatalities through the database, Rough Country could then seek publicly available information about the crash, like that available for the Bryson's collision. *Id*. This would provide Rough Country a comprehensive picture of whether Rough Country lifts are associated with increasing fatalities in crashes.

But Rough Country did not do so, and its failure is direct evidence of the failure to attempt a reasonable evaluation of the safety of its product. It is additional evidence of Rough Country's failure to act reasonably by conducting crash tests or design failure effects analysis, which would predict potential failures or dangers of its product. Evidence of Rough Country's insufficient evaluation of the safety of its lifts and decision to continue selling these lifts is relevant to both

4

notice and danger, which are both part of the test of defect. This evidence also rebuts Rough Country's claim that no one else has ever been hurt from its lifts—it shows that Rough Country does not know whether anyone else has been hurt because Rough Country has not bothered to try to find out. Rough Country cannot claim it had no notice if it failed to avail itself of a database that would have provided it a means to monitor the safety of its product. Both of these reasons are sufficient to satisfy the low bar of what constitutes relevant evidence and, thus, deems this evidence admissible. *See U.S. v. Macrina*, 109 F.4th 1341, 1349 (11th Cir. 2024) (relevant evidence is admissible unless the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise); *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) ("The standard for what constitutes relevant evidence is a low one.").

Additionally, there is little to no risk of prejudice to Rough Country because, at trial, Rough Country can present its own explanation of why it did not monitor FARS and its reasons for doing so. Rough Country will also be free to discuss any purported limitations of the FARS database. The jury will then be responsible, as is always the case, for weighing the evidence and deciding which theory it endorses. But, allowing the jury to consider this evidence does not *unfairly* prejudice Rough Country simply because the evidence is bad for Rough Country. *United States v. Jones*, No. 1:05-CR-617-WSD, 2007 WL 2301420, at *18 (N.D. Ga. July 18,

5

2007) ("'[e]vidence that is highly probative invariably will be prejudicial to the defense,' and legitimate 'damage to a defendant's case is not a basis for excluding probative evidence'"); *United States v. Terzado-Madruga*, 897 F.2d 1099, 1119 (11th Cir. 1990) ("[s]imply because the evidence is damaging or prejudicial to a defendant's case does not mean, however, that the evidence should be excluded."). Rough Country acknowledges that it was aware of the FARs database and its reasonableness defense relies in part on two NHTSA studies referencing FARS data, including one presented during the *Bacho* case. *See* Doc. 97, RC 30(b)(6) Dep., at 53:11-54:10.  RC's own testimony has therefore put the FARS database directly at issue in this case making it clearly relevant.  Because this evidence is relevant and does not unfairly prejudice Rough Country, Rough Country's Motion should be denied.

Respectfully submitted this 17th day of March, 2025.

                CANNELLA SNYDER LLC

                */s/ Tedra L. Cannella*

                TEDRA L. CANNELLA
                  Georgia Bar No. 881085
                  tedra@cannellasnyder.com
                ROBERT H. SNYDER, JR.
                  Georgia Bar No. 404522
                  rob@cannellasnyder.com
                DEVIN L. MASHMAN
                  Georgia Bar No. 257588
                  devin@cannellasnyder.com

        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030
        (404) 800-4828
        (404) 393-0365 (fax)
        ***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

                    CANNELLA SNYDER LLC

                    */s/ Tedra L. Cannella*
                    TEDRA L. CANNELLA
                      Georgia Bar No. 881085
                      tedra@cannellasnyder.com
                    ROBERT H. SNYDER, JR.
                      Georgia Bar No. 404522
                      rob@cannellasnyder.com
                    DEVIN L. MASHMAN
                      Georgia Bar No. 257588
                      devin@cannellasnyder.com

                  315 W. Ponce de Leon Ave.
                  Suite 885
                  Decatur, GA 30030
                  (404) 800-4828
                  (404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 17th day of March, 2025.

                                            CANNELLA SNYDER LLC

                                            */s/ Tedra L. Cannella*
                                            Tedra L. Cannella
                                            Georgia Bar No. 881085
                                            *Attorney for Plaintiffs*