UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>    Plaintiffs,<br><br>v.<br><br>Rough Country, LLC<br><br>    Defendant. | Civil Action File<br><br>No. 2:22-cv-17-RWS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ROUGH COUNTRY'S MOTION IN LIMINE REGARDING PLAINTIFFS OR THEIR INJURIES FOLLOWING THE ACCIDENT**

Rough Country seeks to exclude two broad categories of evidence without any limitation or specification on what should be excluded, namely, (1) "**any** reference to the circumstances immediately following the Accident" and (2) "**any** injuries that Plaintiffs incurred as a result of the Accident". *See* Def's Mot. at 5 (emphasis added). Everyone in the car experienced the force of the F-250 hitting the Escape. The only person who died, however, was C.Z.B.—he was *also* the only person impacted by the intrusion. This fact is highly relevant to the question whether the intrusion caused C.Z.B.'s death. The motion in limine regarding Plaintiffs' injuries must therefore be denied. The rest of the motion must be

deferred or denied, because it is so vague it would be impossible for counsel or witnesses to know how to abide by an order that granted it.

## LEGAL STANDARD

A motion in limine should only be granted, and evidence excluded, if the evidence is clearly inadmissible for any purpose. *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009). Motions in limine that are vague, or overbroad, or that fail to specify what evidence should be excluded, or that are made in the abstract, anticipating hypothetical situations that may or may not materialize at trial should be denied. *See Showan v. Pressdee*, No. 1:16-cv-468, 2017 WL 9400750, at *4 (N.D. Ga. Nov. 3, 2017) (Evans, J.) (denying motions in limine "too vague to warrant a ruling in limine"), *aff'd*, 922 F.3d 1211 (11th Cir. 2019).[1]

---

[1] *See also United States v. An Easement & Right-of-way Over 1.58 Acres of Land*, 343 F. Supp. 3d 1321, 1333 (N.D. Ga. 2018) (Murphy, J.) (denying motion in limine in part because it "is not sufficiently specific, as he fails to identify any parcel that he claims is not comparable"); *City of Mountain Park, Ga. v. Lakeside at Ansley,* LLC, No. 1:05-cv-2775, 2010 WL 3942788, at *6 (N.D. Ga. Apr. 26, 2010) (Pannell, J.) ("Because the plaintiff has not identified specific testimony for the court to consider, this motion in limine is DENIED."); *U.S. Bank Nat'l Ass'n, N.D. v. Tompkins & Somma LLC*, No. 2:09-cv-1823, 2011 WL 13234321, at *2 (N.D. Ala. Dec. 21, 2011) (denying motion in limine as too vague where movant pointed to no particular evidence that was supposedly inadmissible); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, No. 2:05-cv-165, 2006 WL 1071997, at *2 (M.D. Fla. Apr. 24, 2006) (denying motion in limine "too vague for the Court to make a ruling excluding evidence"); *Grant v. Target Corp.*, No. 4:14-cv-132, 2015 WL 5898421, at *1 (S.D. Ga. Oct. 8, 2015) (denying motions in limine based on their "uncertain applicability and abstractness").

Relevant evidence is admissible unless the United States Constitution, federal statute, or the Federal Rules Evidence specifically exclude that evidence. Fed. R. Evid. 402. "The standard for what constitutes relevant evidence is a low one." *United States v. Macrina*, 109 F.4th 1341, 1349 (11th Cir. 2024). Evidence is relevant if it "has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." *Id.*

Rough Country bears the burden of proving that the evidence or argument it asks be excluded is inadmissible. *Wilson*, 609 F. Supp. 2d at 1359; *see also Conklin v. R T Eng'g Corp.*, No. 3:17-cv-415, 2018 WL 7291430, at *1 (M.D. Fla. Nov. 16, 2018) ("M[ILs] should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial . . ."). Rough Country fails to carry its burden.

## ARGUMENT AND CITATION TO AUTHORITY

### A. Evidence From Immediately After the Wreck or the Accident Scene

Despite the fact that Parties have exchanged exhibit lists, Rough Country did not cite one of Plaintiffs' proposed exhibits that it wants excluded. Instead, Rough Country's Motion broadly and vaguely seeks to exclude the "circumstances immediately following the accident" and "injuries the Plaintiffs incurred". Def.'s Mot., p. 1. Rather than making specific objections to the admissibility of Plaintiffs' already-identified exhibits or objecting at trial to specific questions or

3

testimony, Rough Country asks this Court to exclude this evidence sight unseen and context-free. The Court should decline to do so. *See Showan*, No. 1:16-cv-468, 2017 WL 9400750, at *4 (denying motions in limine "too vague to warrant a ruling in limine"), *aff'd*, 922 F.3d 1211 (11th Cir. 2019); *supra* fn. 1.

It is not clear what a grant of the motion would mean, because Rough Country's motion in limine is too vague to determine what exact evidence it wants to exclude. It might include photos taken the night of the accident at the scene, which are clearly admissible and probative of, for example, the placement of cargo and the car seat and on the extent of the impact and the damage.

RC also does not indicate what "circumstances" it wants to exclude. C.Z.B.'s death could be a "circumstance immediately following the accident." Evidence from the responding officers regarding their investigation could be a "circumstance immediately following the accident." Rough Country also does not define what it means by "immediate"—is it the seconds after the collision, the minutes, the hours, or the days?

Because the extremely broad category of evidence that Rough Country seeks to exclude is relevant to a number of issues, it is admissible. Fed. R. Evid. 401; 402. Rough Country has not identified why this category of evidence is so universally prejudicial that it all must be excluded without any context. The Court

should decline Rough Country's invitation for overreach and deny Rough Country's motion.

