UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Santana Bryson and Joshua Bryson, as Administrators of the Estate of C.Z.B., and as surviving parents of C.Z.B., a deceased minor,<br><br>Plaintiffs,<br><br>v.<br><br>Rough Country, LLC<br><br>Defendant. | Civil Action File<br><br>No. 2:22-cv-17-RWS |

### PLAINTIFFS' RESPONSE TO DEFENDANT ROUGH COUNTRY'S MOTION IN LIMINE REGARDING ITS USE OF EXPERTS OR ACCEPTANCE OF LIABILITY

Rough Country asks the Court to prohibit Plaintiffs' counsel from commenting on its failure to present a defect expert and its failure to accept liability. This Motion in limine does not properly seek the exclusion of evidence, rather, it asks the Court to only allow Plaintiffs to try their case in a way approved of in advance by Rough Country. But because its Motion is so broad and impermissibly vague, only Rough Country and its counsel know (or will claim to know once they hear Plaintiffs' counsel's arguments at trial) what would violate this Motion. Plaintiffs are the master of their own case-in-chief and should be given wide latitude in deciding how to present that case. Further, although it is difficult to respond to Defendant's nebulous Motion, it is likely that Plaintiffs'

counsel will necessarily need to touch on these topics as they are relevant to their claims and what the evidence does (or does not) show to support Plaintiffs' case.

## ARGUMENT

The Court should only grant a motion in limine and exclude evidence if the evidence is clearly inadmissible for any purpose. *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009). Rough Country bears the burden of proving that the evidence or argument it asks be excluded is inadmissible. *Id.*; *see also Conklin v. R T Eng'g Corp.*, No. 3:17-cv-415, 2018 WL 7291430, at *1 (M.D. Fla. Nov. 16, 2018) ("M[ILs] should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial . . ..").  "The purpose of a motion in limine is to streamline the trial process by making advance rulings on evidentiary issues." *United States v. Williams*, No. 1:07-CR-0239-BBM, 2008 WL 11377742, at *2 (N.D. Ga. Aug. 28, 2008). The purpose is not to allow Rough Country to control how Plaintiffs present their case and argue based on evidence presented at trial—which is exactly what Rough Country seeks in this motion.

Rough Country seeks to prohibit Plaintiffs from commenting on Rough Country's failure to produce an expert to say its lift was not defective.[1] This is

---

[1] Should the Court be inclined to grant Rough Country's Motion, Plaintiffs request that the prohibition on commenting or referencing what the other party did or did not present at trial be applied to both parties. "Simply put, what is good for the

2

improper as Plaintiffs' counsel has a right to comment on "what the evidence shows and the conclusions to be drawn therefrom." *Hammonds v. Yeager*, No. EDCV 15-1036 SS, 2017 WL 10560471, at *1 (C.D. Cal. Aug. 9, 2017) (citation omitted). Plaintiffs' counsel "should have ample latitude to argue what has transpired in a case from its inception to its conclusion." *Adkins v. Flagg*, 93 S.E. 92 (Ga. 1917); *Com. Credit Equip. Corp. v. L & A Contracting Co., Inc.*, 549 F.2d 979, 981 (5th Cir. 1977) ("Generally, an attorney is to be given a good deal of leeway in his argument to the jury, and a trial judge has wide discretion in regulating the scope of argument."); *Braswell v. Jackson Cnty., Mississippi*, No. 1:13CV451-HSO-RHW, 2016 WL 3636148, at *2 (S.D. Miss. Mar. 18, 2016) ("Without knowing where the evidence or testimony presented at trial will lead, and given the leeway granted to attorneys in closing arguments … the Court is reluctant to prematurely restrict Defendants' closing arguments.") (citation omitted).

This includes commenting on Rough Country's failure to present a defect expert and the fact that Plaintiffs' defect theory is unrebutted. *See, e.g.*, *Foskey v. Williams Bros. Trucking Co., Inc.*, 399 S.E.2d 484, 487 (Ga. App. 1990) (noting defense counsel's statement in closing "did they have an expert come down here

---

goose is good for the gander." *U.S. v. Arroyo-Jaimes*, 608 Fed. Appx. 843, 849 (11th Cir. 2015). If Rough Country wants to muzzle Plaintiffs, it should be bound by the same rule.

and tell ... their side?" did not "amount to impermissible argument … it merely states what was already clear to the jury, i.e., that no expert testified for the plaintiffs."); *Vega v. La Movida, Inc.*, 670 S.E.2d 116, 122 (Ga. App. 2008) (Defense counsel's comments at trial merely stating that no expert testified for plaintiff were not so "abominably inflammatory and prejudicial" as to justify a mistrial); *Naimat v. Shelbyville Bottling Co.*, 524 S.E.2d 749, 753 (Ga. App. 1999) (defense counsel's comment that "not one person, expert, nonexpert, police officer has said that [the defendant] did anything wrong" was a "legitimate matter for defense counsel to stress during closing argument.").

This is also consistent with other circuits. *Food Machinery & Chem. Corp. v. Meader,* 294 F.2d 377, 384 (9th Cir.1961) (while "the law does not require that a party introduce all of the evidence that is available to him, ... [c]ounsel may comment to the jury on the failure to call a witness or the judge may instruct on the presumption."); *Merced v. McGrath*, 157 F. App'x 7, 9 (9th Cir. 2005) ("The trial court did not err in permitting the prosecution to comment on the failure of the defense to call expert witnesses."); *U.S. v. Grammer*, 513 F.2d 673, 676 (9th Cir. 1975) (no prejudicial misconduct on behalf of prosecutor who suggested that the failure of the defense expert to testify left the testimony of the Government's expert uncontradicted."); *U.S. v. Tanguay*, 895 F. Supp. 2d 284, 294–95 (D.N.H. 2012) (if defense counsel attacked prosecution's expert opinions, that could "invite

4

the prosecution to comment on the fact that [defendant] had access to the forensic evidence against him but chose not to call his own expert witness analyzing that evidence.").

