UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| Santana Bryson and Joshua Bryson, | * | |
| as Administrators of the | * | |
| Estate of C.Z.B., and as surviving | * | |
| parents of C.Z.B., a deceased minor, | * | |
| | * | Civil Action File |
| Plaintiffs, | * | |
| | * | No. 2:22-cv-17-RWS |
| v. | * | |
| | * | |
| Rough Country, LLC | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT ROUGH COUNTRY'S
<u>MOTION IN LIMINE REGARDING SUMMARY JUDGMENT ISSUES</u>**

Rough Country's Motion in Limine attempts to use the Court's November 20, 2024 Summary Judgment Order (Doc. 109), wherein the majority of Rough Country's summary judgment motion was denied, to artificially and incorrectly limit the evidence that Plaintiffs can present at trial. Rough Country wants to "suppress[] any and all evidence, proffers, tenders, comments, statements, testimony, colloquy, or any **other utterance or allusion**" of (1) Rough Country's failure to warn; and (2) any alleged pain and suffering by C.Z.B. or that C.Z.B.'s death was anything other than "instantaneous." Doc. 145, Def.'s Mot. at 1 (emphasis added). This motion limine is overly broad and violates Georgia law, and it must be denied.

Rough Country's motion in limine tries to parlay its summary judgment motion on a claim that Plaintiffs' never brought[1] into an evidentiary ruling that would exclude facts that the jury *must consider* on Plaintiff's design defect claim. The Georgia appellate courts and the pattern jury instructions explicitly make users' knowledge of the product and the danger, publicity surrounding the danger, and "the effectiveness of warnings," factors in Georgia's risk-utility test for design defects.[2]   Plaintiffs can therefore introduce evidence that people do not know about the danger of Rough Country's aftermarket suspension lift, do not know that it lifts the vehicle 1-2 inches more than advertised, and do not know that in a crash the lift could result in devastating injury or death.  Obviously, one way to introduce that evidence is to establish that Rough Country has not told them these things. Rough Country's motion to exclude evidence that the pattern jury instructions require the jury to consider invites reversible error and must be denied.

Regarding Rough Country's motion to exclude evidence regarding the pain, suffering, or timing of C.Z.B.'s death, Plaintiffs agree that they will not argue

---

[1] Rough Country moved for summary judgment on a "failure to warn" claim that Plaintiffs never brought.  Plaintiffs did not oppose summary judgment on that issue (except to argue the issue was moot) because Georgia law does not allow a failure to warn claim when the injured party was not the user of the product *Certainteed Corp. v. Fletcher*, 794 S.E.2d 641, 644 (2016), and Plaintiffs do not want a verdict that they cannot keep on appeal.

[2] *See* Georgia Civil Pattern Jury Instructions, 62.650 Strict Liability; Design Defect; Risk-Utility Test and Factors.

C.Z.B. "experienced pain and suffering," because the Court has ruled that the medical examiner's testimony is not sufficient to create a claim for pain and suffering. Beyond that, it is not clear what Rough Country seeks to exclude. Its motion does not cite a single piece of testimony or any document that it claims is subject to exclusion. What *is clear*, however, is that granting Defendant's overly broad motion could make highly relevant evidence inadmissible and hamstring Plaintiffs in a way that prevents them from proving the elements of their claim. It is so vague that it could be construed to exclude details regarding the reconstruction of the collision or the testimony of both sides' biomechanics regarding the movement of C.Z.B. during the crash and what caused his death.

If a vague motion in limine is granted, Defendant could argue that something about Plaintiffs' witnesses' testimony constituted evidence of "pain and suffering" or was an "allusion to" something other than an "instantaneous" death. Defendant could then jump up in front of the jury and accuse Plaintiffs of "violating a court order," move for a mistrial, seek sanctions—or even reversal after a verdict—on that ground. Rough Country's motion to exclude vague evidence regarding C.Z.B.'s death must therefore be denied.

## LEGAL STANDARD

A motion in limine should only be granted, and evidence excluded, if the evidence is clearly inadmissible for any purpose. *Wilson v. Pepsi Bottling Grp.,*

*Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009). Motions in limine that are

vague, or overbroad, or that fail to specify what evidence should be excluded, or

that are made in the abstract, anticipating hypothetical situations that may or may

not materialize at trial should be denied. *See Showan v. Pressdee*, No. 1:16-cv-

468, 2017 WL 9400750, at *4 (N.D. Ga. Nov. 3, 2017) (Evans, J.) (denying

motions in limine "too vague to warrant a ruling in limine"), *aff'd*, 922 F.3d 1211

(11th Cir. 2019).[3]

Relevant evidence is admissible unless the United States Constitution,

federal statute, or the Federal Rules Evidence specifically exclude that evidence.

