UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| Santana Bryson and Joshua Bryson, | * | |
| as Administrators of the | * | |
| Estate of C.Z.B., and as surviving | * | |
| parents of C.Z.B., a deceased minor, | * | |
| | * | Civil Action File |
| Plaintiffs, | * | |
| | * | No. 2:22-cv-17-RWS |
| v. | * | |
| | * | |
| Rough Country, LLC | * | |
| | * | |
| Defendant. | * | |

## TRIAL BRIEF ON THE FULL VALUE OF C.Z.B.'S LIFE

Georgia is a state that values life.  That has long been the case.  For over one hundred years, the civil remedy in Georgia for causing a person to lose their life is not the sum of the foregone paychecks or the services the deceased would have rendered—it is the "the full value of the life of the deceased."  1878 Ga. Laws. 59, 59-60; *see also Bibbs v. Toyota Motor Corp.*, 815 S.E.2d 850, 853 (Ga. 2018).[1]

That "full value" is not what someone else would assign to the life—not even their

---

[1] In 1887, the General Assembly clarified that the measure of damages for wrongful death was "the full value of the life of the deceased, as shown by the evidence without any deduction for necessary or other personal expenses of the deceased had he lived."  1887 Ga. Laws 43, 43-45.  That measure of damages remains the law in Georgia.  *See* O.C.G.A. §§ 51-4-1(a) (defining "[f]ull value of the life of the decedent, as shown by the evidence"); 51-4-4 (proscribing who is entitled to recover for the death of a child).

family or friends.  Instead, it is the value of life through the eyes of the person who lost it.  *Id.* at 854-55 (the full value of a decedent's life is measured from the perspective of the decedent rather than the perspective of the survivors).  By defining the full value of life in this way, Georgia law embraces a fundamental truth: the inherent value of the life wrongfully cut short far exceeds the sum of future economic output.  In the biography of the life not lived, lost wages would be barely a footnote.

Georgia courts have explained that the full value of a decedent's life has two components: (1) the economic component of the decedent's life, such as "lost potential lifetime earnings, income, or services, reduced to present case value" and (2) the intangible component "whose value cannot be precisely quantified, such as a parent's 'society, advice, example and counsel' as determined by the enlightened conscience of the [factfinder]."  *TGM Ashley Lakes, Inc. v. Jennings*, 590 S.E.2d 807, 819 (Ga. Ct. App. 2003); *see also Bibbs*, 815 S.E.2d at 856.  As a result, after the bench trial, the Court will have to determine the full value of C.Z.B.'s life based on both its "economic" and "intangible" worth.

At trial, Plaintiffs will present evidence of just how much C.Z.B. loved his life with his mom, dad, friends, and the rest of his family.  The evidence will show the intangible value of C.Z.B.'s life was great.  To aid the Court in exercising its "enlightened conscience" to determine the proper amount of wrongful death

damages to award, Plaintiffs present the following examples of wrongful death awards rendered by Georgia factfinders. These examples reveal that when required by law to assign a monetary value to a person's life, the "enlightened conscience" of Georgia factfinders, as reflected in affirmed awards, dictates that life is worth a great deal.

Ten years ago, in 2015, a Decatur County jury returned a $150 million compensatory verdict in a case arising from the death of 4-year-old Remington Walden, who died from a fuel-fed fire in the Jeep Grand Cherokee he was riding in.[2] Judge J. Kevin Chason—who presided over the trial and heard all the evidence—remitted the verdict to $40 million, allocating $30 million to the full value of Master Walden's life. The Georgia Court of Appeals *and* Supreme Court unanimously affirmed the remitted verdict. *Chrysler Grp. LLC v. Walden*, 792 S.E.2d 754 (Ga. Ct. App. 2016), *aff'd* 812 S.E.2d 244 (Ga. 2018) ("Chrysler has not shown that the trial court manifestly abused his discretion in awarding the plaintiffs $30 million for their child's wrongful death and $10 million for his pain

---

[2] *See* Exh. A, Verdict, *Walden v. Chrysler Group LLC*, Civ. Action No. 12CV472 (Decatur Cnty. St. Court April 2, 2015). *Walden,* was the first verdict rendered in a case alleging a fuel system defect in the Jeep Grand Cherokee—as this case will be the first verdict rendered in a case alleging a defect in a Rough Country suspension lift. The Grand Cherokee is no longer designed with the defect at issue in the Walden case, *i.e.*, with the fuel tank outside of the frame rails.

and suffering."). Georgia law supports an award of $30 million for the full value of the life of a child.

In the bench trial of *Andrews v. Autoliv*, the Northern District of Georgia, sitting as fact-finder, found the full value of 38-year-old Micah Andrews' life was $25 million. Findings of Fact and Conclusions of Law, Doc. 534, Case No. 1:14-cv-03432-SCJ (N.D. Ga. 2021) (Jones, J.).  Mr. Andrews was killed when his defectively designed seatbelt spooled out approximately 20 inches in a foreseeable collision.  The verdict included $100 million in punitive damages for the seatbelt manufacturer's conscious indifference to the consequences of its actions.