B. **Plaintiffs' Injuries**

In addition to generic unspecified evidence discussed above, Rough Country also seeks to exclude *any* evidence of Plaintiffs' injuries. Not only is this request vague and overbroad for the same reasons identified above, but it also seeks to exclude relevant evidence.

Plaintiffs' injuries, the extent of their injuries, or lack of injuries, are directly relevant to Plaintiffs' theory of causation. As the Court knows, one of the elements of a design defect claim is that the defectively designed product was the proximate cause of the injury sustained. *Chicago Hardware & Fixture Co. v. Letterman*, 236 Ga. App. 21, 23, 510 S.E.2d 875, 877 (1999). Plaintiffs contend that Rough Country's lift caused the lifted F-250 to bypass the safety features of Plaintiffs' vehicle, intrude farther than an unlifted F-250 would, and kill C.Z.B. Defendant's theory, as advanced by their expert, is that the crash was so violent it caused C.Z.B. to suffer a fatal injury and an unlifted F-250 would have also caused C.Z.B's death. *See* Doc. 147-2, Gwin. Dep. at 18:25-19:14; 20:23-21:12; Doc. 147-3, Gwin Report.

In an enhanced injury crashworthiness case, it is common for the evidence to include injuries to all occupants in a vehicle. *See, e.g.*, *Chrysler Grp., LLC v.*

5

*Walden*, 303 Ga. 358, 359, 812 S.E.2d 244, 247 (2018) (noting the impact left two involved people unhurt and broke the bone of the child in the backseat, but the subsequent fire from the defective gas tank caused the child's death). Such evidence helps the jury decide which injuries were caused by the impact and which injuries were enhanced by the defect.

The Plaintiffs' lack of injuries is relevant to causation. The fact that the only person to suffer serious, permanent injury was the one impacted by the intrusion makes it more likely that the intrusion caused his death. It also makes it less likely that the wreck forces were otherwise fatal. Put differently, this was a survivable collision, and Plaintiffs' lack of serious injuries proves that.

Plaintiffs also need to introduce this evidence to rebut Rough Country's defense. Rough Country will argue—either explicitly or implicitly—that the impact speed is to blame for C.Z.B's death. *See, e.g.*, Doc. 120-6 at 3 (Hunter Elliott "sped at 51 miles per hour into the rear of Plaintiffs' care while it idled at a stop light"). The simplest response to this "heck of a wreck" defense is that every other occupant of the vehicle survived without serious injury except for the person sitting in the path of the intrusion.

If this accident was truly so tremendously violent that C.Z.B. would have died regardless of Rough Country's lift, then his parents would have suffered some sort of catastrophic injury. Plaintiffs suffering only relatively minor physical

injuries from this wreck,[2] make it more probable that the reason that C.Z.B. died was because the F-250 was lifted, and not because of the alleged violence of the wreck. In fact, when forming his opinion that C.Z.B's "fatal injuries would have been prevented had the Ford truck not been lifted", Plaintiffs' expert specifically reviewed the medical records of Mr. and Mrs. Bryson. Ex. 1, 2023-10-16, Report of Paul Lewis, pgs. 3-4. Fed. R. Evid. 401; 402. Therefore, Plaintiffs need to be able to discuss their injuries and experiences at trial.

Excluding probative evidence under Rule 403 "is an extraordinary remedy which should be used sparingly," and in ruling on requests to exclude evidence as unfairly prejudicial, "courts must 'look at the evidence in the light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014).

Rough Country does not offer a specific explanation for why the Brysons discussing what happened to them would be unduly prejudicial. It generically asserts that this could "arouse the jury's sympathy or to anger the jury at Rough Country" and it may "confuse or mislead the jury into thinking that Plaintiffs' injuries from the Accident are somehow at issue." Def's Mot. at 5. This vague

---

[2] Ex. 1, 2023-10-16, Report of Paul Lewis, p. 1.

speculation is not a sufficient reason to exclude a broad category of relevant information.

If Rough Country believes Plaintiffs' have ventured too far into irrelevant information about their injuries, then it can make an objection at trial. The Court could sustain an objection or give a limiting instruction if undue prejudice is a real concern. *Macrina*, 109 F.4th at 1350 (explaining that "a limiting instruction in the context of Rule 403 evidence may mitigate the risk of unfair harm" and "Evidence at trial is often admitted for a limited purpose, accompanied by a limiting instruction. And our legal system presumes that jurors will attend closely the particular language of such instructions in a criminal case and strive to understand, make sense of, and follow them.").

## CONCLUSION

For the foregoing reasons, Rough Country's vague and overbroad Motion in Limine should be denied.

Respectfully submitted this 17th day of March, 2025.

                              CANNELLA SNYDER LLC

                              */s/ Tedra L. Cannella*

                              TEDRA L. CANNELLA
                                Georgia Bar No. 881085
                                tedra@cannellasnyder.com
                              ROBERT H. SNYDER, JR.
                                Georgia Bar No. 404522
                                rob@cannellasnyder.com

        DEVIN L. MASHMAN
         Georgia Bar No. 257588
         devin@cannellasnyder.com

        315 W. Ponce de Leon Ave.
        Suite 885
        Decatur, GA 30030
        (404) 800-4828
        (404) 393-0365 (fax)
        ***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

                      CANNELLA SNYDER LLC

                      */s/ Tedra L. Cannella*
                      TEDRA L. CANNELLA
                        Georgia Bar No. 881085
                        tedra@cannellasnyder.com
                      ROBERT H. SNYDER, JR.
                        Georgia Bar No. 404522
                        rob@cannellasnyder.com
                      DEVIN L. MASHMAN
                        Georgia Bar No. 257588
                        devin@cannellasnyder.com

                      315 W. Ponce de Leon Ave.
                      Suite 885
                      Decatur, GA 30030
                      (404) 800-4828
                      (404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 17th day of March, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*