Both Rough Country and Plaintiffs "have been subject to the same time limit and other legal and procedural constraints … and both parties are equally free to point out the alleged deficiencies in the opposing party's case, to the extent permitted by law." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 3536797, at *1 (N.D. Cal. Aug. 13, 2012).

And any resulting prejudice can be cured both by Rough Country and the Court. The Court can instruct the jury "that statements and arguments by counsel were not evidence." *Roditi v. New River Investments Inc.*, No. 3:20-CV-01908-RBM-MSB, 2024 WL 3611143, at *9 (S.D. Cal. July 30, 2024); *Matton v. White Mountain Cable Const. Corp.*, 190 F.R.D. 21, 24 n.9 (D. Mass. 1999) ("Defendant complains that the court erroneously overruled counsel's objection to plaintiff's suggestion in closing argument that the jury could infer from defendant's failure to call the expert witnesses that their testimony would not have been helpful to defendant's case. ... [T]he suggested inference was in the bounds of plausibility [and] the court instructed the jury repeatedly that arguments by counsel could not be given any evidentiary weight."). Rough Country can also argue in closing that

5

Plaintiffs' counsel statements on its lack of presenting a defect expert are irrelevant.

Rough Country also moves to preclude Plaintiffs' counsel from commenting on its failure to accept liability in this case arguing that it would impermissibly switch the burden to Rough Country by indicating it was obligated to accept liability. This argument is equally ridiculous and plain wrong. Rough Country's entire defense in this case is that it is not liable—it will literally be arguing the very thing it doesn't want Plaintiffs' counsel to point out. How will Plaintiffs give a closing argument without reference to the fact that Defendant's liability is in dispute?

There will be ample evidence presented at trial for Plaintiffs' counsel to rely on to show that Rough Country refuses to accept liability. Plaintiffs' counsel's comments on this evidence, like any reference to Rough Country's failure to call a defect expert, are permissible reflections on the evidence presented at trial and how it should be interpreted. And any such comments on the evidence of Rough Country's refusal to accept liability, like comments on other evidence presented at trial, would not equate to any improper burden shifting. *See, e.g., Roditi,* 2024 WL 3611143 at *9 ("commenting on the Defendants' failure to produce evidence or call an expert witness does not impermissibly shift the burden of proof to the Defendants."); *United States v. Cabrera*, 201 F.3d 1243, 1250 (9th Cir.2000) ("A

6

prosecutor's comment on a defendant's failure to call a witness does not shift the burden of proof, and is therefore permissible" as long as prosecutor does not ); *Williams v. State*, 855 S.E.2d 1, 3 (Ga. App. 2021) ("An argument that the defendant has not rebutted or explained the State's evidence does not amount to an improper burden-shifting argument.").

Finally, Rough Country's motion is impermissibly vague as it is impossible to know what all Rough Country would deem inappropriate for Plaintiffs' counsel to comment on. It also could be construed to limit Plaintiffs' counsel's commentary on things that are indisputably permitted, for example, the jury charges, the elements Plaintiffs must prove, and Plaintiffs' burden of proof. The right time for Rough Country to object to any of Plaintiffs' counsel's arguments is at trial if Rough Country actually hears reference to something it deems objectionable. Because this motion is too vague to determine what Rough Country seeks to exclude, it should be denied or deferred. *See Showan v. Pressdee*, No. 1:16-cv-468, 2017 WL 9400750, at *4 (N.D. Ga. Nov. 3, 2017) (Evans, J.) (denying motions in limine as "too vague to warrant a ruling in limine"), *aff'd*, 922 F.3d 1211 (11th Cir. 2019).

Respectfully submitted this 17th day of March 2025.

                                          CANNELLA SNYDER LLC

                                          <u>*/s/ Tedra L. Cannella*</u>

                                          TEDRA L. CANNELLA
                                            Georgia Bar No. 881085
                                            tedra@cannellasnyder.com
                                          ROBERT H. SNYDER, JR.
                                            Georgia Bar No. 404522
                                            rob@cannellasnyder.com
                                          DEVIN L. MASHMAN
                                            Georgia Bar No. 257588
                                            devin@cannellasnyder.com

                                          315 W. Ponce de Leon Ave.
                                          Suite 885
                                          Decatur, GA 30030
                                          (404) 800-4828
                                          (404) 393-0365 (fax)
                                          ***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

                        CANNELLA SNYDER LLC

                        */s/ Tedra L. Cannella*
                        TEDRA L. CANNELLA
                          Georgia Bar No. 881085
                          tedra@cannellasnyder.com
                        ROBERT H. SNYDER, JR.
                          Georgia Bar No. 404522
                          rob@cannellasnyder.com
                        DEVIN L. MASHMAN
                          Georgia Bar No. 257588
                          devin@cannellasnyder.com

                        315 W. Ponce de Leon Ave.
                        Suite 885
                        Decatur, GA 30030
                        (404) 800-4828
                        (404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 17th day of March 2025.

             CANNELLA SNYDER LLC

             */s/ Tedra L. Cannella*
             Tedra L. Cannella
             Georgia Bar No. 881085
             *Attorney for Plaintiffs*