Fed. R. Evid. 402. "The standard for what constitutes relevant evidence is a low

one." *United States v. Macrina*, 109 F.4th 1341, 1349 (11th Cir. 2024). Evidence

is relevant if it "has any tendency to make a fact more or less probable" and "the

---

[3] *See also United States v. An Easement & Right-of-way Over 1.58 Acres of Land*, 343 F. Supp. 3d 1321, 1333 (N.D. Ga. 2018) (Murphy, J.) (denying motion in limine in part because it "is not sufficiently specific, as he fails to identify any parcel that he claims is not comparable"); *City of Mountain Park, Ga. v. Lakeside at Ansley,* LLC, No. 1:05-cv-2775, 2010 WL 3942788, at *6 (N.D. Ga. Apr. 26, 2010) (Pannell, J.) ("Because the plaintiff has not identified specific testimony for the court to consider, this motion in limine is DENIED."); *U.S. Bank Nat'l Ass'n, N.D. v. Tompkins & Somma LLC*, No. 2:09-cv-1823, 2011 WL 13234321, at *2 (N.D. Ala. Dec. 21, 2011) (denying motion in limine as too vague where movant pointed to no particular evidence that was supposedly inadmissible); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, No. 2:05-cv-165, 2006 WL 1071997, at *2 (M.D. Fla. Apr. 24, 2006) (denying motion in limine "too vague for the Court to make a ruling excluding evidence"); *Grant v. Target Corp.*, No. 4:14-cv-132, 2015 WL 5898421, at *1 (S.D. Ga. Oct. 8, 2015) (denying motions in limine based on their "uncertain applicability and abstractness").

fact is of consequence in determining the action." *Id.*

Rough Country bears the burden of proving that the evidence or argument it asks be excluded is inadmissible. *Wilson*, 609 F. Supp. 2d at 1359; *see also Conklin v. R T Eng'g Corp.*, No. 3:17-cv-415, 2018 WL 7291430, at *1 (M.D. Fla. Nov. 16, 2018) ("M[ILs] should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial . . ."). Rough Country fails to carry its burden.

## ARGUMENT AND CITATION OF AUTHORITY

### A.   **Rough Country's failure to warn is relevant to Plaintiffs' design defect claim and is admissible.**

It is not often that pattern jury instructions provide the definitive answer to an evidentiary dispute. But Georgia's pattern jury instructions on design defects provide the answer here: users' knowledge of the product and the danger, publicity surrounding the danger, and "the effectiveness of warnings," are factors in Georgia's risk-utility test for design defects.[4] Those factors are largely pulled from the seminal Georgia case outlining the test for a design defect, *Banks v. ICI Americas, Inc.* 450 S.E.2d 671, 675 n.6 (Ga. 1994) (the risk-utility analysis involves consideration of many factors, including "the avoidability of the danger,

---

[4] *See* Georgia Civil Pattern Jury Instructions, 62.650 Strict Liability; Design Defect; Risk-Utility Test and Factors.

*i.e. the ... publicity surrounding the danger, or the efficacy of the warnings,* as well as common knowledge and the expectation of danger...." (emphasis added)).

The very reason that there was no "publicity surrounding the danger," and the reason there was no "efficacy of the warnings" is because Rough Country warned no one,[5] despite actual knowledge that its lift kits caused severe death and injury because they allow lifted vehicles to bypass the crash protection features of other vehicles on the road.

Rough Country also opened the door to this evidence. Its website provides a link to a third-party page that showed suspension lifts over two inches were illegal in Georgia.[6] The "efficacy" of that warning is very much at issue in this case.

Rough Country is asking that the Court exclude from the factfinder at trial evidence that under Georgia law the factfinder is required to consider, based on Georgia's risk-utility test, including whether Rough Country told the public about the danger and whether consumers had "common knowledge" of a defect that Rough Country never told anyone about. The evidence on all these factors supports the finding of defect—it cannot be excluded, as a matter of law.

---

[5] *See e.g.* Doc. 97, 2023-08-04, 30(b)(6) Deposition of Rough Country at 36:6-14 ("Q. Is it true that Rough Country has not warned the general public that there could be any risk of lifted vehicles bypassing crash protections of other vehicles? A. No. We have never -- we don't know of any evidence that would indicate that, what you're stating.").

[6] *See* Doc. 97, RC 30(b)(6) Dep. at 71:9-73:11.

The Northern District of Georgia has recently rejected Rough Country's exact argument in a motion in limine involving another auto product case. *Andrews v. Autoliv Japan, Ltd*., No. 1:14-CV-3432-SCJ, 2021 WL 4093628, at *1 (N.D. Ga. Jan. 20, 2021). In *Andrews*, the defendant argued that because the court had granted it summary judgment, and dismissed plaintiff's failure to warn claim, any failure to warn evidence would be "irrelevant to Plaintiff's remaining design defect" and "excluding failure to warn evidence would streamline the upcoming bench trial." *Id.* The Court concluded that "[a]ter review of applicable law, as well as the parties' arguments, the Court concludes that the failure to warn evidence is relevant to the risk-utility analysis that the Court must conduct as to Plaintiff's design defect claim, which has not been dismissed." *Id.* (*citing Banks v. ICI Americas, Inc.,* 450 S.E.2d 671, 675 n.6 (Ga. 1994)). Therefore, the defendant's "Motion in Limine to Exclude Failure to Warn Evidence and Arguments" was denied. *Id.* Just as in *Andrews*, this Court should deny Rough Country's request to exclude highly relevant and probative evidence concerning Rough Country's defective lift kit.