Many other Georgia juries have affirmed that the value of one's own life is significant.  In 2019, a Muscogee County, Georgia jury awarded $22 million for the full value of the life of 22-year-old Cindy Huynh, who died because of the negligence of a tractor-trailer driver.  *See* Exh. B, Verdict, *Huynh v. MDV SpartanNash, LLC*, No. SC17CV70 (Muscogee Cnty. Super. Ct. Mar. 20, 2019).

In 2015, a Fulton County jury awarded $21 million for the full value of the life of Erik Hilario.  Mr. Hilario died while working at a scrap-metal facility. Verdict, *Hilario v. Newell Recycling of Atlanta, Inc.*, No. 2012EV015400-J, 2015 WL 12839542 (Fulton Cnty. State Ct. Sept. 3, 2015).

In 2011, a Cobb County jury awarded $28.68 million for the full value of the life of 45-year-old William Foster, who was killed by the negligence of a tractor-

trailer driver. Final Judgment, *Foster v. Landstar Ranger, Inc.*, No. 09-A-1698-2, 2011 WL 6012053 (Cobb Cnty. State Ct. Sept. 23, 2011).

On November 5, 2021, a jury in Early County, Georgia rendered a wrongful death verdict in the amount of $26.1 million for the full value of the life of Price Thornal. *See* Exh. C, Verdict, *Thornal v. Clausen*, Civil Action No. 2013-V-168 (Early Cnty. Super. Ct. Nov. 5, 2021). Nineteen-year-old Price Thornal, a student at the University of Mississippi, was driving from Oxford, Mississippi to his parents' home in Tallahassee, Florida for Easter and for his father's birthday. He was killed by a drunk driver driving on the wrong side of the road.

In 2024, a jury in Fulton County, Georgia rendered a wrongful death verdict in the amount of $25.5 million for the full value of the life of Patricia Heller. Ms. Heller was killed when an improperly inspected taxicab with overly worn tires lost control and skidded into a tree. Ms. Heller died instantly. *See* Exh. D, Verdict, *Est. of Heller v. Est. of Adem et al.*, No. 04VS071112, 2024 WL 3700138, (Fulton Cnty. State Ct. March 4, 2024).[3]

---

[3] The trial court subsequently granted *Plaintiff's* motion for new trial due to alleged juror misconduct that prevented apportionment to the driver. *See* "Judge reverses verdict after juror accused of lying about his job," Atlanta News First (Sept. 19, 2024), *available at* https://www.atlantanewsfirst.com/2024/09/19/judge-reverses-verdict-after-juror-accused-lying-about-his-job/.

In 2019, a Muscogee County jury returned a $150 million verdict for the value of 58-year-old Judy Madere's life.  Ms. Madere was killed by the negligence of a tractor-trailer driver.  Ex. E, Verdict, *Madere v. Schnitzer Se., LLC*, No. SC2017CV00106 (Muscogee Cnty. Super. Ct. Aug. 23, 2019).

## CONCLUSION

C.Z.B. was just beginning to discover what life had to offer.  He was surrounded by a loving family who cherished him.  He only got to spend two years experiencing that love—he never got to grow up to fall in love or raise children of his own.  His life was cut short because Rough Country designed, manufactured, and sold a defective lift kit that caused a pickup truck to intrude over four feet into the Bryson family's car during a foreseeable collision.  Had Rough Country's lift kit not been installed on the F-250, C.Z.B. would be alive today, seven years old, enjoying life to the fullest.

The full value of the "intangible" portion of the life C.Z.B. lost—expressed in monetary terms, the only means available to this Court—far exceeds the sum of his future paychecks.  The evidence in the case will show that C.Z.B.'s entire life was ahead of him—he had years to look forward to as a beloved son and brother, and eventually a husband and father to a family of his own.  Plaintiffs respectfully request that the Court use its "enlightened conscience" to codify that fundamental truth in its wrongful death damages award.

Respectfully submitted on May 30, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*
TEDRA L. CANNELLA
  Georgia Bar No. 881085
  tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
DEVIN L. MASHMAN
  Georgia Bar No. 257588
  devin@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (fax)

***Attorneys for Plaintiffs***

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in 14-point Times New Roman font.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*

TEDRA L. CANNELLA
  Georgia Bar No. 881085
  tedra@cannellasnyder.com
ROBERT H. SNYDER, JR.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
DEVIN L. MASHMAN
  Georgia Bar No. 257588
  devin@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was electronically filed with the Clerk of Court via CM/ECF, which will automatically serve the following attorneys of record:

Richard H. Hill
Claire C. Murray
Lindsay G. Ferguson
Aaron B. Chausmer
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
rhill@wwhgd.com
cmurray@wwhgd.com
lferguson@wwhgd.com
achausmer@wwhgd.com

This 30th day of May, 2025.

CANNELLA SNYDER LLC

*/s/ Tedra L. Cannella*_____
Tedra L. Cannella
Georgia Bar No. 881085
*Attorney for Plaintiffs*