## B. Evidence or testimony regarding C.Z.B.'s death.

Rough Country broadly seeks to "suppress[] any and all evidence, proffers, tenders, comments, statements, testimony, colloquy, or any other utterance or allusion" that "C.Z.B.'s death was anything other than 'instantaneous" and "any

alleged pain and suffering by C.Z.B." Doc. 145, Def's Mot. at 1. Rough Country does not cite a single word of testimony from Dr. Eisenstat or a single sentence from his autopsy report. It does not even identify which witness might offer the allegedly offending testimony. It is not the Court's job to divine what Rough Country means.

Rough Country's motion to exclude "any and all evidence . . . or any other utterance or allusion" that "C.Z.B.'s death was anything other than 'instantaneous'" is problematic for several reasons. Implicit in an enhanced injury claim is the fact that C.Z.B. did not die "instantaneously" with the F-250's impact with the Escape. Rough Country's motion is so vague and overbroad that *simply arguing C.Z.B. died from enhanced injury* (i.e., not instantaneously with the impact) may violate an order granting such a motion. On appeal, Rough Country could argue that enhanced injury arguments constituted a violation of such an order.[7]

It is not even clear what Rough Country contends Plaintiffs must say C.Z.B.'s death was "instantaneous" with. Both Plaintiffs' biomechanic and

---

[7] To put this in terms of the FRE 403 test: the probative value of enhanced injury evidence is very high where the Plaintiffs' claim is for enhanced injury. The risk of undue prejudice is very low where Rough Country already has the *ultimate protection* from undue prejudice regarding pain and suffering by C.Z.B.—it will not be a category of damages that the jury will be instructed on or assign a value to.

Defendant's biomechanic agree that the immediate impact of the F-250 with the Escape did not "instantaneously" cause his death—Mr. Lewis concluded that the excessive intrusion pushed him into the front driver's seat and that is how he received his fatal head injury.  Dr. Gwin concluded the intrusion caused a piece of his car seat to fracture his skull (although she concluded this would have happened regardless of the lift).[8]  Intrusion does not happen "instantaneously" with the impact—it happens during the 140 millisecond crash.  Perhaps Rough Country thinks death within 140 milliseconds is "instantaneous," but perhaps it doesn't. And perhaps its definition will change on appeal.  Plaintiffs cannot abide by an order that is vague or unclear.

Rough Country's motion does not cite any testimony of Jonathan Eisenstat, MD, who both Plaintiffs and Rough Country identified on their witness lists. Docs. 120-8 & 120-9.  But maybe its motion is directed at him.  Dr. Eisenstat is the medical examiner who performed the autopsy in this case.[9]   He has not been retained in this case and is simply offering his opinions as the doctor who performed the autopsy.[10]

Dr. Eisenstat testified that he did not look at question of conscious pain and

---

[8] Ex. 1, 2024-05-05, Deposition of Lisa Gwin, MD at 37:18-24 (fatal impact caused by intrusion interacting with the car seat).
[9] *See* Doc. 101, 2025-01-15, Deposition of Jonathan Eisenstat, MD at 6:22-23.
[10] *Id.* at 6:22-7:77.

suffering in his role as Medical Examiner, and that he could not say one way or another whether C.Z.B. experienced pain and suffering.[11]  He confirmed that generally speaking, death from the injury like C.Z.B.'s would occur within milliseconds.[12]  Is death within milliseconds permissible testimony under Rough Country's definition of "instantaneous"?  It is impossible to know.   That is why the motion must be denied.

<u>**CONCLUSION**</u>

Plaintiffs agree that they will not ask Dr. Eisenstat or anyone else if C.Z.B. "suffered" or experienced "pain" and will not argue to the jury that he "experienced pain or suffering" from the increased intrusion.   But aside from excluding those specific questions and specific arguments, Rough Country's motion must be denied because it is contrary to the law and too vague.

Respectfully submitted this 17th day of March, 2025

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*

TEDRA L. CANNELLA
 Georgia Bar No. 881085
 tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
 Georgia Bar No. 404522
 rob@cannellasnyder.com

---

[11] *See Id.* at 29:14-23.
[12] *Id.* 30:4-18.

DEVIN L. MASHMAN
  Georgia Bar No. 257588
  devin@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (fax)
***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in 14-point Times New Roman font.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
TEDRA L. CANNELLA
  Georgia Bar No. 881085
  tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
DEVIN L. MASHMAN
  Georgia Bar No. 257588
  devin@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 17th day of March, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*